POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON,<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br><u>DEMAND FOR JURY TRIAL</u> |

1

Plaintiff Larry Tran ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Beyond Meat, Inc. ("Beyond Meat" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## **NATURE OF THE ACTION**

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Beyond Meat securities between May 2, 2019 and January 27, 2020, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

2.      Beyond Meat is a food company that provides plant-based meats.  It offers its products in the meat platforms of beef, pork, and poultry.  The Company sells its products to various customers in the retail and foodservice channels through brokers and distributors in the U.S. and internationally.

3.      Don Lee Farms ("Don Lee") is a maker of plant-based and meat proteins.  In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee to produce all of Beyond Meat's products, including the development and launch of the Company's popular Beyond Burger.

4.      In early 2017, following the launch of the Beyond Burger, Beyond Meat terminated the Supply Agreement and transferred its production from Don Lee to other food manufacturers.

5.      On May 25, 2017, Don Lee filed a complaint against Beyond Meat in the Superior Court of the State of California for the County of Los Angeles asserting claims for, *inter alia*, breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief.

6.      Don Lee's initial lawsuit spawned other related legal proceedings, including related claims by Don Lee against one of Beyond Meat's new manufacturing partners, ProPortion Foods, LLC ("Proportion"), and cross-complaints by both Beyond Meat and ProPortion against Don Lee (collectively with Don Lee's initial lawsuit, the "Don Lee Litigation").

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

7.    As the litigation progressed, Don Lee further alleged that Beyond Meat had employed lax food safety practices during the two companies' partnership, specifically alleging, *inter alia*, that Don Lee found plastics, cardboard and a metal nozzle in ingredients that Beyond Meat supplied and that a Beyond Meat truck had arrived at a Don Lee processing facility with a load contaminated with an unidentified white powder.  Don Lee alleged that Beyond Meat had provided an altered copy of a food-safety audit of its manufacturing facilities, and on that basis added fraud claims to its suit against Beyond Meat in March 2019.

8.    Beyond Meat has consistently denied the merits of Don Lee's claims.

9.    Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Beyond Meat's termination of its supply agreement with Don Lee constituted a breach of that agreement, thus exposing the Company to foreseeable legal liability and reputational harm; (ii) Beyond Meat and certain of its employees had doctored and omitted material information from a food safety consultant's report, which the Company represented as accurate to Don Lee; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

10.    On January 27, 2020, post-market, Don Lee issued a press release entitled "Judge Rules Don Lee Farms Likely to Obtain a Judgment.  Beyond Meat's

4

CFO and Others Named Individually for Fraud." The press release stated, in part, that "[a] judge has ruled Don Lee Farms proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee Farms" and that "[i]n a separate motion before a different Judge, the Court granted Don Lee Farms' request to name Beyond Meat Chief Financial Officer Mark Nelson, Senior Quality Assurance Manager Jessica Quetsch and Director of Operations Anthony Miller in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report, and then delivered that doctored report to Don Lee Farms and affirmatively represented that it was the complete opinion of the consultant."

11.    On this news, Beyond Meat's stock price fell $4.63 per share, or 3.71%, to close at $120.12 per share on January 28, 2020.

12.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

13.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

15.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Beyond Meat is headquartered in this Judicial District, Defendants conduct business in this Judicial District, and a significant portion of Defendants' activities took place within this Judicial District.

16.    In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

17.    Plaintiff, as set forth in the attached Certification, acquired Beyond Meat securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

18.    Defendant Beyond Meat is a Delaware corporation, with principal executive offices located at 119 Standard Street, El Segundo, CA 90245.  Beyond Meat's common stock trades in an efficient market on the Nasdaq Stock Market ("NASDAQ") under the ticker symbol "BYND."

19.    Defendant Ethan Brown ("Brown") has served as Beyond Meat's President, Chief Executive Officer, and a Director at all relevant times.

