ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>BEYOND MEAT, INC., et al.,<br><br>     Defendants. | Case No. 2:20-cv-00963-MWF-AFM<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:  April 27, 2020<br>TIME:  10:00 a.m.<br>CTRM: 5A<br>JUDGE: Hon. Michael W. Fitzgerald |

4834-4494-3544.v1

## I.    INTRODUCTION

Pending before this Court is a securities class action lawsuit on behalf of purchasers of Beyond Meat Inc. ("Beyond Meat" or the "Company") securities between May 2, 2019 and January 27, 2020 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act") against the Company and two of its senior executive officers.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(iii). Elizabeth F. Matthews should be appointed Lead Plaintiff because she filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Ms. Matthews' selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

Beyond Meat is a food company that provides plant-based protein products that are sold as substitutes for beef, pork, and poultry. Beyond Meat sells its products to various customers in the retail and foodservice channels through brokers and distributors in the United States and internationally.

Don Lee Farms, a division of Goodman Food Products, Inc., is a producer and processor of meat and organic vegetable-based substitute-meat products. In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee to produce all of Beyond Meat's products, including the development and launch of Beyond Meat's popular Beyond Burger. In early 2017, following the launch of the Beyond Burger,

- 1 -

4834-4494-3544.v1

Beyond Meat terminated the supply agreement and transferred its production from Don Lee to other food manufacturers.

On May 25, 2017, Don Lee initiated a lawsuit against Beyond Meat in the Superior Court of the State of California for the County of Los Angeles, asserting claims for breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief. *See Don Lee Farms v. Savage River Inc. (d.b.a. Beyond Meat)*, No. BC662838 (Cal. Super. Ct., L.A. Cty.). Don Lee's lawsuit alleges that Beyond Meat wrongfully terminated the parties' contract and misappropriated Don Lee's trade secrets by sharing with subsequent co-manufacturers the processes for manufacturing Beyond Meat's products, including the Beyond Burger – processes which Don Lee claims to have developed. In subsequent pleadings, Don Lee alleged that Beyond Meat had provided an altered copy of a food-safety audit of its manufacturing facilities, and on that basis added fraud claims to its suit against Beyond Meat in its second amended complaint filed on March 11, 2019. At all relevant times, Beyond Meat has denied the allegations made by Don Lee.

The complaint in the above-captioned securities class action alleges that throughout the Class Period, defendants failed to disclose that Beyond Meat's termination of its supply agreement with Don Lee constituted a breach of that agreement, thus exposing Beyond Meat to foreseeable legal liability and reputational harm, and that Beyond Meat and certain of its employees had doctored and/or omitted material information from a food safety consultant's report, which Beyond Meat had represented as accurate to Don Lee. ECF No. 1 at ¶¶9, 38. As a result of this information being withheld from the market, the complaint alleges that Beyond Meat securities traded at artificially inflated prices during the Class Period, with the Company's stock price reaching a high of more than $230 per share.

As the *Don Lee* litigation progressed, additional details emerged, undermining the veracity of Beyond Meat's denials. For example, on September 17, 2019, a court

- 2 -

4834-4494-3544.v1

in Gwinnett County, Georgia, entered an order denying Beyond Meat's attempt to secure a protective order and to quash a subpoena to non-party FPL Foods, another Beyond Meat manufacturer with whom Don Lee suspected that Beyond Meat may have shared its trade secrets.

In addition, on July 29, 2019, the Company announced that it would conduct a secondary public offering of shares, and that it intended to use a portion of the net proceeds from the offering to continue to increase production and supply capabilities. On this news, the price of Beyond Meat stock declined over 12%. On August 5, 2019, the Company completed the offering, in which over 3.7 million shares were sold at a price of $160 per share.

Then, on January 27, 2020, after the market closed, Don Lee announced that it was likely to obtain a judgment against Beyond Meat in its lawsuit. According to Don Lee, "[a] judge has ruled Don Lee . . . proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee" and that in "a separate motion . . . the Court granted Don Lee['s] request to name Beyond Meat['s] [CFO and other senior officers] in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report . . . and affirmatively represented that it was the complete opinion of the consultant." ECF No. 1 at ¶¶10, 39. The complaint alleges that on this news, the price of Beyond Meat stock declined nearly 4%. *Id.* at ¶¶11, 40. The price of Beyond Meat stock has subsequently continued to decline, and is currently trading at less than $70 per share.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Beyond Meat securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Ms. Matthews Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class

- 3 -

4834-4494-3544.v1

action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *2 (C.D. Cal. Sept. 15, 2015). Ms. Matthews meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. This Motion Is Timely

On January 30, 2020, the statutory notice was published on *Globe Newswire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by March 30, 2019. *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A. Accordingly, Ms. Matthews' motion is timely filed and she is eligible to be considered for appointment as lead plaintiff.

### 2. Ms. Matthews Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Ms. Matthews purchased 20,070 shares of Beyond Meat stock and suffered approximately $227,863 in losses under both the first-in, first-out ("FIFO") and last-in, first-out ("LIFO") loss calculation methods as the

- 4 -

4834-4494-3544.v1

market began to learn the truth about defendants' allegedly false misrepresentations and omissions and the price of Beyond Meat stock declined. *See* Myers Decl., Exs. B, C. To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period. Therefore, Ms. Matthews satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Ms. Matthews Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [she] is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732. "The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff." *Shreves*, 2015 WL 5446935, at *3 (citing *Cavanaugh*, 306 F.3d at 739). "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Id.* In determining whether the adequacy requirement is met, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if [there] is a preliminary showing of adequacy." *Id.* "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.* Here, Ms. Matthews satisfies these requirements.

- 5 -

Indeed, Ms. Matthews' claims arise out of the same events and are based on the same legal theories as the claims of other class members.  In addition, Ms. Matthews' interests are clearly aligned with the members of the class and there is no antagonism between her interests and the class members' interests.  Ms. Matthews has amply demonstrated her adequacy by signing a sworn Certification and a Declaration affirming her willingness to serve as, and to assume the responsibilities of, class representative.  *See* Myers Decl., Exs. B, D.  In addition, Ms. Matthews has selected counsel experienced in prosecuting securities class actions to represent her and the class.  *See infra* §III.B.

Because Ms. Matthews filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that she is the presumptive lead plaintiff.

**B.    The Court Should Approve Ms. Matthews' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. §78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732-35.  Ms. Matthews has selected Robbins Geller to serve as Lead Counsel.

With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience litigating complex securities litigation like this case.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.[1]  *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in

---

[1]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

4834-4494-3544.v1

the country"); *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at \*5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the county'") (citation omitted); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in this District in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a plaintiffs' verdict, finding that defendants Puma Biotechnology, Inc. and its CEO, Alan H. Auerbach, committed securities fraud and awarding shareholders tens of millions of dollars in damages.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Ms. Matthews' selection of Robbins Geller as Lead Counsel for the putative class.

## IV.   CONCLUSION

Ms. Matthews has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Ms. Matthews respectfully requests that the Court grant her motion for appointment as lead plaintiff and approve her selection of counsel.

DATED:  March 30, 2020                    Respectfully submitted.

                                                    s/ Danielle S. Myers
                                            DANIELLE S. MYERS

- 7 -

4834-4494-3544.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 30, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4834-4494-3544.v1

# Mailing Information for a Case 2:20-cv-00963-MWF-AFM Larry Tran v. Beyond Meat, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)