**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
            passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON, <br><br> Defendants. | Case No. 2:20-cv-00963-MWF-AFM <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge:  Hon. Michael W. Fitzgerald <br> Hearing Date:  April 27, 2020 <br> Time:  10:00 a.m. <br> Courtroom:  Courtroom 5A – 5th Floor |

# TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ...................................................................... 1

II.     FACTUAL BACKGROUND ......................................................................... 2

III.    ARGUMENT .............................................................................................. 4

        A.      The Court Should Appoint Movant as Lead Plaintiff.......................... 4

                1.      The Procedure Required by the PSLRA.................................... 4

                2.      Movant Filed a Timely Motion ................................................. 5

                3.      Movant Has the Largest Financial Interest in the Relief Sought by the Class .................................................................................. 6

                4.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................... 7

        B.      Movant's Choice of Counsel Should Be Approved ......................... 10

IV.     CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)................................................................ 1, 5, 7

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994)........................................................................9

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992) .......................................................................8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ...............................................................8

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)....................................................................8

*Johnson v. OCZ Tech. Grp.*,
No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610
(N.D. Cal. Jan. 4, 2013) ....................................................................5, 6, 9

*Longo v. OSI Sys.*,
LA 17-cv-08841 VAP (SKx), 2018 U.S. Dist. LEXIS 224948
(C.D. Cal. Mar. 1, 2018) ............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................8

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993).......................................................................8

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999).......................................................7

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984).......................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ...............................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B) .........................................................passim

**Rules**

Fed. R. Civ. P. 23(a) .................................................................................... 1, 7, 8, 10

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of all investors who purchased or otherwise acquired Beyond Meat, Inc. ("Beyond Meat" or the "Company") securities between May 2, 2019 and January 27, 2020, both dates inclusive (the "Class Period").  Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its senior officers.[1]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movants Sheldon and Janet Harnash (husband and wife), Ronald and Karen Jerome (husband and wife), and Zachary Madle (collectively, the "Beyond Investor Group" or "Movant") lost approximately $106,867.98 as a result of the alleged fraud during the Class Period.  Movant believes that it has the largest financial interest in the outcome of this Action.[2]  Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and that it will fairly and adequately represent the interests of the

---

[1]  Specifically, Plaintiff alleges violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Beyond Meat, Chief Executive Officer Ethan Brown ("Brown"), and Chief Financial Officer Mark J. Nelson ("Nelson") (collectively, the "Defendants").

[2]  Signed certifications identifying the transactions of each member of the Beyond Meat Investor Group, as required by the PSLRA, as well as a chart calculating their losses, and a joint declaration executed by the members of the Beyond Meat Investor Group evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl."), as Exhibits 1, 2, and 3, respectively.

Class.3  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) it be appointed Lead Plaintiff; and (2) its selection of Bragar Eagel & Squire, P.C. ("BES") be approved as Lead Counsel.

## II.   FACTUAL BACKGROUND

Beyond Meat is a Delaware corporation with principal executive offices located in El Segundo, California.  ¶ 18.4  Beyond Meat common stock trades on the Nasdaq Stock Market under the ticker symbol "BYND."  *Id.*  Beyond Meat is a food company that provides plant-based meats, offering its products in the meat platforms of beef, pork, and poultry.  ¶ 23.   The Company sells its products to various customers in the retail and food service channels through brokers and distributors in the United States and internationally.  *Id.*  The Company, originally known as Savage River Inc., was founded in 2009 and changed its name to Beyond Meat, Inc. in September 2018. *Id.*

Don Lee Farms ("Don Lee") makes plant-based and meat proteins.  ¶ 24.  In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee to produce all of Beyond Meat's products, including the development and launch of the Company's popular Beyond Burger. *Id.*

In early 2017, following the launch of the Beyond Burger, Beyond Meat terminated the Don Lee supply agreement and transferred its production from Don Lee to other food manufacturers.  ¶ 25.

---

3  The "Class" consists of all investors, other than Defendants, who purchased or otherwise acquired Beyond Meat securities during the Class Period.

4  Citations to "¶ __ " are to paragraphs of the Complaint for Violations of the Federal Securities Law (the "Complaint") filed in the Action.  Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint.

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:20-cv-00963-MWF-AFM
- 2 -

In May 2017, Don Lee filed a complaint against Beyond Meat in the Superior Court of the State of California for the County of Los Angeles asserting claims for, *inter alia*, breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief. ¶ 26.

