**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email:  jpafiti@pomlaw.com

*Attorney for Movants*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON, <br><br> Defendants. | No.: 2:20-cv-00963-MWF-AFM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BEYOND MEAT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** <br><br> DATE: April 27, 2020 <br> TIME: 10:00 am <br> JUDGE: Hon. Michael W. Fitzgerald <br> CTRM: 5A |

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................1

II.     STATEMENT OF FACTS ..........................................................................1

III.    ARGUMENT..............................................................................................3

     A.    THE BEYOND MEAT INVESTOR GROUP SHOULD BE
         APPOINTED LEAD PLAINTIFF ..............................................3

         1.    The Beyond Meat Investor Group Is Willing to Serve as Class
             Representative .....................................................................4

         2.    The Beyond Meat Investor Group Has the "Largest Financial
             Interest".............................................................................5

         3.    The Beyond Meat Investor Group Otherwise Satisfies the
             Requirements of Rule 23 of the Federal Rules of Civil Procedure.....6

         4.    The Beyond Meat Investor Group Will Fairly and Adequately
             Represent the Interests of the Class and Is Not Subject to Unique
             Defenses.............................................................................9

     B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
         APPROVED .............................................................................10

IV.     CONCLUSION........................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003)..................................................................................5

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................................7

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) .........................................................................................7

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ..............................................................................8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) .....................................................................................7

*Bruce v. Suntech Power Holdings Co., Ltd.*,
2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012) .........................................9

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)...............................................................................6

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) .............................................................................6

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................6

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)..............................................................................6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ..............................................5

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)........................................................8, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d. Cir. 2001) ....................................................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)................................................5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ........................................................................5, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)..............................................................................5

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) .................................................5

*La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012) ......................................................9

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .....................................................5

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................................... 10

*Perrin v. Southwest Water Co.*,
    2009 U.S. Dist. LEXIS 134154 (C.D. Cal. Feb. 12, 2009) ........................................ 8, 9

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986)................................................................................7

*Robb v. Fitbit Inc.*,
    2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016)..............................................8

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...........................................................................8

*West Palm Beach Police Pension Fund v. DFC Global Corp.*,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014)................................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ..............................................................................*passim*

**<u>Rules</u>**

Federal Rules of Civil Procedure Rule 23 ................................................................*passim*

Movants KK Limited, Tony Ho, Charlemagne Ruiz, and Frida Kazarian (collectively, the "Beyond Meat Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the Beyond Meat Investor Group as Lead Plaintiff on behalf of a class consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Beyond Meat, Inc. ("Beyond Meat" or the "Company") securities between May 2, 2019 and January 27, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen") as Co-Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Beyond Meat Investor Group, with losses of approximately $519,163 in connection with its purchases of Beyond Meat securities, believes it has the largest financial interest in the relief sought in the above-captioned action ("Action"). The Beyond Meat Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the Beyond Meat Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

Beyond Meat is a food company that provides plant-based meats. It offers its products in the meat platforms of beef, pork, and poultry. The Company sells its products to various customers in the retail and foodservice channels through brokers and distributors in the U.S. and internationally.

MEMORANDUM OF POINTS AND AUTHORITIES

1

Don Lee Farms ("Don Lee") is a maker of plant-based and meat proteins. In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee to produce all of Beyond Meat's products, including the development and launch of the Company's popular Beyond Burger.

In early 2017, following the launch of the Beyond Burger, Beyond Meat terminated the Supply Agreement and transferred its production from Don Lee to other food manufacturers.

On May 25, 2017, Don Lee filed a complaint against Beyond Meat in the Superior Court of the State of California for the County of Los Angeles asserting claims for, *inter alia*, breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief.

Don Lee's initial lawsuit spawned other related legal proceedings, including related claims by Don Lee against one of Beyond Meat's new manufacturing partners, ProPortion Foods, LLC ("Proportion"), and cross-complaints by both Beyond Meat and ProPortion against Don Lee (collectively with Don Lee's initial lawsuit, the "Don Lee Litigation").

As the litigation progressed, Don Lee further alleged that Beyond Meat had employed lax food safety practices during the two companies' partnership, specifically alleging, *inter alia*, that Don Lee found plastics, cardboard and a metal nozzle in ingredients that Beyond Meat supplied and that a Beyond Meat truck had arrived at a Don Lee processing facility with a load contaminated with an unidentified white powder. Don Lee alleged that Beyond Meat had provided an altered copy of a food-safety audit of its manufacturing facilities, and on that basis added fraud claims to its suit against Beyond Meat in March 2019.

Beyond Meat has consistently denied the merits of Don Lee's claims.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Beyond Meat's termination of its supply agreement with Don Lee constituted a

MEMORANDUM OF POINTS AND AUTHORITIES

2

breach of that agreement, thus exposing the Company to foreseeable legal liability and reputational harm; (ii) Beyond Meat and certain of its employees had doctored and omitted material information from a food safety consultant's report, which the Company represented as accurate to Don Lee; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 27, 2020, post-market, Don Lee issued a press release entitled "Judge Rules Don Lee Farms Likely to Obtain a Judgment. Beyond Meat's CFO and Others Named Individually for Fraud." The press release stated, in part, that "[a] judge has ruled Don Lee Farms proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee Farms" and that "[i]n a separate motion before a different Judge, the Court granted Don Lee Farms' request to name Beyond Meat Chief Financial Officer Mark Nelson, Senior Quality Assurance Manager Jessica Quetsch and Director of Operations Anthony Miller in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report, and then delivered that doctored report to Don Lee Farms and affirmatively represented that it was the complete opinion of the consultant."

On this news, Beyond Meat's stock price fell $4.63 per share, or 3.71%, to close at $120.12 per share on January 28, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages

## III.   ARGUMENT

### A.   THE BEYOND MEAT INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Beyond Meat Investor Group should be appointed Lead Plaintiff because, to its knowledge, it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The

PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Beyond Meat Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Beyond Meat Investor Group Is Willing to Serve as Class Representative

On January 30, 2020, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Beyond Meat securities that they had 60 days—*i.e.*, until March 30, 2020—to file a motion to be appointed as Lead Plaintiff (the "Notice"). *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Ex. A.

MEMORANDUM OF POINTS AND AUTHORITIES

4

The Beyond Meat Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications executed by its members attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the Beyond Meat Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Beyond Meat Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Beyond Meat Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the *Lax* Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, the Beyond Meat Investor Group: (1) purchased 10,874 shares of Beyond Meat securities; (2) expended $1,701,656 on its purchases of Beyond Meat securities; (3) retained 9,598 of its shares of Beyond Meat securities; and (4) as a result of the disclosure of the fraud, suffered a loss of $519,163 in connection with its

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

purchases of Beyond Meat securities. *See* Pafiti Decl., Ex. C. Because the Beyond Meat Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Beyond Meat Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other

words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of the Beyond Meat Investor Group are typical of those of the Class. The Beyond Meat Investor Group alleges, as do all class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning Beyond Meat, or omitted to state material facts necessary to make the statements they did make not misleading. The Beyond Meat Investor Group, as did all members of the Class, purchased Beyond Meat securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Beyond Meat Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Beyond Meat Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Beyond Meat Investor Group has retained counsel highly

MEMORANDUM OF POINTS AND AUTHORITIES

experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Beyond Meat Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiffs. *See, e.g.*, *Robb v. Fitbit Inc.*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Perrin v. Southwest Water Co.*, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[c]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *In re Blue Apron Holdings, Inc. Sec. Litig.,*, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

The Beyond Meat Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of four investors, who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the

individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Southwest Water*, 2009 U.S. Dist. LEXIS 134154, at *13 (appointing as lead plaintiff a group of four investors that "submitted a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class.'").[2]

### 4.   The Beyond Meat Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Beyond Meat Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Beyond Meat Investor Group to fairly and adequately represent the Class has been discussed above. The Beyond Meat Investor Group is not

---

[2] *See also Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Beyond Meat Investor Group should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Beyond Meat Investor Group has selected Pomerantz and Rosen as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.*

Rosen also has extensive experience in securities class action. Recently, Rosen as sole Lead Counsel achieved a $250 million settlement in the Aliababa securities litigation—the largest ever settlement involving a Chinese company. *See* Pafiti Decl., Ex. F. Rosen has also worked successfully and efficiently with Pomerantz as Co-Lead Counsel in a number of cases. Rosen and Pomerantz were Co Lead Counsel in the Fiat Chrysler securities litigation, resulting in a $110 million settlement for investors. *See* Pafiti Decl., Exs. E-F. The two firms also served as Co-Lead Counsel in the Walter Investment, Och-Ziff, Magnachip, and Galena Securities Litigations that respectively

resulted in $29.7 million, $28.75 million, $24 million, and $20 million recoveries for investors. *Id.*

The Beyond Meat Investor Group's chosen counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Beyond Meat Investor Group, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, the Beyond Meat Investor Group respectfully requests that the Court issue an Order: (1) appointing the Beyond Meat Investor Group as Lead Plaintiff for the Class; and (2) approving Pomerantz and Rosen as Co-Lead Counsel for the Class.

Dated: March 30, 2020

**POMERANTZ  LLP**

*/s/ Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email:  jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES

11

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and
Proposed Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

MEMORANDUM OF POINTS AND AUTHORITIES

12

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITIES

13