**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
E-mail: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (206423)
Mario M. Choi (243409)
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: *lking@kaplanfox.com*
        *mchoi@kaplanfox.com*

[Additional Counsel Appear on Signature Page]

*Counsel for Movant Block Investments Corporation*
*and Proposed Liaison Counsel for the Proposed*
*Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON,<br><br>Defendants. | Case No. 2:20-cv-00963-MWF<br><br><u>CLASS ACTION</u><br><br>**MOVANT BLOCK INVESTMENTS CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Date:     April 27, 2020<br>Time:     10:00 am<br>Crtrm:   5A |

Block Investment Corporation respectfully submits this memorandum of points and authorities in support of its motion for:

(a)  appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b)  approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox & Kilsheimer") as Liaison Counsel for the proposed Class.

**PRELIMINARY STATEMENT**

Presently pending in this Court is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act brought on behalf of a proposed class of shareholders that purchased or otherwise acquired Beyond Meat, Inc. (Beyond Meat" or the "Company") securities between May 2, 2019, and January 27, 2020, both dates inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action.  The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Block Investments Corporation respectfully submits that it should be appointed Lead Plaintiff in this Action.  Block Investments Corporation is an investment company organized under the rules of the British Virgin Islands.  Jose Carbajal is Block Investments Corporation's president and has authority to act on its behalf.  Mr. Carbajal is 62 years old and has been an investor for over fourteen (14) years.  Block Investments Corporation should be appointed Lead Plaintiff

because it has satisfied all of the relevant requirements for appointment under the PSLRA. First, Block Investments Corporation has made a timely motion. Second, Block Investments Corporation believes it has the largest financial interest in the Action as it lost $1,933,589.69 on its purchases of Beyond Meat securities during the Class Period. Block Investments Corporation's substantial financial interest in this Action will ensure its vigorous prosecution of the Class' claims. Third, Block Investments Corporation handily satisfies Federal Rules 23(a)(3) and (a)(4), as its claims are typical of the claims of the Class and Block Investments Corporation will fairly and adequately represent the interests of the Class. Block Investments Corporation has no conflicts with other members of the Class. Additionally, Block Investments Corporation has further demonstrated its adequacy here by selecting experienced and qualified counsel that can adequately represent the Class, and has negotiated a favorable fee for the benefit of the Class with its chosen counsel in connection with that representation.

Accordingly, for the reasons discussed below, Block Investments Corporation respectfully requests that the Court grant its motion to appoint it as Lead Plaintiff, and approve its choice of counsel as Lead Counsel and Liaison Counsel for the Class.

## SUMMARY OF THE COMPLAINT

Beyond Meat is a food company that provides plant-based meats. It offers its products in the meat platforms of beef, pork, and poultry. The Company sell sits products to various customers in the retail and foodservice channels through brokers and distributors in the U.S. and internationally.

Don Lee Farms is a maker of plant-based and meat proteins. In 2014, Beyond Meat entered into an exclusive supply agreement with Don Lee Farms to produce all of Beyond Meat's products, including the development and launch of the Company's popular Beyond Burger. In early 2017, following the launch of the

Beyond Burger, Beyond Meat terminated the exclusive supply agreement and transferred its production from Don Lee Farms to other manufacturers. On May 25, 2017, Don Lee Farms filed a complaint against Beyond Meat in the Superior Court of the State of California for the County of Los Angeles asserting claims for, *inter alia*, breach of contract, misappropriation of trade secrets, and unfair competition, seeking monetary damages and declaratory and injunctive relief.  As the litigation progressed Don Lee alleged that Beyond Meat employed lax food safety practices during the partnership, and provided Don Lee Farms with an altered copy of a food-safety audit of its manufacturing facilities, and on that basis added fraud claims to its suit against Beyond Meat in March 2019.

The Action alleges that throughout the Class Period, the Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Beyond Meat's termination of its supply agreement with Don Lee Farms constituted a breach of that agreement, thus exposing the Company to foreseeable legal liability and reputation harm; (ii) Beyond Meat and certain of its employees had doctored and omitted material information from a food safety consultant's report, which the Company represented as accurate to Don Lee Farms; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 27, 2020, post-market, Don Lee Farms issued a press release entitled "Judge Rules Don Lee Farms Likely to Obtain a Judgment.  Beyond Meat's CFO and Others Named Individually for Fraud." The press release stated, in part, that  "[a] judge has ruled Don Lee Farms proved the probable validity of its claim that Beyond Meat breached its manufacturing agreement with Don Lee Farms" and that "[i]n a separate motion before a different Judge, the Court granted Don Lee Farms' request to name Beyond Meat Chief Financial Officer Mark Nelson, Senior

Quality Assurance Manager Jessica Quetsch and Director of Operations Anthony Miller in its fraud claims which allege they intentionally doctored and omitted material information from a food safety consultant's report, and then delivered that doctored report to Don Lee Farms and affirmatively represented that it was the complete opinion of the consultant."

On this news, Beyond Meat's stock price fell $4.63 per share, or 3.71% to close at $120.12 per share on January 28, 2020.

## ARGUMENT

### I. THE COURT SHOULD APPOINT BLOCK INVESTMENTS CORPORATION AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

    i)     has either filed the complaint or made a motion in response to an Early Notice;

    ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Block Investments Corporation meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**B.**    **Block Investments Corporation is the Most Adequate Plaintiff**

Block Investments Corporation respectfully submits that it is presumptively the "most adequate plaintiff" because it has made a timely motion in response to an Early Notice, believes it has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**1.**    **Block Investments Corporation's Motion is Timely**

On January 30, 2020, the Early Notice was published via *Globe Newswire*. *See* Declaration of Justin B. Farar ("Farar Decl."), Exhibit ("Ex.") A. Accordingly, putative class members had until March 30, 2020 to file their lead plaintiff motions.

*See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Block Investments Corporation has timely filed this motion in response to the Early Notice. Additionally, it filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to its review of the complaint in this action and its willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Farar Decl., Ex. B. Accordingly, Block Investments Corporation satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Block Investments Corporation Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Block Investments Corporation suffered losses of $1,933,589.69 in connection with its purchases of Beyond Meat securities during the Class Period. *See* Farar Decl., Ex. C. Block Investments Corporation is not aware of any other movant that has suffered greater losses in Beyond Meat securities during the Class Period. Accordingly, Block Investments Corporation believes it has the largest financial interest in this litigation.

### 3. Block Investments Corporation Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Block Investments Corporation

satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id*.

### a. Block Investments Corporation's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Block Investments Corporation's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Block Investments Corporation as to all members of the Class. Since Block Investments Corporation's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Block Investments Corporation Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative

plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Block Investments Corporation is an adequate Lead Plaintiff. Block Investments Corporation and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Block Investments Corporation's substantial financial stake in the litigation, Class members can be assured that it has the incentive to vigorously prosecute the claims on their behalf. Further, Block Investments Corporation has no conflicts with other members of the Class.

Block Investments Corporation has also demonstrated its adequacy through its selection of Bernstein Liebhard as Lead Counsel and Kaplan Fox & Kilsheimer as Liaison Counsel for the proposed Class. As discussed more fully below, these firms are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

Moreover, Block Investments Corporation has further demonstrated its adequacy here by negotiating a favorable fee from its chosen attorneys for the Class's benefit in this Action.

## II.   THE COURT SHOULD APPROVE BLOCK INVESTMENTS CORPORATION'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Farar Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country.  Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.). Bernstein Liebhard was also recently appointed Lead Counsel in this District in *Chupa v. Armstrong Flooring Inc.*, No. 2:19-cv-09840-CAS (C.D. Cal.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel Kaplan Fox & Kilsheimer, maintains offices in this District, and has extensive securities class action experience.  *See* Farar Decl., Ex. E (Firm Résumé of Kaplan Fox & Kilsheimer).

## CONCLUSION

For the foregoing reasons, Block Investments Corporation respectfully requests that this Court: (1) appoint it as Lead Plaintiff for this Action, and all subsequently-filed, related actions; and (2) approve its selection of Bernstein Liebhard as Lead Counsel and Kaplan Fox & Kilsheimer as Liaison Counsel for the proposed Class.

Respectfully submitted,

DATED: March 30, 2020    **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Justin B. Farar*
            Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
Email: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: *lking@kaplanfox.com*
          *mchoi@kaplanfox.com*

*Counsel for Block Investments Corporation and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  *bernstein@bernlieb.com*
          *lhasson@bernlieb.com*
          *mguarnero@bernlieb.com*

*Counsel for Block Investments Corporation and Proposed Lead Counsel for the Proposed Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on March 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2020.

/s/ *Justin B. Farar*
Justin B. Farar