ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BEYOND MEAT, INC., et al.,<br><br>                    Defendants. | Case No. 2:20-cv-00963-MWF-AFM<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE: Vacated (ECF No. 32)<br>TIME: Vacated (ECF No. 32)<br>CTRM: 5A<br>JUDGE: Hon. Michael W. Fitzgerald |

4842-3819-6921.v1

Proposed lead plaintiff Elizabeth F. Matthews ("Ms. Matthews") respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  The PSLRA provides that the "court shall adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial  interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Of the two remaining movants, only Ms. Matthews satisfies both prongs of the PSLRA's test.

| MOVANT | LOSS |
| --- | --- |
| Block Investments | $1,933,589 |
| **Ms. Matthews** | **$227,863** |
| *KK Limited*<br>*Tony Ho*<br>*Charlemagne Ruiz*<br>*Frida Kazarian*<br><br>*(filed notice of non-opposition)* | *$180,270*<br>*$138,303*<br>*$105,528*<br>*$95,063* |
| *Sheldon and Janet Harnash,*<br>*Ronald and Karen Jerome*<br>*Zachary Madle*<br><br>*(filed notice of withdrawal)* | *$41,839*<br>*$45,264*<br>*$19,764* |

Although Block Investments claims a larger financial interest than Ms. Matthews, the shadowy British Virgin Island entity is not presently eligible for appointment because the record is devoid of any meaningful information with which the Court could determine whether Block Investments is able to adequately represent the class.  *See In re Cavanaugh*, 306 F.3d 726, 730  (9th Cir. 2002) (directing the

---

[1]  The movants are: (1) Elizabeth F. Matthews (ECF No. 17); (2) Block Investments Corporation (ECF No. 29); (3) KK Limited, Tony Ho, Charlemagne Ruiz, and Frida Kazarian (the "Rosen/Pomerantz Group") (ECF No. 25); and (4) Sheldon Harnash, Janet Harnash. Ronald Jerome, Karen Jerome, and Zachary Madle (the "Bragar Group") (ECF No. 21).  On April 6, 2020, the Rosen/Pomerantz Group filed a notice of non-opposition to competing motions ( ECF No. 35), and the Bragar Group filed a notice withdrawing their lead plaintiff motion (ECF No. 36).

- 1 -

district court to "focus its attention" on the movant with the greatest loss "and determine, *based on the information he has provided in his pleadings and declarations*, whether he satisfies the requirements of Rule 23(a)").[2]  Unlike Ms. Matthews, who provided a declaration detailing her education, background, qualifications, and ability to serve as lead plaintiff (including her familiarity working with lawyers and her professional history) and about whom additional information is readily identifiable through preliminary internet searches, nothing is known or available about Block Investments except Jose Carbajal's name and his role as "president" of the "investment company."  As such, Block Investments has failed to provide enough information about itself to make a *prima facie* showing of adequacy under Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

Courts routinely find that movants who only provide their name, and little more, have failed to make the preliminary Rule 23 showing.  *See Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (Denying lead plaintiff status to a Cyprus-based investment shell company, finding that "[w]hile the Court agrees with Pro-Alpha that mere speculation is not enough to disqualify a prospective lead plaintiff, *it is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation*.").[3]  The need for additional

---

[2]  All emphasis is added and citations are omitted unless otherwise noted.

[3]  *See Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (Denying lead plaintiff to movant with larger financial interest who "ha[d] provided the Court with little to go on with respect to their alleged capacity to manage this litigation."); *In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (rejecting lead plaintiff motion where the "complete dearth of information accompanying the Wangs' lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (noting that the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether Singh would indeed be a typical plaintiff for the class"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002)

- 2 -

4842-3819-6921.v1

information about Block Investments is particularly pronounced here. Block Investments is an "investment company" in the British Virgin Islands, one of the world's premier offshore tax and secrecy havens.[4] While the memorandum filed in support of Block Investments' motion includes a statement that Mr. Carbajal serves as the foreign investment company's "president," there is no additional information of any kind provided anywhere about Block Investments' business, management, or structure.[5] The murky relationship between Block Investments and Mr. Carbajal and Block Investments' investors/owners raise "too many questions surrounding [Block's] standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole." *Smajlaj v. Brocade Commc'ns Sys. Inc.*,

(finding that the "record contains no evidence that [movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them").

[4]   While Block Investments purports to be an investment company "organized under the rules of the British Virgin Islands," the record is devoid of any information as to Mr. Carbajal's residence or location. If Mr. Carbajal executed Block Investments' Certification outside the United States, it is defective as it lacks the necessary "penalty of perjury **under the laws of the United States of America**" language required by 28 U.S.C. §1746. *See* ECF No. 30-2. And, that defect is independently disqualifying. *See Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (denying lead plaintiff application where movant's PSLRA declarations lacked the required language under 28 U.S.C. §1746, rejecting contention that "the missing language in the PSLRA certifications as a technicality that was cured with its amended filing" because "it still stands that such filing was late").

[5]   The bare details that are provided about Block Investments and Mr. Carbajal, such as Mr. Carbajal's age, are provided by Block's lawyers in a brief, rather than in a sworn declaration. Given that the name Jose Carbajal is common, identifying details regarding Mr. Carbajal in a declaration or affidavit compliant with 28 U.S.C. §1746 are absolutely essential to verify that Mr. Carbajal is not, for example, Jose A. Carbajal, the former Merrill Lynch broker who has been censured and ultimately barred by Financial Industry Regulatory Authority ("FINRA") for repeated fiduciary breaches, securities fraud, and elder abuse. *See* Exhibit 1; *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (denying lead plaintiff motion by entity whose principal representative was subject to "complaints to securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments" and "had his National Association of Securities Dealers ('NASD') membership terminated").

Ms. Matthews, through her counsel, has already taken proactive steps to discover additional information regarding Block Investments and Mr. Carbajal, including submitting inquiries to the British Virgin Islands' Financial Services Commission. Ms. Matthews' inquiry remains pending.

- 3 -

4842-3819-6921.v1

2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006).  In *Brocade*, the court was similarly forced to attempt to untangle the relationship between a foreign investment company and its asset manager, ultimately concluding that too many uncertainties pervaded the movant:

> [I]t is now apparent that there are two different management companies for three different hedge funds, yet only one of the management companies has applied to be lead plaintiff. While this type of structure may be common in the hedge fund industry, it is certainly atypical of the class as a whole. . . .  Because it is unclear which funds held Brocade stock, whether Intrepid Capital Management has authority to act on behalf of those funds, and whether any other Intrepid management companies would need to authorize this suit and the production of any documents, Intrepid is likely to face unique defenses. For example, to the extent that an offshore fund under Intrepid's management would be a lead plaintiff, it is not subject to United States tax laws and would therefore have a different set of motivating concerns if and when settlement negotiations occurred.  Moreover, it is not clear from the pleadings that Intrepid has authorization from its limited partners to turn over documents that may become relevant and important in this litigation.

*Id*. at *2.

The dearth of information available about Block Investments and Mr. Carbajal raises a parade of questions that must be answered before Block Investments is placed in a fiduciary position of trust to absent class members: Where does Block Investments' money come from?  Who makes Block Investments' decisions?  Are Block Investments' owners, investors, and officers aware that they will have to produce documents, sit for depositions, and otherwise answer questions about their finances and investments?  On the present record, it is therefore impossible for the

- 4 -

4842-3819-6921.v1

Court or other movants to even begin to attempt to make the typicality and adequacy determination required by the PSLRA. Without the timely submission of such basic information, Block Investments has not made the Rule 23 showing required of it and cannot trigger the PSLRA's presumption.

At present, to appoint Block Investments would have potentially disastrous effects for the class by prejudicing the class's case in front of a jury and undermining the ability of that (impaired) lead plaintiff to negotiate vigorously on behalf of the class. The harm to absent class members in the event of denial of class certification due to a class representative who is either subject to unique defenses, inadequate, or lacks a recoverable loss is certainly not speculative, particularly in light of recent Supreme Court decisions that would make it impossible to revive absent class members' claims if any of these unknown individuals were to withdraw as the lead plaintiff or the class representative after such claims have become time-barred. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, _ U.S. _, 137 S. Ct. 2042, 198 L. Ed. 2d 584 (2017); *China Agritech, Inc. v. Resh*, _ U.S._, 138 S. Ct. 1800, 201 L. Ed. 2d 123 (2018). It makes little sense to expose any class to these risks where, as here, Ms. Matthews, a typical and adequate social worker from Tucson, Arizona, stands ready and willing to serve as a lead plaintiff and her appointment will insulate the class from such threats.[6]

[6] Any attempt by the Rosen/Pomerantz Group to resurrect their lead plaintiff candidacy should be denied not only because the Group filed a notice of non-opposition to competing motions (ECF. No. 35), but also because the Group is an improper amalgamation of its two law firms' unrelated clients' losses for the sole purpose of claiming the largest aggregated financial interest in the relief sought by the class. *See Crihfield v. CytRx Corp.*, 2016 WL 10587938, at *4 (C.D. Cal. Oct. 26, 2016) (declining to appoint a group of unrelated class members who claimed the largest financial interest only if the group members' losses were combined and instead appointed as lead plaintiff the class member with the single largest loss); *Gemstar*, 209 F.R.D. at 451 (rejecting aggregation of unrelated group's losses); *Apple v. LJ Int'l Inc.*, 2008 WL 11343371, at *3 (C.D. Cal. Feb. 8, 2008) (stressing the importance that "an aggregation of putative plaintiffs be closely scrutinized"); *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6-*8 (N.D. Cal. Dec. 16, 2019) (rejecting motion by group of unaffiliated entities that "failed to show that it would be an adequate representative of the class"); *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *1 (S.D. Tex. Mar. 23, 2017) (declining to aggregate the losses of two unrelated

4842-3819-6921.v1

DATED:  April 6, 2020                          Respectfully submitted.

                                               s/ Danielle S. Myers
                                               DANIELLE S. MYERS

                                               ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                               DANIELLE S. MYERS
                                               MICHAEL ALBERT
                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101
                                               Telephone:  619/231-1058
                                               619/231-7423 (fax)
                                               dmyers@rgrdlaw.com
                                               malbert@rgrdlaw.com

                                               [Proposed] Lead Counsel for [Proposed]
                                               Lead Plaintiff

institutional investors, and instead appointing the movant with single largest loss); *Teran v. Subaye, Inc.*, 2011 WL 4357362, at *1 (S.D.N.Y. Sept. 16, 2011) (declining to aggregate the loss of a group where another movant possessed the single largest financial interest).

- 6 -

4842-3819-6921.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

- 7 -

4842-3819-6921.v1

# Mailing Information for a Case 2:20-cv-00963-MWF-AFM Larry Tran v. Beyond Meat, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Christa L Culver**
  cwasserman@spertuslaw.com

- **Justin B Farar**
  jfarar@kaplanfox.com,spowley@kaplanfox.com

- **Melissa A Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **James W Spertus**
  jspertus@spertuslaw.com,sluecf@spertuslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)