**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
E-mail: *jfarar@kaplanfox.com*

[Additional Counsel Appear on Signature Page]

*Counsel for Movant Block Investments Corporation
and Proposed Liaison Counsel for the Proposed
Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON,<br><br>Defendants. | Case No. 2:20-cv-00963-MWF<br><br>CLASS ACTION<br><br>**MOVANT BLOCK INVESTMENTS CORPORATION'S MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS**<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Date:      April 27, 2020<br>Time:      10:00 am<br>Crtrm:    5A |

Lead Plaintiff Movant Block Investments Corporation respectfully submits this memorandum of law[1] in further support of its motion for appointment as Lead Plaintiff in the above-referenced putative securities class action (the "Action"), for approval of its selection of Bernstein Liebhard LLP as Lead Counsel for the proposed Class, and in opposition to all other competing Lead Plaintiff motions.

## PRELIMINARY STATEMENT

On March 30, 2020, four competing movants and movant groups filed timely motions for appointment as Lead Plaintiff in this Action.[2]  As of the time of this filing, only two of those four movants remain in the running – the Block Investments Corporation and Elizabeth F. Matthews ("Matthews").  A review of the two remaining motions makes it abundantly clear that Block Investments Corporation should be appointed Lead Plaintiff in this Action.

First, Block Investments Corporation sustained over $1.93 million in losses in this Action – the largest financial interest of any movant by a tremendous margin. Indeed, Block Investments Corporation's losses are nearly ten times greater than Matthews' losses, and that is if the Court is even willing to accept her reported losses as reliable, which it should not even do.  As set forth *infra*, Matthews' losses are questionable for at least two reasons: first, there is a discrepancy in how she reports her losses in her own moving papers, which makes it unclear which, if any, figure is correct, and casts doubt on her adequacy to represent the Class; second, she provides no explanation for the assigned claims that she includes in her loss calculations and

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Block Investments Corporation's opening memorandum. *See* Dkt. No. 29.

[2] Timely motions were filed by: (i) Block Investments Corporation; (ii) Charlemagne Ruiz, Frida Kazarian, Tony Ho, and KK Limited (collectively, the "Beyond Meat Investor Group"); (iii) Elizabeth F. Matthews; and (iv) Ronald and Karen Jerome, Sheldon and Janet Harnash, and Zachary Madle (the "Jerome, Madle & Harnash Group").  The Jerome, Madle & Harnash Group and the Beyond Meat Investor Group have filed notices of withdrawal or non-opposition conceding that they lack the largest financial interest in the Action.  Dkt. Nos. 35-36.

that potentially serve to inflate her losses.  In any event, there is no contest here: Block Investments Corporation has the greatest financial interest in this Action by a landslide.

Second, Block Investments Corporation has made a *prima facie* showing of its typicality and adequacy under Rule 23, and it has no conflicts of interest with other members of the Class.  In fact, Block Investments Corporation's interests are perfectly aligned with the Class' interests to maximize a recovery as a result of the alleged fraud.  For these reasons, Block Investments Corporation is entitled to the PSLRA's strong statutory presumption that it is the "most adequate plaintiff", and because no proof exists to rebut that presumption, Block Investments Corporation should be appointed Lead Plaintiff in this Action.

In securities class actions, the PSLRA directs courts to appoint as lead plaintiff the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This Circuit has provided limited guidance on how district courts should calculate each potential lead plaintiff's interest in the litigation. *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002); *In re Cloudera, Inc. Securities Litigation*, No. 19-cv-03221-LHK 2019 WL 6842021 at *3 (N.D. Cal. Dec. 16, 2019).  As a result, courts in this District "may select accounting methods that are both rational and consistently applied," and generally equate financial interest with the approximate economic losses suffered by the movant. *In re Cavanaugh*, 306 F.3d at 730 n.4.  Here, it makes no difference how the Court assesses financial interest because Block Investments Corporation has the largest financial interest under any court-approved methodology by a huge margin.

Block Investments Corporation suffered over $1.93 million in losses in connection with its purchases of Beyond Meat, Inc. ("Beyond Meat") securities during the Class Period. *See* Dkt. No. 30-3.  Block Investments Corporation's losses

are substantially greater than the losses suffered by Matthews under any of the traditional accounting methods, including "last in, first out" ("LIFO") and "first in, first out" ("FIFO"). *See infra* at 4. Indeed, Matthews asserts $235,808.47 in LIFO losses, which, if accepted, are still almost ten times less than the losses sustained by Block Investments Corporation. Accordingly, it is beyond dispute that Block Investments Corporation suffered the largest losses and has the greatest incentive to maximize a recovery for the Class.

Block Investments Corporation also handily satisfies the typicality and adequacy requirements of Rule 23. Block Investments Corporation's claims are typical of those of other Class members because they are based on the same legal theory, and arise from the same events and course of conduct, as the Class' claims. As to adequacy, Block Investments Corporation's substantial financial interest will ensure its vigorous prosecution of the Class' claims; it has no conflicts with other Class members; and it has selected experienced counsel, Bernstein Liebhard LLP, as Lead Counsel for the Class. Block Investments Corporation has further demonstrated its adequacy by negotiating a favorable fee with its chosen counsel for the benefit of the Class, and because it is a sophisticated investor with many years of experience investing in the securities markets. In addition, Block Investments Corporation understands and is willing to undertake the responsibilities of Lead Plaintiff in this Action.

For these reasons, Block Investments Corporation is entitled to the PSLRA's strong presumption of being the "most adequate plaintiff" and should be appointed Lead Plaintiff for the Class. Block Investments Corporation's presumptive lead plaintiff status can only be rebutted "upon proof" that it is inadequate or atypical to represent the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists here. To the contrary, Block Investments Corporation is precisely the type of movant that the PSLRA envisioned should represent the Class in this Action.

Accordingly, the Court should grant Block Investments Corporation's motion in its entirety and deny all other competing lead plaintiff motions.

## ARGUMENT

### A. THE COURT SHOULD APPOINT BLOCK INVESTMENTS CORPORATION AS LEAD PLAINTIFF

#### 1. Block Investments Corporation Has the Largest Financial Interest in the Relief Sought by the Class

Block Investments Corporation indisputably has the largest financial interest in this Action. In determining the movant with the largest financial interest, it is well-established that the most important factor is approximate loss, which courts in this District prefer to calculate using the LIFO methodology. *See* 15 U.S.C. 78u-4; *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology"); *cf. Longo v. OSI Sys., Inc.*, No. LA17CV08841VAPSKX, 2018 WL 4860145, at *4 (C.D. Cal. Mar. 1, 2018) ("[c]ourts in the Ninth Circuit have tended to give the final method the most emphasis and tend to use a [LIFO] methodology"). Under this methodology, there simply is no contest – Block Investments Corporation's losses are much larger than the losses asserted by Matthews:

| Movant(s) | LIFO (LOSS) |
|---|---|
| **Block Investments Corporation** | **($1,933,589.69)** |
| | |
| **Elizabeth F. Matthews** | **($235,808.47)** |
| | |

The outcome does not change under a FIFO methodology. In fact, the vast difference in losses between these two remaining movants is likely even greater. This analysis assumes the Court is willing to accept the losses Matthews asserts in

her moving papers, which it should not do. Matthews asserts losses based on unexplained assignments that potentially inflate her numbers, and there is a discrepancy between her losses in her moving papers, which further casts doubt on her numbers as well as her adequacy to represent the Class. In any event, even if the Court is willing to accept Matthews' losses there is no contest: Block Investments Corporation has the largest financial interest in this Action.

> **2.     Block Investments Corporation Has Also Made the Requisite *Prima Facie* Showing of Its Typicality and Adequacy Under Rule 23**

Block Investments Corporation also handily satisfies the typicality and adequacy requirements of Rule 23. In appointing a lead plaintiff, a district court must determine whether the movant has made a *prima facie* showing of typicality and adequacy. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005); *Cavanaugh*, 306 F.3d at 732 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). The burden at this stage is relatively light. *Romero v. Growlife, Inc.*, No. 2:14-CV-03015-CAS, 2014 WL 3734543, at *3 (C.D. Cal. July 23, 2014).

Block Investments Corporation easily satisfies the typicality requirement of Rule 23. Block Investments Corporation's claims are typical of those of other Class members because, like other Class members, Block Investments Corporation purchased Beyond Meat's securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of this Action. Block Investments Corporation suffered substantial losses as a result of the alleged fraud in this Action. And, Block Investments Corporation's claims are based on the same legal theory and arise from the same events and course of conduct as the Class' claims. *Apple v. LJ Intl. Inc.*, No. CV076076GAFJWJX, 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008).

Block Investments Corporation has also demonstrated its adequacy to serve as Lead Plaintiff in this Action.  First, Block Investments Corporation has the largest financial interest in this Action of any movant, which will ensure its vigorous and adequate prosecution of the Class' claims.  *Tanne*, 226 F.R.D. at 666 ("institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements").  Second, Block Investments Corporation has no conflicts with other Class members.  To the contrary, Block Investments Corporation's interests are perfectly aligned with the Class' interests of maximizing a recovery for the Class due to the alleged fraud in this Action.  Third, Block Investments Corporation has demonstrated its adequacy by selecting qualified counsel with substantial experience litigating securities class actions.  *See* Dkt No. 29; *Lechner v. InfuSystem Holdings, Inc.*, No. 216CV08295ODWAGRX, 2017 WL 5640523, at *4 (C.D. Cal. Feb. 17, 2017).

Furthermore, even at this preliminary stage, Block Investments Corporation has demonstrated its ability to supervise and oversee its chosen counsel, which further militates in favor of its adequacy here.  *In re Quintus Securities Litig.*, 201 F.R.D. 475, 482 (N.D. Cal. 2001).  Indeed, as noted in its initial moving papers, Block Investments Corporation carefully vetted its chosen counsel and negotiated a favorable fee with counsel for the benefit of the Class.  *Id.* at 482.

Lastly, Block Investments Corporation has further demonstrated its adequacy because it is a sophisticated investor with many years of experience investing in the securities markets, and because it both understands and is willing to undertake the responsibilities of Lead Plaintiff.  *Milbeck v. TrueCar, Inc.*, No. 218CV02612SVWAGR, 2018 WL 4998269, at *3 (C.D. Cal. June 27, 2018).  Thus, Block Investments Corporation has more than made a *prima facie* showing of its adequacy under Rule 23.

For these reasons, Block Investments Corporation handily satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the strong presumption of being the Lead Plaintiff.

**3.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Block Investments Corporation Lead Plaintiff**

In accordance with the PSLRA, Block Investments Corporation is entitled to the strong presumption of being the "most adequate plaintiff" because it has the largest financial interest in this Action and has made a *prima facie* showing of its typicality and adequacy.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Tanne*, 226 F.R.D. at 669 ("[a]s noted in *Cendant*, "once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job").  Courts in this District and all over the nation have repeatedly held that once the movant with the largest losses is identified the court must focus on that plaintiff alone and be limited to determining whether it satisfies the statutory requirements.  *In re Cavanaugh,* 306 F.3d at 732; *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535–36 (S.D.N.Y. 2015); *Jolly Roger Offshore Fund LTD v. BKF Capital Grp., Inc.*, No. 07 CIV. 3923 (RWS), 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007).

Block Investments Corporation is the presumptive lead plaintiff in this Action and the other movants can only rebut that presumption with ***proof*** that Block Investments Corporation is atypical or inadequate.   15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Fragala v. 500.com*, No. CV 15-01463 MMM (EX), 2015 WL 12513580, at *10 (C.D. Cal. July 7, 2015) (the presumption may be rebutted "only upon proof" that it will not fairly and adequately protect the interests

of the class or is subject to unique defenses that render it incapable of adequately representing the class.). No such proof exists here.

## B.    ALL OTHER LEAD PLAINTIFF MOTIONS SHOULD BE DENIED

As demonstrated *supra*, Block Investments Corporation has the largest financial interest in this Action by a wide margin, it has made a *prima facie* showing of its typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing it as Lead Plaintiff. Thus, the Court should deny all other lead plaintiff motions on this basis alone. Nevertheless, there are many other independent reasons to deny the competing motion made by Matthews, the only other remaining movant.

Matthews' motion should be rejected, *inter alia*, because her reported financial interest is questionable and her adequacy is cast into doubt. In her papers submitted to the Court, Matthews claims two different financial interests. In her motion, Matthews claims that her losses are $227,863.00, but in her loss chart Matthews claims her losses are $235,808.47. *Compare* Dkt. No. 17 *with* Dkt No. 18-3. Regardless of which, if any, of the two numbers represent her actual financial interest, it is clear that Matthews does not possess the largest financial interest, and the discrepancy in her moving papers casts into doubt her adequacy to represent the Class. Moreover, Matthews' asserted financial interest is the result of an aggregation of multiple investors through assignments from people with an unexplained relationship, if any, to her, which further casts into doubt her loss calculations and adequacy under Rule 23. *Apple*, 2008 WL 11343371, at *4 (a lead plaintiff movant's failure to provide information about the authority of an agent who had claims assigned to him was a substantial defect).

Block Investments Corporation reserves the right to further address the competing movants' adequacy or typicality, if necessary.

# CONCLUSION

For the foregoing reasons, Block Investments Corporation respectfully requests that the Court grant its motion to: (1) appoint it as Lead Plaintiff in the Action, and all subsequently-filed, related actions; (2) approve Bernstein Liebhard LLP as Lead Counsel and Kaplan Fox & Kilsheimer LLP as Liaison Counsel; and (3) deny all competing motions.

Respectfully submitted,

DATED: April 6, 2020

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Justin B. Farar*
     Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
Email: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: *lking@kaplanfox.com*
     *mchoi@kaplanfox.com*

*Counsel for Block Investments Corporation and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: *bernstein@bernlieb.com*
     *lhasson@bernlieb.com*
     *mguarnero@bernlieb.com*

*Counsel for Block Investments Corporation and Proposed Lead Counsel for the Proposed Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on April 6, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 6, 2020.

/s/ *Justin B. Farar*
Justin B. Farar