ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> BEYOND MEAT, INC., et al., ) <br><br> Defendants. ) | Case No. 2:20-cv-00963-MWF-AFM <br><br> <u>CLASS ACTION</u> <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ELIZABETH F. MATTHEWS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <br><br> DATE: Vacated (ECF No. 32) <br> TIME: Vacated (ECF No. 32) <br> CTRM: 5A <br> JUDGE: Hon. Michael W. Fitzgerald |

4836-4303-6858.v1

## I.    INTRODUCTION

Elizabeth F. Matthews is the only remaining movant that satisfies the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Other than arguing that Ms. Matthews does not claim the largest loss, Block Investments Corporation has not asserted any reason why Ms. Matthews should not be appointed as lead plaintiff pursuant to the PSLRA. *See* ECF No. 38 at 1. In contrast, Block Investments cannot be appointed lead plaintiff because it has not provided the Court with sufficient information to make the required *prima facie* showing of typicality and adequacy under Rule 23.

Ms. Matthews' motion for appointment as lead plaintiff should be granted.

## II.    ARGUMENT

Ms. Matthews filed a timely motion, suffered a substantial loss, selected qualified counsel, and is not subject to any unique defenses. *See* 15 U.S.C. §78u-4(a)(3)(B). Importantly, Ms. Matthews made the required *prima facie* showing of typicality and adequacy under Rule 23 in her opening motion. Ms. Matthews submitted a Declaration compliant with 28 U.S.C. §1746 attesting to her age, residence in Tucson, Arizona, education, professional history as a social worker, investment experience, experience working with attorneys, receipt of assignments from her husband and son, confirmation that she spoke to her attorneys prior to the filing of her motion and discussed a lead plaintiff's duties, and her ability and willingness to undertake those duties. *See* ECF No. 18-4.[1]

---

[1]   Block Investments incorrectly asserts that "Matthews' asserted financial interest is the result of an aggregation of multiple investors through assignments from people with an unexplained relationship, if any, to her, which further casts into doubt her loss calculations and adequacy under Rule 23." ECF No. 38 at 9. Ms. Matthews' Declaration not only makes clear that she received assignments and power of attorney from her immediate family members, but Ms. Matthews ***attached the actual proofs of assignments to her motion***. *See* ECF No. 18-4 at ¶6 ("I have received an assignment and power of attorney to pursue claims on behalf of my husband and my son from their Beyond Meat securities transactions during the Class Period. As a result, I am motivated to seek to obtain the best possible result for myself, my family,

- 1 -

4836-4303-6858.v1

None of the competing movants have raised any meaningful issues regarding Ms. Matthews' ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that Ms. Matthews is the "most adequate plaintiff" to lead this litigation. *See* ECF No. 38 at 1.[2] The only challenge to Ms. Matthews' appointment is based on Block Investments' claim that its purported financial interest is greater than Ms. Matthews' financial interest.[3] Yet, that undisputed fact is not outcome determinative because – as Block Investments' counsel is well aware

and the class."); ECF No. 18-2 at 7-8 (assignments). Block Investments' narrative is simply counter-factual.

[2] On the final pages of its brief, Block Investments declares that it "reserves the right to further address the competing movants' adequacy or typicality, if necessary." ECF No. 38 at 9. Notably, Block Investments' counsel did not cite any authority (nor is the undersigned counsel aware of any authority) that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules. Here, the Court's Local Civil Rules required Block Investments to file its opposition by April 6, 2020. *See* L.R. 7-9. Thus, irrespective of its *ipse dixit* "reservation," Block Investments' failure to timely oppose Ms. Matthews' adequacy or typicality should be considered waived and cannot be raised for the first time on reply. *See, e.g.*, *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (courts should "decline to consider new issues raised for the first time in a reply brief"); *Dias v. JP Morgan Chase, N.A.*, 2015 WL 1263558, at \*3 n.2 (N.D. Cal. Mar. 19, 2015) (declining to consider argument because "it was raised for the first time in the reply brief"). Unless otherwise noted herein, all emphasis is added and citations are omitted.

[3] It is undisputed that Block Investments claims to have suffered a larger loss than that of Ms. Matthews. Block Investments is correct that Ms. Matthews – through her counsel – stated that her losses were \$227,863 in her memoranda. (instead of \$235,808, as correctly set forth in her loss chart, *see* ECF No. 18-3 at 3). This was due to a typographical error caused by a decrease in the value of her shares held at the end of the Class Period between market close on March 25, 2020 (at which time her loss was in fact \$227,863.62 based on a closing price of \$97.54) and March 27, 2020 (at which time her loss was \$235,808.47 based on a close price of \$96.19). To be clear, all information provided in Ms. Matthews' sworn PSLRA Certification, Declaration, and loss chart, including her loss number, is accurate and correct. *See* ECF Nos. 18-2, 18-3, 18-4. Any insinuation by Block Investments that counsel's typo evinces inadequacy would be as misguided as an argument that Block Investments is inadequate for its failure to correctly spell its name in the first three words of its memorandum (*see* ECF No. 29 at 1) or for incorrectly representing to the Court that Ms. Matthews' assignments were from people "with an unexplained relationship, if any, to her." *Id.* at 9; n.3, *infra. See generally In re Lyft Sec. Litig.*, 2020 WL 1043628, at \*6 (N.D. Cal., Mar. 4, 2020) ("Keiner's inadvertent clerical error does not preclude the Court from considering the amended certification, especially where these transactions were included in Keiner's initial filing's loss chart.").

- 2 -

4836-4303-6858.v1

– a "movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) (finding that if a movant with the largest financial interest does not satisfy the typicality and adequacy requirements, the court must look to other movants). And, unlike Ms. Matthews – who Block Investments all but concedes is entirely typical and adequate of the putative class – Block Investments does not satisfy the PSLRA's other requirements for appointment as lead plaintiff. *See* ECF No. 37.

Indeed, after two rounds of briefing, there is still insufficient information in the record about Block Investments, the self-described "investment company organized under the rules of the British Virgin Islands," (ECF No. 29 at 1), to enable the Court or competing movants to assess its adequacy. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Faced with a similar lack of information, courts find that movants have failed to make the preliminary Rule 23 showing. *See* ECF No. 37 at 2-3 n.3 (collecting cases). This need for information is heightened for corporate movants like Block Investments with unclear structures that may be little more than shell companies located in tax and secrecy shelters. *See Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (denying lead plaintiff status to a Cyprus-based investment shell company for failure to provide any information "beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"); *see also* ECF No. 38 at 4-7 (conflating Block Investments' "years of experience investing in the securities markets" with that of its supposed president, Jose Carbajal). It was Block Investments' burden to evidence its typicality and adequacy in its initial motion. Its failure to do so has been exacerbated by the fact that there appears to be no record of Block Investments' existence (not to mention any formal website as would be typical of most investment companies) notwithstanding fairly extensive internet and public records searches

- 3 -

undertaken by Ms. Matthews' counsel and its in-house investigators.[4]  Moreover, given how common the name "Jose Carbajal" is, it is impossible for competing movants, absent class members, or the Court to determine which Jose Carbajal is at issue.[5]

Seemingly recognizing that its evidentiary burden must be satisfied prior to the expiration of the 60-day PSLRA deadline,[6] Block Investments states in

---

[4]   Counsel still has an outstanding inquiry with the British Virgin Islands' Financial Services Commission that remains pending, as well as an unanswered inquiry to Block Investments' counsel in an attempt to ascertain Mr. Carbajal's identity.

[5]   As noted in Ms. Matthews' opposition, there was no way for movants to assess whether Mr. Carbajal was not the Jose Carbajal barred by FINRA for securities fraud and elder abuse, particularly given counsel's silence in this regard.  *See* ECF Nos. 37 at 3 n.3, 37-1.  There are other individuals bearing that same name who similarly would not qualify to serve as lead plaintiff given the information currently in the record.  *See, e.g.*, https://www.etoro.com/people/josealvarezc/portfolio/ bynd (Jose Carbajal touting stock picks on investment website with a claimed purchase of Beyond Meat stock on 9/24/2019 – the same date as one of Block Investments' four claimed purchases.):



Ascertaining Block Investments' and Mr. Carbajal's *bona fides* remains impossible.
[6]   *See In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *1 (N.D. Ill. Jan. 28, 2020) ("'[A] viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy ***from the outset of the lead plaintiff selection process***.'"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("'[PSLRA] precludes consideration of . . . any other pleading . . . filed ***after*** the sixty (60) day window has closed'") (emphasis in original); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (a movant's "failure" to "include any facts ***in their moving brief*** detailing the relationship between the plaintiffs that comprise the group" "could, by itself, be a basis for denying lead plaintiff status"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) ("Singh failed to include any basic details about himself, including where he lives or who he is ***specifically in his motion***."); *see also In re NovaGold Resources Inc. Sec. Litig.*, No.

- 4 -

conclusory fashion that its burden has already been satisfied by virtue of its largest financial interest and counsel's unsubstantiated statements that Block Investments "both understands and is willing to undertake the responsibilities of Lead Plaintiff." ECF No 38 at 7; *cf.* ECF No. 18-4 at ¶¶7-8 (Ms. Matthews' sworn Declaration compliant with 28 U.S.C. §1746 describing her understanding of a lead plaintiff's duties and affirmatively expressing her willingness to undertake those duties). Not only are financial interest and counsel's hearsay representations not a proxy for a movant's evidentiary showing of adequacy, Block Investments' own counsel is well aware that movants must provide courts with sufficient information to determine that it will fairly and adequately protect the interests of the class. Indeed, counsel for Block Investments recently prevailed on their argument that a competing lead plaintiff movant in *Perez v. HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020), failed to make a *prima facie* Rule 23 showing because the individual "provided no information about himself whatsoever, *e.g.*, his investment history, educational background, etc." *Perez*, No. 1:19-cv-10965, ECF No 73 at 2. The opposition brief continued, noting that counsel "tried to investigate Wong's background to ensure he has no conflicts but Wong's name is too common to determine who he is" and was "thus, a wholly unknown quantity." *Id.* Counsel urged the court not to "appoint as lead plaintiff a movant that it knows nothing about." *Id.* Judge Buchwald agreed with Block Investments' counsel, finding that the competing movant – who undisputedly held the largest financial interest and who

---

1:08-cv-07041-DLC, ECF No. 33 at 14:21-23 (S.D.N.Y. Nov. 23, 2008) (Transcript of October 21, 2008 Lead Plaintiff Hearing) (finding that "the burden is on you to support your application and I think the burden was on you to support it in your initial application"); *Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF No. 128 at 22:6-17 (S.D.N.Y. Nov. 23, 2018) (Transcript of April 29, 2019 Lead Plaintiff Hearing) (rejecting lead plaintiff motion because, *inter alia*: "The [lead plaintiff] application had, of course, **right out of the gate** a couple of problems . . . one that is . . . not with the **typical supporting applications describing the lead plaintiffs that I'm used to seeing**.").

- 5 -

even later provided a sworn declaration with his residence, education, and investment experience – could not be appointed:

> Notwithstanding this additional (albeit vague) information, the Court is skeptical that Wong – an individual investor about whom little is known -–possesses the requisite sophistication to serve as lead plaintiff in this action. . . . .  Indeed, given Wong's failure to provide *any* information regarding his experience *in his preliminary motion*, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action.

2020 WL 905753, at *3 (emphasis added and in original).

Simply put, Block Investments has not met its burden and cannot be appointed as lead plaintiff.

## III.    CONCLUSION

Ms. Matthews is the presumptive lead plaintiff.  No movant, including Block Investments, has even attempted to rebut the presumption in Ms. Matthews' favor. Accordingly, Ms. Matthews should be appointed Lead Plaintiff.

DATED:  April 13, 2020                          Respectfully submitted,

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 6 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 13, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

- 7 -

4836-4303-6858.v1

CM/ECF - California Central District

# Mailing Information for a Case 2:20-cv-00963-MWF-AFM Larry Tran v. Beyond Meat, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com

- **Christa L Culver**
  cwasserman@spertuslaw.com

- **Justin B Farar**
  jfarar@kaplanfox.com,spowley@kaplanfox.com

- **Melissa A Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Laurence D King**
  lking@kaplanfox.com,spowley@kaplanfox.com,nlee@kaplanfox.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **James W Spertus**
  jspertus@spertuslaw.com,sluecf@spertuslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)