**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
E-mail: *jfarar@kaplanfox.com*

[Additional Counsel Appear on Signature Page]

*Counsel for Movant Block Investments
Corporation and Proposed Liaison Counsel
for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on behalf of all others similarly situated, | Case No. 2:20-cv-00963-MWF |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **MOVANT BLOCK INVESTMENTS CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN FURTHER OPPOSITION TO ALL COMPETING MOTIONS** |
| BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON, | |
| Defendants. | |
| | Judge:    Hon. Michael W. Fitzgerald |
| | Date:     Vacated (ECF No. 32) |
| | Time:     Vacated (ECF No. 32) |
| | Crtrm:    5A |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .......................................................................................................... 4

    I.    BLOCK IS THE PRESUMPTIVE LEAD PLAINTIFF ...................... 4

        A.    Block Has The Largest Financial Interest By A Huge Margin .. 4

        B.    Block Has Shown Its *Prima Facie* Typicality and Adequacy.... 5

    II.    MATTHEWS HAS NOT PROVIDED THE NECESSARY "PROOF" TO REBUT BLOCK'S PRESUMPTIVE LEAD PLAINTIFF STATUS .................................................................... 6

    III.    MATTHEWS HAS RULE 23 IMPEDIMENTS ............................... 10

CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
   No. 10-06352 MMM (PJWX), 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011)...1

*Apple v. LJ Int'l Inc.*,
   No. CV 07-6076 GAF (JWJx), 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) .....5

*Camp v. Qualcomm Inc.*,
   No. 18-CV-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ..........9

*Chao Lu v. Jumei Int'l Holding Ltd.*,
   No. 14CV9826, 2015 WL 4104570 (S.D.N.Y. June 22, 2015) ........................2, 7

*Chupa v. Armstrong Flooring, Inc.*,
   2:19-CV-09840-CAS (MRWx), 2020 WL 1032420 (C.D. Cal. Mar. 2, 2020).....6

*CYI, Inc. v. Lumin Zone Int'l Ltd.*,
   No. CV 05-3016 DSF (VBKx), 2006 WL 8434391 (C.D. Cal. Dec. 11, 2006)..10

*Fasano v. Li*,
   No. 1:16-CV-8759 (KPF) (S.D.N.Y. Mar. 8, 2017) (Order) ................................7

*Freudenberg v. E\*Trade Fin. Corp.*,
   No. CIV A 07 Civ. 8538, 2008 WL 2876373 (S.D.N.Y. July 16, 2008)...........2, 7

*Hufnagle v. Rino Int'l Corp.*,
   No. CV 10-8695-VBF (VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011),
   *adopted by* No. CV 10-1754-VBF (VBKx),
   2011 WL 710676 (C.D. Cal. Feb. 16, 2011) ......................................................2

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019), *reconsideration
   denied*, No. 19-CV-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ............8, 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..............................................................................5

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
   209 F.R.D. 447 (C.D. Cal. 2002)..........................................................................9

*In re Quintus Sec. Litig.*,
   201 F.R.D. 475 (N.D. Cal. 2001) ..............................................................................6

*In re SLM Corp. Sec. Litig.*,
   258 F.R.D. 112 (S.D.N.Y. 2009)..............................................................................11

*Karp v. Diebold Nixdorf, Inc.*,
   No. 19 CIV. 6180 (LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019),
   *adhered to on reconsideration*,
   No. 19 CIV. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019)..........8, 11

*Lechner v. InfuSystem Holdings, Inc.*,
   No. 2:16-cv-08295-ODW(AGRx),
   2017 WL 5640523 (C.D. Cal. Feb. 17, 2017) ........................................................6

*Melucci v. Corcept Therapeutics Inc.*,
   No. 19-CV-01372-LHK, 2019 WL 4933611 (N.D. Cal. Oct. 7, 2019) ................8

*Milbeck v. TrueCar, Inc.*,
   No. 2:18-cv-02612-SVW-AGR, 2018 WL 4998269 (C.D. Cal. June 27, 2018)...6

*Miller v. Ventro Corp.*,
   No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001).........................4

*Nasin v. Hongli Clean Energy Techs. Corp.*,
   Civ. No. 2:17-3244 (WJM), 2017 WL 5598214 (D.N.J. Nov. 21, 2017)........3, 10

*Romero v. Growlife, Inc.*,
   No. 2:14-cv-03015-CAS (JEMx), 2014 WL 3734543 (C.D. Cal. July 23, 2014) .5

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010).............................................................................7

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
   No. C 05-02042 CRB, 2006 WL 7348107 (N.D. Cal. Jan. 12, 2006) ...............2, 7

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005)............................................................................. 5

*Woburn Ret. Sys. v. Salix Pharm., Ltd.*,
   No. 14-CV-8925 KMW, 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ...............9

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................6, 7, 10

28 U.S.C. § 1746............................................................................................3, 9, 10

Lead Plaintiff Movant Block Investments Corporation ("Block") respectfully submits this reply[1] in further support of its motion for appointment as Lead Plaintiff in the above-referenced putative securities class action (the "Action"), for approval of its selection of Bernstein Liebhard LLP as Lead Counsel for the proposed Class, and in opposition to all other competing Lead Plaintiff motions.

## PRELIMINARY STATEMENT

Block is the presumptive lead plaintiff here. There is no dispute that Block's financial interest is nearly ten times larger than that of the only competing movant, Matthews. And Block has made a *prima facie* showing of its typicality and adequacy under Rule 23. Accordingly, under the PSLRA, Block is the presumptive lead plaintiff.[2]

To rebut Block's presumptive lead plaintiff status, Matthews must offer proof – ***not speculation*** – that Block is atypical or inadequate under Rule 23. *See, e.g.*, *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWX), 2011 WL 13130706, at *8 (C.D. Cal. Mar. 15, 2011) ("once the presumption is triggered the question is…whether anyone can ***prove*** that the presumptive lead plaintiff will not do a fair and adequate job."). Matthews has no such proof.

Instead, Matthews offers nothing but speculative and *ad hominem* attacks. Matthews raises a parade of horribles about purportedly "secretive" and nefarious British Virgin Islands ("BVI") entities, but fails to acknowledge that courts

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Block's opening memorandum. *See* ECF No. 29.

[2] It is telling that the other competing lead plaintiff movants have filed notices of non-opposition or withdrawal, implicitly recognizing that Block is the presumptive lead plaintiff. ECF Nos. 35, 36. This includes the Beyond Meat Investor Group, whose financial interest of $519,164 is far greater than that of Matthews. *See* ECF No. 26-3. It seems Matthews is taking a shot in the dark by raising speculative arguments against Block after the Beyond Meat Investors Group's withdrawal put Matthews in a distant second, rather than a distant third, place.

regularly appoint foreign entities, including BVI entities, as lead plaintiffs. *See, e.g., Ortiz v. Canopy Growth Corporation et al.*, No. 2:19-cv-20543-KM-ESK, ECF No. 27 (D.N.J. Feb. 10, 2020) (court appointed BVI entities as lead plaintiff); Order, *Fasano v. Li*, No. 1:16-CV-8759 (KPF), ECF No. 32 (S.D.N.Y. Mar. 8, 2017) (same); *Chao Lu v. Jumei Int'l Holding Ltd.*, No. 14CV9826, 2015 WL 4104570, at *3 n.1 (S.D.N.Y. June 22, 2015) (same); *Freudenberg v. ETRADE,* No. CIV A 07 Civ. 8538, 2008 WL 2876373, at *3 (S.D.N.Y. July 16, 2008) (same). *See also*, *e.g.*, *Hufnagle v. Rino Int'l Corp.*, CV 10-8695-VBF (VBKx), 2011 WL 710704, at *7 (C.D. Cal. Feb. 14, 2011), *adopted by* No. CV 10-1754-VBF (VBKx), 2011 WL 710676 (C.D. Cal. Feb. 16, 2011) ("courts routinely appoint foreign investors as lead plaintiffs") (collecting cases).  In fact, there is no *per se* bar on a BVI entity serving as a lead plaintiff in a securities class action, as Matthews suggests.

Matthews chiefly relies on *Smajlaj v. Brocade Commun. Sys. Inc.*, No. C 05-02042 CRB, 2006 WL 7348107, at *2 (N.D. Cal. Jan. 12, 2006), in support of her argument that BVI entities are *per se* suspect, but that case is inapposite here and had very different facts.  *Brocade* involved two investment management companies, three hedge funds, and unanswered questions about standing.  The facts here are in stark contrast – Block is not a hedge fund; Block is an investment corporation run by Jose Carbajal that invests his family's money; Block invested in Beyond Meat securities; and Carbajal is Block's President and has authority to litigate on Block's behalf.

Matthews' other speculations fare no better.  Matthews wonders whether Carbajal, Block's President, is authorized to litigate these claims.  As represented on Block's certification, Carbajal is authorized to sign on behalf of Block and, as Block's President, is authorized to act on Block's behalf.  Matthews further speculates whether Block's Carbajal is the same Jose A. Carbajal that was

apparently censured for repeated fiduciary breaches, securities fraud, and elder abuse in California.  He is not.  A simple comparison of the age of Block's President (62), which was included in Block's opening motion, with the age of the other Jose A. Carbajal, would have informed Matthews that these were two different individuals.  *See infra* at 9.

Finally, Matthews questions in a footnote whether Block's certification would be deficient if it was executed outside the United States because it did not specifically state that it was under penalty of perjury under U.S. laws.  Matthews' argument does not bear scrutiny.  Carbajal executed Block's certification in Peru, but the certification twice represents that it relates to claims alleged under the U.S. federal securities laws, explicitly states that it is "under penalty of perjury" and was likewise filed in a U.S. court.  Block's certification contains the precise language required under the PSLRA, which is also substantially the same as the suggested language in 28 U.S.C § 1746.  That is all that is required.  Furthermore, Matthews mischaracterizes the only case she relies on to "support" her argument, *Nasin v. Hongli Clean Energy Techs. Corp.*, Civ. No. 2:17-3244 (WJM), 2017 WL 5598214, at *1 (D.N.J. Nov. 21, 2017).  In *Nasin*, the lead plaintiff movant was disqualified because it included **no penalty of perjury language whatsoever** in its certification – a requirement of the PSLRA.  That is not the case here.[3]

Beyond lacking the largest financial interest, and not being the presumptive lead plaintiff here, which alone should warrant the denial of her motion, Matthews has other Rule 23 impediments.  First, Matthews' financial interest is still a moving target as her motion and opposition have different financial interest figures than the

---

[3] Although Block contends that its certification is valid, and that Matthews' argument is without merit, to allay any concerns Block will submit an updated certification if the Court believes an updated certification is warranted.

loss chart she submitted to the Court.[4]  This inconsistency is also a mark against her adequacy to represent the Class.  Additionally, Matthews suffers from unique defenses because she included losses suffered by her husband and her son (whose claims were assigned to her) – but as Block noted in its opposition, the investment relationship between Matthews, her husband, and her son remains unknown.  For example, who made the investment decisions underlying these investments?  If all three did, are all three aware that they may have to sit for a deposition here?

For all these reasons and those discussed below, the Court should appoint Block as Lead Plaintiff and approve its choice of counsel.

## ARGUMENT

### I.    BLOCK IS THE PRESUMPTIVE LEAD PLAINTIFF

#### A. Block Has The Largest Financial Interest By A Huge Margin

Block's financial interest is $1,933,589 and Matthews' is, under the best case scenario, $235,808.[5]  Thus, Block's financial interest is almost ten times greater than Matthews' – a fact Matthews concedes in her opposition.  Congress included the financial interest provision in the PSLRA because it believed that an investor's financial interest would be directly proportional to the investor's dedication to the case.  *Miller v. Ventro*, No. 01-CV-1287, 2001 WL 34497752, at *11 (N.D. Cal. Nov. 28, 2001) ("the PSLRA favors the investors with the largest financial stake as presumptively representing the best interests of the class").  Thus, Block's financial loss gives it a much stronger incentive than Matthews to prosecute this case.

---

[4] Matthews' motion reported a financial interest of $227,863 and her loss chart an interest of $235,808.  *See* ECF Nos. 17, 18-3.

[5] *See supra* at 3 n.3.

**B. Block Has Shown Its *Prima Facie* Typicality and Adequacy**

In appointing a lead plaintiff, a district court must determine whether the movant has made a *prima facie* showing of typicality and adequacy. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005); *cf. In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). The burden at this stage is relatively light. *Romero v. Growlife, Inc.*, No. 2:14-cv-03015-CAS (JEMx), 2014 WL 3734543, at *3 (C.D. Cal. July 23, 2014).

Block has handily demonstrated its *prima facie* typicality and adequacy. Block's claims are typical of those of other Class members because, like other Class members, Block purchased Beyond Meat securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of this Action. Block suffered substantial losses – by far the largest losses of any movant – as a result of the alleged fraud in this Action. And Block's claims are based on the same legal theory and arise from the same course of conduct as the Class' claims. *Apple v. LJ Intl. Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008).

Block has also demonstrated its adequacy to serve as Lead Plaintiff in this Action. First, Block has the largest financial interest in this Action of any movant, which will ensure its vigorous and adequate prosecution of the Class' claims. *Tanne*, 226 F.R.D. at 666 ("institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements"). Second, Block has no conflicts with other Class members. To the contrary, Block's interests are perfectly aligned with the Class' interests of maximizing a recovery. Third, Block has demonstrated its adequacy by selecting qualified counsel with

substantial experience litigating securities class actions. *See* ECF No. 29; *Lechner v. InfuSystem Holdings, Inc.*, No. 2:16-cv-08295-ODW(AGRx), 2017 WL 5640523, at *4 (C.D. Cal. Feb. 17, 2017).

Block has also demonstrated its ability to supervise and oversee its chosen counsel, which further militates in favor of its adequacy here. *In re Quintus Sec. Litig.*, 201 F.R.D. 475, 482 (N.D. Cal. 2001). As noted in its initial moving papers, Block carefully vetted its chosen counsel and negotiated a favorable fee with counsel for the benefit of the Class. Opening Mot. (ECF No. 29) at 2. *See also Quintus*, 201 F.R.D. at 482.

Lastly, Block has shown its adequacy because it is a sophisticated investor with 14 years of experience investing in the securities markets, and because it both understands and is willing to undertake the responsibilities of Lead Plaintiff. *Milbeck v. TrueCar, Inc.*, No. 2:18-cv-02612-SVW-AGR, 2018 WL 4998269, at *3 (C.D. Cal. June 27, 2018); Opening Mot. at 1 ("Block is an investment company organized under the rules of the British Virgin Islands. Jose Carbajal is Block's president and has authority to act on its behalf. Mr. Carbajal is 62 years old and has been an investor for over fourteen (14) years"). This information coupled with Block's sworn certification are sufficient to show Block's *prima facie* adequacy.

For these reasons, Block meets the typicality and adequacy requirements of Rule 23. Because Block has the largest financial interest and has made a *prima facie* Rule 23 showing, Block is presumptive lead plaintiff.

## II.    MATTHEWS HAS NOT PROVIDED THE NECESSARY "PROOF" TO REBUT BLOCK'S PRESUMPTIVE LEAD PLAINTIFF STATUS

Block's presumptive lead plaintiff status can only be rebutted "upon proof" that it is inadequate or atypical to represent the Class. 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II); *cf. Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 WL 1032420, at *2 (C.D. Cal. Mar. 2, 2020) (at lead plaintiff stage, a wide ranging analysis of the requirements under Rule 23 is not appropriate). Matthews' attempts to rebut Block's presumptive lead plaintiff status amount to nothing more than speculation about *possible* issues relating to Block. They do not come close to the "proof" of atypicality or inadequacy that are required to rebut Block's presumptive status.

Matthews asserts that Block's status as a BVI entity is itself a problem. Not so. In fact, it is well-settled that foreign investors can serve as lead plaintiffs, and that finding a foreign investor atypical or inadequate on nationality grounds would defy the realities and complexities of today. *See, e.g.*, *Sgalambo v. McKenzie*, 268 F.R.D. 170, 176-77 (S.D.N.Y. 2010) (appointing Belgian investors as lead plaintiff).

Moreover, contrary to Matthews' claim, courts *routinely* appoint BVI entities like Block as lead plaintiffs. *See Ortiz v. Canopy Growth Corporation et al.*, No. 2:19-cv-20543-KM-ESK, ECF No. 27 (D.N.J. Feb. 10, 2020) (appointing Formica Industries Limited, a BVI corporation, lead plaintiff as part of a group with other investors); *Fasano v. Li*, No. 1:16-CV-8759 (KPF), ECF No. 32 (S.D.N.Y. Mar. 8, 2017) (appointing two investment holding vehicles incorporated under the laws of the BVI as lead plaintiffs); *Chao Lu*, 2015 WL 4104570, at *3 n.1 (appointing two "Virgin Islands companies" as lead plaintiffs"); *Freudenberg*, 2008 WL 2876373, at *3 (appointing two "investment companies organized and existing under the laws of the British Virgin Island" as lead plaintiffs).

Nonetheless, Matthews claims Block cannot serve as lead plaintiff simply because it is a BVI corporation. Matthews chiefly relies on *Brocade*, but that case is inapposite as it has fundamentally different facts. 2006 WL 7348107, at *2. In *Brocade*, hedge fund management company Intrepid Capital Management moved

for lead plaintiff appointment.  The court rejected its motion because it was unclear which of five different hedge fund entities actually invested in the corporate defendant and which had the authority to litigate:

> There are two different management companies for three different hedge funds, yet only one of the management companies has applied to be lead plaintiff. While this type of structure may be common in the hedge fund industry, it is certainly atypical of the class as a whole. . . . Because it is unclear which funds held Brocade stock, whether Intrepid Capital Management has authority to act on behalf of those funds, and whether any other Intrepid management companies would need to authorize this suit and the production of any documents, Intrepid is likely to face unique defenses.

*Id*. at \*3.  There are no such questions here – Block is not a hedge fund; Block is an investment corporation that invests Carbajal's family's funds; Block invested in Beyond Meat; and Carbajal is Block's President and has authority to proceed with this litigation.  In sum, the complicated issues that sometimes arise with proposed hedge fund lead plaintiffs are not present here.  *Cf. Melucci v. Corcept Therapeutics Inc*., No. 19-CV-01372-LHK, 2019 WL 4933611, at \*5 (N.D. Cal. Oct. 7, 2019) (finding speculative arguments that presumptive lead plaintiff was inadequate due to the lack of clarity around its "assets, leadership structure, voting procedures, [and] litigation experience" were "unpersuasive").[6]

[6] Matthews' other case authorities fare no better.  In *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at \*6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration,* No. 19 CIV. 6180(LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019), the court rejected movants because they (unlike Block) provided little information about themselves and because they made errors in their certification, exaggerating their financial interest by 34%.  *See id.*  If anything, *Karp* impugns Matthews' motion due to the inconsistent loss figures in her original submission.  *See also In re The Boeing Co. Aircraft Sec. Litig*., No. 19 CV 2394, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019) (rejecting movants who, unlike Block, provided no information about their investment experience and who had very unusual trading patterns), *reconsideration denied*, No. 19-CV-02394, 2020

Matthews asks whether Block's Carbajal is the same Jose A. Carbajal that allegedly defrauded elderly investors in California in 2014.  Br. at 3.  He is not, as Matthews could have independently determined.  Block represented in its opening motion that its President, Jose Carbajal, is 62 years old.  *See* Opening Mot. at 1.  The Jose A. Carbajal that allegedly defrauded investors in 2014 was 45 then and would be approximately 51 now.  *Compare* King Decl., Ex. A (ECF No. 30-1) *with* Choi Decl., Ex. A (showing Jose A. Carbajal was 45 in 2014).  If Matthews compared the age of Block's President (62) to the age of the other Jose A. Carbajal, she would have realized they were two different individuals.

Matthews also asks whether Jose Carbajal, Block's President, is authorized to litigate these claims.  As represented on Block's certification, Carbajal was authorized to sign on behalf of Block and, as Block's President, Carbajal is authorized to act on Block's behalf.  *See* ECF No. 30-2.  Nothing more is required.  *See, e.g.*, *Woburn Ret. Sys. v. Salix Pharm.*, No. 14-CV-8925 (KMW), 2015 WL 1311073, at *5 (S.D.N.Y. March 23, 2015) ("Pentwater submitted a PSLRA-required certification that explicitly states that Zirin is authorized to sign the certification on behalf of each Pentwater fund….  Nothing more is required to establish the signer's authority") (citation omitted).

Finally, Matthews argues that "if Mr. Carbajal executed [Block's] Certification outside the United States, it is defective" as it does not specifically represent that it was under penalty of perjury **under U.S. law** under 28 U.S.C. § 1746.  *See* Br. 3 n.4.  Matthews' argument does not bear analysis.  Carbajal

WL 476658 (N.D. Ill. Jan. 28, 2020);  *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (rejecting movant who did not provide information about "who he is" – unlike Block, which provided information about itself and the investment experience of Jose Carbajal, its President); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (rejecting individuals who, unlike Block, had no investment sophistication).

executed Block's certification in Peru, **but it was explicitly under *"penalty of perjury"*** – which is what is required by the PSLRA. *See* 15 U.S.C. §78u-4. This language is also substantially the same as that suggested in 28 U.S.C. § 1746. Moreover, Block's certification twice references that this action alleges violations of the "federal [*i.e., United States*] securities laws," it was filed in a U.S. court, and the language under 28 U.S.C. § 1746 is not a rigid requirement under U.S. law. *See* ECF No. 30-2; *CYI, Inc. v. Lumin Zone Intl. Ltd.*, No. CV 05-3016 DSF (VBKx), 2006 WL 8434391, at *3 (C.D. Cal. Dec. 11, 2006) ("although the statute includes the exemplary language 'under the laws of the United States of America,' the Court concludes that this is not a rigid requirement"). Thus, Block's certification is valid. Nevertheless, if the Court believes it is warranted, to allay any doubts, Block will submit an updated certification.

Matthews' reliance on *Nasin* only highlights the weakness of her argument about Block's certification. In *Nasin*, the court rejected lead plaintiff movants who had "provided unsworn PSLRA declarations that lacked the required 'under penalty of perjury' language as federal law requires". 2017 WL 5598214, at *3. Here, in stark contrast, Carbajal executed Block's certification, which clearly references U.S. law, under "penalty of perjury[,]" and thus has complied with the "federal law," *see id.*, requirements of the PSLRA. Thus, *Nasin* does not support Matthews' claim that Block's certification was invalid.

In sum, Matthews' arguments against Block are either pure speculation or facially groundless. Matthews' arguments, thus, should be rejected.

### III.   MATTHEWS HAS RULE 23 IMPEDIMENTS

Matthews' motion for lead plaintiff should be denied because Block satisfies all of the relevant requirements for appointment as lead plaintiff and Matthews has not offered the requisite proof to rebut Block's strong presumptive status.

But Matthews' motion also fails for other reasons. First, Matthews reports two different financial interests in her moving papers – $235,808 and $227,863. *See supra* at 3 n.3. Indeed, despite now having had two opportunities to speak on these issues, Matthews has not provided any clarity into her true financial interest. As one of her own cited cases shows, mistakes relating to reported financial interest can undermine a lead plaintiff motion. *See supra* at 8 n.6 (citing *Karp*, 2019 WL 5587148, at *6 (rejecting movants who made errors relating to financial interest in lead plaintiff motion)).

Second, Matthews is subject to unique defenses under Rule 23 because she moved for lead plaintiff on behalf of herself, her husband, and her son. Although she submitted assignments of these claims, that does not end the inquiry as there are important open questions. For example, who made the investment decisions underlying these investments? If all three did, are all three aware that they may have to sit for a deposition here? Without additional information, it is impossible to determine whether Matthews suffers from a unique defense at this stage. *See*, *e.g.*, *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (rejecting lead plaintiff where assignments raised unique defenses under Rule 23).

## CONCLUSION

For the foregoing reasons and those given in its earlier submissions, Block respectfully requests that the Court grant its motion to: (1) appoint it as Lead Plaintiff in the Action, and all subsequently-filed, related actions; (2) approve Bernstein Liebhard LLP as Lead Counsel and Kaplan Fox & Kilsheimer LLP as Liaison Counsel; and (3) deny all competing motions.

Respectfully submitted,

DATED: April 13, 2020        **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Justin B. Farar*
　　　　Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
Email: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: *lking@kaplanfox.com*
        *mchoi@kaplanfox.com*

*Counsel for Block Investments Corporation and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Joseph R. Seidman, Jr. (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: *bernstein@bernlieb.com*
        *lhasson@bernlieb.com*
        *seidman@bernlieb.com*
        *mguarnero@bernlieb.com*

*Counsel for Block Investments Corporation and Proposed Lead Counsel for the Proposed Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on April 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2020.

/s/ *Justin B. Farar*
Justin B. Farar