20.    Defendant Mark J. Nelson ("Nelson") has served as Beyond Meat's Chief Financial Officer, Treasurer, and Secretary at all relevant times.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

21.    Defendants Brown and Nelson are sometimes referred to herein as the "Individual Defendants."

22.    The Individual Defendants possessed the power and authority to control the contents of Beyond Meat's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Beyond Meat's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Beyond Meat, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

23.    Beyond Meat is a food company that provides plant-based meats.  It offers its products in the meat platforms of beef, pork, and poultry.  The Company sells its products to various customers in the retail and foodservice channels through brokers and distributors in the U.S. and internationally.  Formerly known as Savage

River Inc., the Company was founded in 2009 and changed its name to Beyond Meat, Inc. in September 2018.

24.    Don Lee is a maker of plant-based and meat proteins.  In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee to produce all of Beyond Meat's products, including the development and launch of the Company's popular Beyond Burger.

25.    In early 2017, following the launch of the Beyond Burger, Beyond Meat terminated its exclusive supply agreement with Don Lee and moved its production to other companies, including ProPortion.

26.    In May 2017, Don Lee filed a complaint against the Company in the Superior Court of the State of California for the County of Los Angeles asserting claims for, *inter alia*, breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief.

27.    Don Lee's initial lawsuit spawned other related legal proceedings.  In July 2017, Beyond Meat filed a cross-complaint against Don Lee, alleging that Don Lee had breached the Supply Agreement by failing to provide saleable product, engaged in unfair competition, and unlawfully converted Beyond Meat property.

28.    In October 2018, Don Lee filed an amended complaint adding ProPortion, one of Beyond Meat's new contract manufacturers, as a defendant, asserting, *inter alia*, claims arising from ProPortion's alleged use of Don Lee's trade secrets and for replacing Don Lee as Beyond Meat's co-manufacturer.  ProPortion

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

then filed a cross-complaint against Beyond Meat, asserting claims of total and partial equitable indemnity, contribution and repayment.

29.     On March 2019, Don Lee filed a second amended complaint, adding claims of fraud and negligent misrepresentation against Beyond Meat.  Don Lee specifically alleged, *inter alia*, that Don Lee found plastics, cardboard and a metal nozzle in ingredients that Beyond Meat supplied and that a Beyond Meat truck had arrived at a Don Lee processing facility with a load contaminated with an unidentified white powder.  Don Lee further alleged that Beyond Meat had provided an altered copy of a food-safety audit of its manufacturing facilities.

30.     In May 2019, with the Don Lee Litigation still ongoing, Beyond Meat conducted its initial public offering ("IPO"), issuing 11,068,750 shares of common stock priced at $25.00 per share.

**Materially False and Misleading Statements Issued During the Class Period**

31.     The Class Period begins on May 2, 2019, when Beyond Meat's securities began trading on the NASDAQ following the Company's IPO.  In the registration statement and prospectus issued in connection with the IPO (the "Offering Documents"), with respect to the Don Lee Litigation, Beyond Meat stated, in relevant part:

> [O]n May 25, 2017, following our termination of our supply agreement with Don Lee Farms, a co-manufacturer, Don Lee Farms filed a lawsuit against us in California state court claiming that we wrongfully terminated the parties' contract and that we misappropriated their trade secrets principally by sharing with subsequent co-manufacturers the

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

processes for manufacturing our products—processes which they claim to have developed. On July 27, 2017 we filed a cross-complaint, alleging that Don Lee Farms (1) breached the supply agreement, including by failing to provide saleable product, as certain of our products manufactured by Don Lee Farms were contaminated with salmonella and other foreign objects, and that Don Lee Farms did not take appropriate actions to address these issues; (2) engaged in unfair competition in violation of California's Unfair Competition Law; and (3) unlawfully converted certain Beyond Meat property, including certain pieces of equipment. In October 2018, Don Lee Farms filed an amended complaint that added ProPortion Foods, LLC (one of Beyond Meat's current contract manufacturers) as a defendant, principally for claims arising from ProPortion's alleged use of Don Lee Farms' alleged trade secrets, and for replacing Don Lee Farms as Beyond Meat's co-manufacturer. ProPortion filed an answer denying all of Don Lee Farms' claims and a cross-complaint against Beyond Meat asserting claims of total and partial equitable indemnity, contribution, and repayment. On March 11, 2019, Don Lee Farms filed a second amended complaint to add claims of fraud and negligent misrepresentation against us. Trial is currently set for May 18, 2020.

Don Lee Farms is seeking from us and ProPortion unspecified compensatory and punitive damages, declaratory and injunctive relief, including the prohibition of our use or disclosure of the alleged trade secrets, and attorneys' fees and costs. We are seeking from Don Lee Farms monetary damages, restitution of monies paid to Don Lee Farms, and attorneys' fees and costs. ProPortion is seeking indemnity, contribution, or repayment from us of any or all damages that ProPortion may be found liable to Don Lee Farms, and attorney's fees and costs. **We believe we were justified in terminating the supply agreement with Don Lee Farms, that we did not misappropriate their alleged trade secrets, that we are not liable for the fraud or negligent misrepresentation alleged in the proposed second amended complaint, that Don Lee Farms is liable for the conduct alleged in our cross-complaint, and that we are not liable to ProPortion for any indemnity, contribution, or repayment, including for any damages or attorney's fees and costs.**

**We intend to vigorously defend ourselves against the claims and prosecute our own.** However, we cannot assure you that Don Lee Farms or ProPortion will not prevail in all or some of their claims

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

against us, or that we will prevail in some or all of our claims against Don Lee Farms. For example, if Don Lee Farms succeeds in the lawsuit, we could be required to pay damages, including but not limited to contract damages reasonably calculated at what we would have paid Don Lee Farms to produce our products through 2019, the end of the contract term, and Don Lee Farms could also claim some ownership in the intellectual property associated with the production of certain of our products or in the products themselves, and thus claim a stake in the value we have derived and will derive from the use of that intellectual property after we terminated our supply agreement with Don Lee Farms. As another example, we also could be required to pay attorney's fees and costs incurred by Don Lee Farms or ProPortion.

(Emphases added.)  The statements in the Offering Documents cautioning investors that the Company "cannot assure" its investors as to the outcome of the Don Lee Litigation, that the Company "*could* be required to pay damages," and that Don Lee "*could* also claim some ownership in the intellectual property associated with the production of certain of our products or in the products themselves" (emphases added) were clearly generic disclaimers that were not tailored to Beyond Meat's actual known risks with respect to the Don Lee Litigation, given the Company's knowledge of its own conduct with respect to the Supply Agreement and its collaboration with Don Lee.

32.    On June 12, 2019, Beyond Meats filed its quarterly report on Form 10-Q with the SEC for the quarter ended March 30, 2019 (the "Q1 2019 10-Q"). With respect to the Don Lee Litigation, the Q1 2019 10-Q echoed the statements in the Company's Offering Documents (*see* ¶ 31):

On May 25, 2017, Don Lee Farms, a division of Goodman Food Products, Inc., filed a complaint against us in the Superior Court of the

11

State of California for the County of Los Angeles asserting claims for breach of contract, misappropriation of trade secrets, unfair competition under the California Business and Professions Code, money owed and due, declaratory relief and injunctive relief, each arising out of our decision to terminate an exclusive supply agreement between us and Don Lee Farms. ***We deny all of these claims*** and filed counterclaims on July 27, 2017, alleging breach of contract, unfair competition under the California Business and Professions Code and conversion. In October 2018, Don Lee Farms filed an amended complaint that added ProPortion Foods, LLC (one of Beyond Meat's current contract manufacturers) as a defendant, principally for claims arising from ProPortion's alleged use of Don Lee Farms' alleged trade secrets, and for replacing Don Lee Farms as Beyond Meat's co-manufacturer. ProPortion filed an answer denying all of Don Lee Farms' claims and a cross-complaint against Beyond Meat asserting claims of total and partial equitable indemnity, contribution, and repayment. On March 11, 2019, Don Lee Farms filed a second amended complaint to add claims of fraud and negligent misrepresentation against us. On May 30, 2019, the judge denied our motion to dismiss the fraud and negligent misrepresentation claims, allowing the claims to proceed. Trial is currently set for May 18, 2020.

Don Lee Farms is seeking from Beyond Meat and ProPortion unspecified compensatory and punitive damages, declaratory and injunctive relief, including the prohibition of Beyond Meat's use or disclosure of the alleged trade secrets, and attorneys' fees and costs. We are seeking from Don Lee Farms monetary damages, restitution of monies paid to Don Lee Farms, and attorney's fees and costs. ProPortion is seeking indemnity, contribution, or repayment from us of any or all damages that ProPortion may be found liable to Don Lee Farms, and attorney's fees and costs.

***We believe we were justified in terminating the supply agreement with Don Lee Farms, that we did not misappropriate their alleged trade secrets, that we are not liable for the fraud or negligent misrepresentation alleged in the proposed second amended complaint, that Don Lee Farms is liable for the conduct alleged in our cross-complaint, and that we are not liable to ProPortion for any indemnity, contribution, or repayment, including for any damages or attorney's fees and costs. We are currently in the process of litigating this matter and intend to vigorously defend ourselves against the***

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

***claims.*** We cannot assure you that Don Lee Farms or ProPortion will not prevail in all or some of their claims against us, or that we will prevail in some or all of our claims against Don Lee Farms. For example, if Don Lee Farms succeeds in the lawsuit, we could be required to pay damages, including but not limited to contract damages reasonably calculated at what we would have paid Don Lee Farms to produce our products through 2019, the end of the contract term, and Don Lee Farms could also claim some ownership in the intellectual property associated with the production of certain of our products or in the products themselves, and thus claim a stake in the value we have derived and will derive from the use of that intellectual property after we terminated our supply agreement with Don Lee Farms. Based on our current knowledge, we have determined that the amount of any material loss or range of any losses that is reasonably possible to result from this lawsuit is not estimable.

(Emphases added.)  The Q1 2019 10-Q likewise reiterated the generic disclaimers that were not tailored to Beyond Meat's actual known risks with respect to the Don Lee Litigation, given the Company's knowledge of its own conduct with respect to the Supply Agreement and its collaboration with Don Lee.

33.    Appended as exhibits to the Q1 2019 10-Q were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, attesting that the Q1 2019 10-Q "fully complies with the requirements of Section 13(a) or Section 15(d), as applicable, of the Securities Exchange Act of 1934" and that "the information contained in the [Q1 2019 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company for the periods presented therein."

34.    On July 29, 2019, Beyond Meats filed its quarterly report on Form 10-Q with the SEC for the quarter ended June 29, 2019 (the "Q2 2019 10-Q").  With

13

respect to the Don Lee Litigation, the Q2 2019 10-Q echoed the statements in the

Company's Offering Documents and in the Q1 2019 10-Q (*see* ¶¶ 31-32):

> On May 25, 2017, Don Lee Farms, a division of Goodman Food Products, Inc., filed a complaint against us in the Superior Court of the State of California for the County of Los Angeles asserting claims for breach of contract, misappropriation of trade secrets, unfair competition under the California Business and Professions Code, money owed and due, declaratory relief and injunctive relief, each arising out of our decision to terminate an exclusive supply agreement between us and Don Lee Farms. ***We deny all of these claims*** and filed counterclaims on July 27, 2017, alleging breach of contract, unfair competition under the California Business and Professions Code and conversion. In October 2018, Don Lee Farms filed an amended complaint that added ProPortion Foods, LLC (one of Beyond Meat's current contract manufacturers) as a defendant, principally for claims arising from ProPortion's alleged use of Don Lee Farms' alleged trade secrets, and for replacing Don Lee Farms as Beyond Meat's co-manufacturer. ProPortion filed an answer denying all of Don Lee Farms' claims and a cross-complaint against Beyond Meat asserting claims of total and partial equitable indemnity, contribution, and repayment. On March 11, 2019, Don Lee Farms filed a second amended complaint to add claims of fraud and negligent misrepresentation against us. On May 30, 2019, the judge denied our motion to dismiss the fraud and negligent misrepresentation claims, allowing the claims to proceed. ***On June 19, 2019, we filed an answer denying Don Lee Farms' claims.*** Trial is currently set for May 18, 2020.

> Don Lee Farms is seeking from Beyond Meat and ProPortion unspecified compensatory and punitive damages, declaratory and injunctive relief, including the prohibition of Beyond Meat's use or disclosure of the alleged trade secrets, and attorneys' fees and costs. We are seeking from Don Lee Farms monetary damages, restitution of monies paid to Don Lee Farms, and attorney's fees and costs. ProPortion is seeking indemnity, contribution, or repayment from us of any or all damages that ProPortion may be found liable to Don Lee Farms, and attorney's fees and costs.

> ***We believe we were justified in terminating the supply agreement with Don Lee Farms, that we did not misappropriate their alleged trade***

14

*secrets, that we are not liable for the fraud or negligent misrepresentation alleged in the proposed second amended complaint, that Don Lee Farms is liable for the conduct alleged in our cross-complaint, and that we are not liable to ProPortion for any indemnity, contribution, or repayment, including for any damages or attorney's fees and costs. We are currently in the process of litigating this matter and intend to vigorously defend ourselves against the claims.* We cannot assure you that Don Lee Farms or ProPortion will not prevail in all or some of their claims against us, or that we will prevail in some or all of our claims against Don Lee Farms. For example, if Don Lee Farms succeeds in the lawsuit, we could be required to pay damages, including but not limited to contract damages reasonably calculated at what we would have paid Don Lee Farms to produce our products through 2019, the end of the contract term, and Don Lee Farms could also claim some ownership in the intellectual property associated with the production of certain of our products or in the products themselves, and thus claim a stake in the value we have derived and will derive from the use of that intellectual property after we terminated our supply agreement with Don Lee Farms. Based on our current knowledge, we have determined that the amount of any material loss or range of any losses that is reasonably possible to result from this lawsuit is not estimable.

(Emphases added.) Like the Q1 2019 10-Q, the Q2 2019 10-Q likewise reiterated the generic disclaimers that were not tailored to Beyond Meat's actual known risks with respect to the Don Lee Litigation, given the Company's knowledge of its own conduct with respect to the Supply Agreement and its collaboration with Don Lee.

35.   Appended as exhibits to the Q2 2019 10-Q were SOX certifications by the Individual Defendants, attesting that the Q2 2019 10-Q "fully complies with the requirements of Section 13(a) or Section 15(d), as applicable, of the Securities Exchange Act of 1934" and that "the information contained in the [Q2 2019 10-Q]

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

fairly presents, in all material respects, the financial condition and results of operations of the Company for the periods presented therein."

36.    On November 12, 2019, Beyond Meats filed its quarterly report on Form 10-Q with the SEC for the quarter ended September 28, 2019 (the "Q3 2019 10-Q").  With respect to the Don Lee Litigation, the Q3 2019 10-Q echoed the statements in the Company's Offering Documents and prior quarterly filings (*see* ¶¶ 31-32, 34):

> On May 25, 2017, Don Lee Farms, a division of Goodman Food Products, Inc., filed a complaint against us in the Superior Court of the State of California for the County of Los Angeles asserting claims for breach of contract, misappropriation of trade secrets, unfair competition under the California Business and Professions Code, money owed and due, declaratory relief and injunctive relief, each arising out of our decision to terminate an exclusive supply agreement between us and Don Lee Farms. ***We deny all of these claims*** and filed counterclaims on July 27, 2017, alleging breach of contract, unfair competition under the California Business and Professions Code and conversion. In October 2018, Don Lee Farms filed an amended complaint that added ProPortion Foods, LLC (one of Beyond Meat's current contract manufacturers) as a defendant, principally for claims arising from ProPortion's alleged use of Don Lee Farms' alleged trade secrets, and for replacing Don Lee Farms as Beyond Meat's co-manufacturer. ProPortion filed an answer denying all of Don Lee Farms' claims and a cross-complaint against Beyond Meat asserting claims of total and partial equitable indemnity, contribution, and repayment. On March 11, 2019, Don Lee Farms filed a second amended complaint to add claims of fraud and negligent misrepresentation against us. On May 30, 2019, the judge denied our motion to dismiss the fraud and negligent misrepresentation claims, allowing the claims to proceed. ***On June 19, 2019, we filed an answer denying Don Lee Farms' claims.*** Trial is currently set for May 18, 2020.

> Don Lee Farms is seeking from Beyond Meat and ProPortion unspecified compensatory and punitive damages, declaratory and

16

injunctive relief, including the prohibition of Beyond Meat's use or disclosure of the alleged trade secrets, and attorneys' fees and costs. We are seeking from Don Lee Farms monetary damages, restitution of monies paid to Don Lee Farms, and attorney's fees and costs. ProPortion is seeking indemnity, contribution, or repayment from us of any or all damages that ProPortion may be found liable to Don Lee Farms, and attorney's fees and costs.

***We believe we were justified in terminating the supply agreement with Don Lee Farms, that we did not misappropriate their alleged trade secrets, that we are not liable for the fraud or negligent misrepresentation alleged in the proposed second amended complaint, that Don Lee Farms is liable for the conduct alleged in our cross-complaint, and that we are not liable to ProPortion for any indemnity, contribution, or repayment, including for any damages or attorney's fees and costs. We are currently in the process of litigating this matter and intend to vigorously defend ourselves against the claims.*** We cannot assure you that Don Lee Farms or ProPortion will not prevail in all or some of their claims against us, or that we will prevail in some or all of our claims against Don Lee Farms. For example, if Don Lee Farms succeeds in the lawsuit, we could be required to pay damages, including but not limited to contract damages reasonably calculated at what we would have paid Don Lee Farms to produce our products through 2019, the end of the contract term, and Don Lee Farms could also claim some ownership in the intellectual property associated with the production of certain of our products or in the products themselves, and thus claim a stake in the value we have derived and will derive from the use of that intellectual property after we terminated our supply agreement with Don Lee Farms. Based on our current knowledge, we have determined that the amount of any material loss or range of any losses that is reasonably possible to result from this lawsuit is not estimable.

(Emphases added.)  Like the Company's previous two quarterly filings, the Q3 2019 10-Q likewise reiterated merely generic disclaimers that were not tailored to Beyond Meat's actual known risks with respect to the Don Lee Litigation, given the

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Company's knowledge of its own conduct with respect to the Supply Agreement and its collaboration with Don Lee.

37.    Appended as exhibits to the Q3 2019 10-Q were SOX certifications by the Individual Defendants, attesting that the Q3 2019 10-Q "fully complies with the requirements of Section 13(a) or Section 15(d), as applicable, of the Securities Exchange Act of 1934" and that "the information contained in the [Q3 2019 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company for the periods presented therein."

38.    The statements referenced in ¶ 31-37 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Beyond Meat's termination of its supply agreement with Don Lee constituted a breach of that agreement, thus exposing the Company to foreseeable legal liability and reputational harm; (ii) Beyond Meat and certain of its employees had doctored and omitted material information from a food safety consultant's report, which the Company represented as accurate to Don Lee; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

39.    On January 27, 2020, post-market, Don Lee issued a press release entitled "Judge Rules Don Lee Farms Likely to Obtain a Judgment.  Beyond Meat's CFO and Others Named Individually for Fraud."  The press release stated, in part, that "[a] judge has ruled Don Lee Farms proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee Farms" and that "[i]n a separate motion before a different Judge, the Court granted Don Lee Farms' request to name Beyond Meat Chief Financial Officer Mark Nelson, Senior Quality Assurance Manager Jessica Quetsch and Director of Operations Anthony Miller in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report, and then delivered that doctored report to Don Lee Farms and affirmatively represented that it was the complete opinion of the consultant."

40.    On this news, Beyond Meat's stock price fell $4.63 per share, or 3.71%, to close at $120.12 per share on January 28, 2020.

41.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

42.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

purchased or otherwise acquired Beyond Meat securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

43. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Beyond Meat securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Beyond Meat or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

44. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

45. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and

securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

46.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Beyond Meat;

- whether the Individual Defendants caused Beyond Meat to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Beyond Meat securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

48.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Beyond Meat securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Beyond Meat securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

49.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

50.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

22

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

51.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

53.    During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Beyond Meat securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Beyond Meat securities and options at artificially inflated prices.  In furtherance of this unlawful scheme,

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

54.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Beyond Meat securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Beyond Meat's finances and business prospects.

55.     By virtue of their positions at Beyond Meat, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

56.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Beyond Meat, the Individual Defendants had knowledge of the details of Beyond Meat's internal affairs.

57.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Beyond Meat.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Beyond Meat's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Beyond Meat securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Beyond Meat's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Beyond Meat securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

58.     During the Class Period, Beyond Meat securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Beyond Meat securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Beyond Meat securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Beyond Meat securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

59.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

60.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

61.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.    During the Class Period, the Individual Defendants participated in the operation and management of Beyond Meat, and conducted and participated, directly and indirectly, in the conduct of Beyond Meat's business affairs.  Because of their senior positions, they knew the adverse non-public information about Beyond Meat's misstatement of income and expenses and false financial statements.

63.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Beyond Meat's financial condition and results of operations, and to correct promptly any public statements issued by Beyond Meat which had become materially false or misleading.

64.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Beyond Meat disseminated in the marketplace during the Class Period concerning Beyond Meat's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Beyond Meat to engage in the wrongful acts

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

complained of herein. The Individual Defendants therefore, were "controlling persons" of Beyond Meat within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Beyond Meat securities.

65.    Each of the Individual Defendants, therefore, acted as a controlling person of Beyond Meat.  By reason of their senior management positions and/or being directors of Beyond Meat, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Beyond Meat to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Beyond Meat and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

66.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Beyond Meat.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  January 30, 2020

                         Respectfully submitted,

                         **POMERANTZ LLP**

                         *Jennifer Pafiti*
                         Jennifer Pafiti (SBN 282790)
                         1100 Glendon Avenue, 15th Floor
                         Los Angeles, California 90024
                         Telephone: (310) 405-7190
                         E-mail: jpafiti@pomlaw.com

                         **POMERANTZ LLP**
                         Jeremy A. Lieberman
                         (*pro hac vice* application forthcoming)
                         J. Alexander Hood II
                         (*pro hac vice* application forthcoming)
                         600 Third Avenue, 20th Floor
                         New York, New York 10016
                         Telephone:  (212) 661-1100
                         Facsimile:  (212) 661-8665
                         Email: jalieberman@pomlaw.com
                         Email: ahood@pomlaw.com

1

2          **POMERANTZ LLP**
           Patrick V. Dahlstrom
3          (*pro hac vice* application forthcoming)
           10 South La Salle Street, Suite 3505
4          Chicago, Illinois 60603
           Telephone: (312) 377-1181
5          Facsimile: (312) 377-1184
           Email: pdahlstrom@pomlaw.com
6

7          *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, _____Larry Tran_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.    I have reviewed a Complaint against Beyond Meat, Inc. ("Beyond Meat" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.    I did not purchase or acquire Beyond Meat securities at the direction of plaintiffs counsel, or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a class of investors who purchased or acquired Beyond Meat securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.    To the best of my current knowledge, the attached sheet lists all of my transactions in Beyond Meat securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro-rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed _____
               (Date)

_____
          (Signature)

_____
    (Type or Print Name)

**Beyond, Meat, Inc. (BYND)**                                                                 **Tran, Larry**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|------|------------------|------------------------|----------------------|
| 1/22/2020 | Purchase | 1,300 | $133.2181 |