Don Lee's initial lawsuit spawned other related legal proceedings, including related claims by Don Lee against one of Beyond Meat's new manufacturing partners, ProPortion Foods, LLC ("ProPortion"), and cross-complaints by both Beyond Meat and ProPortion against Don Lee (collectively with Don Lee's initial lawsuit, the "Don Lee Litigation"). ¶ 27.

As the litigation progressed, Don Lee alleged that Beyond Meat had employed lax food safety practices during the two companies' partnership, specifically alleging, *inter alia*, that Don Lee found plastics, cardboard, and metal nozzle in ingredients that Beyond Meat supplied and that a Beyond Meat truck had arrived at a Don Lee processing facility with a load contaminated with an unidentified white powder. ¶ 29. Don Lee alleged that Beyond Meat had provided an altered copy of a food safety audit of its manufacturing facilities, and on that basis added fraud claims to its suit against Beyond Meat in March 2019. *Id.*

In May 2019, with the Don Lee Litigation unresolved, Beyond Meat conducted its initial public offering, issuing 11,068,750 shares of common stock at $25.00 per share. ¶ 30.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. ¶¶ 31-37. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Beyond Meat's termination of its supply agreement with Don Lee constituted a breach of that agreement, thus exposing the Company to foreseeable legal liability and reputational harm; (ii) Beyond Meat and certain of its employees had doctored and omitted material information from a food safety

consultant's report, which the Company represented as accurate to Don Lee; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 38.

On January 27, 2020, post-market, Don Lee issued a press release titled "Judge Rules Don Lee Farms Likely to Obtain a Judgment. Beyond Meat's CFO and Others Named Individually for Fraud." ¶ 39. The press release stated, in part, that "[a] judge has ruled Don Lee Farms proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee Farms" and that "[i]n a separate motion before a different Judge, the Court granted Don Lee Farms' request to name Beyond Meat Chief Financial Officer Mark Nelson, Senior Quality Assurance Manager Jessica Quetsch, and Director of Operations Anthony Miller in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report, and then delivered that doctored report to Don Lee Farms and affirmatively represented that it was the complete opinion of the consultant." *Id*.

On this news, Beyond Meat's stock price fell $4.63 per share, or 3.71%, to close at $120.12 per share on January 28, 2020. ¶ 40.

## III.  ARGUMENT

### A.    The Court Should Appoint Movant as Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires

the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30. The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2. Movant Filed a Timely Motion

On January 30, 2020, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced

that a securities class action had been filed, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[8]

Movant reviewed the complaint filed in the Action and has timely filed its motion within the statutory guidelines. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*6; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

### 3.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action.  As demonstrated herein, the Beyond Meat Investor Group has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.

During the Class Period, Movant purchased Beyond Meat securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant suffered a substantial loss of approximately $106,867.98. *See* Fortunato Decl., Ex. 2.  Movant thus has a significant financial interest in the outcome of this Action.  To the best of the Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

---

[8] The Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Decl.

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:20-cv-00963-MWF-AFM
- 6 -

**4.    Movant Satisfies the Requirements**

**of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage.  *See Cavanaugh*, 306 F.3d at 730, n.5, 732.  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999).  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Cavanaugh*, 306 F.3d at 732; *see also Longo v. OSI Sys*., LA 17-cv-08841 VAP (SKx), 2018 U.S. Dist. LEXIS 224948 (C.D. Cal. Mar. 1, 2018).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**a.    Movant's Claims Are Typical of the Claims of the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The Beyond Meat Investor Group plainly meets the typicality requirement of Rule 23 because:  (i) it

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:20-cv-00963-MWF-AFM

suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Beyond Meat securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because the Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See id.*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, the Beyond Meat Investor Group is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:20-cv-00963-MWF-AFM
- 8 -

Class.  15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, the Beyond Meat Investor Group has retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Further, as detailed in Movant's Joint Declaration, Fortunato Decl., Ex. 3, the members of the Beyond Meat Investor Group are sophisticated investors with substantial experience investing in capital markets that are committed to managing the Action.  *Id*. ¶¶ 3-7.  Each member has committed to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  *Id.* at ¶ 11.  To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Action.  *Id.* at ¶ 16.

Accordingly, at this stage of the proceedings, the Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition,

because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B.    Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 5 (the firm résumé of BES).

### IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint the Beyond Meat Investor Group as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: March 30, 2020

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
           passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:20-cv-00963-MWF-AFM
- 10 -

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On March 30, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this March 30, 2020.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato