SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
jspertus@spertuslaw.com
Christa L. Culver Wasserman (SBN 289128)
cwasserman@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, CA 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521

STOEL RIVES LLP
B. John Casey (admitted *pro hac vice*)
john.casey@stoel.com
Brad Daniels (admitted *pro hac vice*)
brad.daniels@stoel.com
Samantha Sondag (admitted *pro hac vice*)
samantha.sondag@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 294-9170
Facsimile: (503) 220-2480

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LARRY TRAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>BEYOND MEAT, INC., et al.,<br><br>                              Defendants. | Case No. 2:20-cv-00963-MWF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>[Filed concurrently with Defendants' Notice of Motion and Motion to Dismiss Amended Class Action Complaint for Violation of the Federal Securities Laws]<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Date: October 5, 2020<br>Time: 10:00 a.m. |

Defendants Beyond Meat, Inc. ("Beyond Meat"), Ethan Brown, and Mark J. Nelson (together, "Defendants") request that the Court take judicial notice of, or consider under the incorporation by reference doctrine, the documents attached as **Exhibits 1-14** to the Declaration of B. John Casey ("Casey Declaration") in Support of Defendants' Motion to Dismiss Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint").

## I.    Introduction

Exhibits 1-14 to the Casey Declaration are highly relevant to the Court's determination of the Motion to Dismiss the Amended Complaint.  They fall within two categories: (1) publicly available filings and exhibits from the case styled *Don Lee Farms v. Beyond Meat, Inc., et al.,* Case No. BC662838 (Los Angeles Super. Ct.) (the "DLF Litigation"), that Plaintiffs extensively reference and on which Plaintiffs' claims depend, but which Plaintiffs did not attach to the Amended Complaint, and (2) Beyond Meat's SEC filings, which Plaintiffs allege contain false and misleading statements, but which Plaintiffs again failed to attach to their Amended Complaint.

These documents are incorporated by reference in the Amended Complaint, and/or are the proper subject of judicial notice under Federal Rule of Evidence ("FRE") 201.  All are publicly available and their authenticity cannot be reasonably questioned.  Accordingly, Defendants respectfully request that the Court grant their request for judicial notice.

## II.    Argument

In ruling on a motion to dismiss in a securities fraud class action, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" under FRE 201.  *Tellabs, Inc. v.*

REQUEST FOR JUDICIAL NOTICE                    -2-                    Case No. 2:20-cv-00963

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (quoting *Tellabs*, 551 U.S. at 322); *see also In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (rule that district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) "does not apply to the incorporation by reference doctrine or judicial notice under [FRE] 201") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).

### A.     Incorporation by Reference Doctrine.

A defendant may seek to incorporate into a complaint documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (brackets in original) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)), *abrogated on other grounds, South Ferry, LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). The doctrine extends to documents that are necessary to a plaintiff's allegations, even if not explicitly referenced in the complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). The court may treat such a document that is incorporated by reference as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The incorporation by reference doctrine prevents plaintiffs from surviving a Rule 12(b)(6) motion by mischaracterizing or omitting documents upon which their claims are based. *See Parrino*, 146 F.3d at 706. Courts need not "accept as true conclusory allegations which are contradicted by documents referred to in

the complaint." *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

### B. Judicial Notice Under FRE 201.

FRE 201 independently permits courts to take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). Courts "may take judicial notice of undisputed matters of public record, *including documents on file in federal or state courts*." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (emphasis added) (citations omitted); *Allergan USA, Inc. v. Prescribers Choice, Inc*, 364 F. Supp. 3d 1089, 1095 (C.D. Cal. 2019) (same). "*Public filings made . . . with the SEC . . .* are matters of public record not subject to reasonable dispute" and therefore also may be judicially noticed. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (emphasis added); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings).

### C. All Exhibits Are Subject to Judicial Notice.

As noted, the documents for which Defendants seek judicial notice fall within two categories: (1) publicly available filings and exhibits from the DLF Litigation; and (2) Beyond Meat's SEC filings.

***Incorporation by Reference:*** Both categories of documents are subject to judicial notice under the incorporation by reference doctrine because they are necessary to Plaintiffs' claims, *see Coto Settlement*, 593 F.3d at 1038, and the Complaint refers to them "extensively," *Ritchie*, 342 F.3d at 907–09. Indeed, Plaintiffs expressly refer to the DLF Litigation 63 separate times in their Amended Complaint. (Compl. at *passim*.) They refer to the Exclusive Supply Agreement ("ESA") between Don Lee Farms ("DLF") and Beyond Meat 53 times. (*Id.*) They expressly discuss Beyond Meat's denials of DLF's claims

(which are noted in Beyond Meat's publicly available answers) at least seven times.  (*Id.* ¶¶ 24, 27, 108, 112, 154, 159, 162).  They refer to DLF's motion for leave to amend the Second Amended Complaint and application for writ of attachment, and the Los Angeles Superior Court's rulings thereon, at least eight times.  (*Id.* ¶¶ 25, 26, 105, 106, 107, 107 n. 51, 131).  They discuss the content of DLF's January 27, 2020 press release concerning the Los Angeles Superior Court's rulings—the alleged corrective disclosure in the case—at least seven times.  (*Id.* ¶¶ 25, 25 n. 5, 26, 106, 131, 131 n. 54, 156.)

The Amended Complaint refers with similar frequency to Beyond Meat's allegedly false and misleading disclosures about the DLF Litigation in its May 3, 2019 Registration Statement and first through third quarter 2019 10-Qs (*Id.* ¶¶ 11, 96, 100, 104, 114-130, 147.)  It also discusses Beyond Meat's March 19, 2020 10-K four times to back up statements regarding Beyond Meat's products and revenue.  (*Id.* ¶¶ 12 n. 2, 51 n. 9, 140 n. 55, 147.)

In sum, Plaintiffs' case rests on their assertions that (1) Defendants falsely represented in SEC filings that they believed in the merits of their defense regarding DLF's claims; (2) such falsity was revealed to the market after the Los Angeles Superior Court ruled on DLF's motions for leave to amend and writ of attachment, when DLF issued its January 27, 2020 press release; and (3) the press release "revealed material adverse information."  (*See id.* ¶ 155.)  Defendants therefore may properly introduce the documents underlying these assertions: the court complaints setting forth DLF's claims; Beyond Meat's answers to those claims; the writ of attachment and motion for leave to amend briefing and orders; the January 27, 2020 press release; and Beyond Meat's relevant SEC filings: the Registration Statement, the 10-Qs, and the 2020 10-K.

***Judicial Notice Under FRE 201:***  Exhibits 1 – 11, 13, and 14 (*i.e.*, everything except the DLF press release) are also subject to judicial notice under FRE 201.  The contents of these California Superior Court and SEC filings can

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b)(2); *see also Harris*, 682 F.3d at 1131-32 (taking judicial notice of documents on file in state court); *Allergan USA, Inc.,* 364 F. Supp. 3d at 1095 (same); *Metzler*, 540 F.3d at 1064 n.7 (taking judicial notice of SEC filings); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at 827 (same).[1]

## III.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court consider the above-listed documents under the incorporation by reference doctrine and/or take judicial notice of the documents under FRE 201.

DATED:  July 31, 2020

SPERTUS, LANDES & UMHOFER, LLP

/s/ _James W. Spertus
James W. Spertus
Christa L. Culver Wasserman
617 West 7th Street, Suite 200
Los Angeles, CA  90017
Telephone:  (213) 205-6520
Facsimile:  (213) 205-6521
Email:    jspertus@spertuslaw.com
          cwasserman@spertuslaw.com

STOEL RIVES LLP
B. John Casey (admitted *pro hac vice*)
Brad Daniels (admitted *pro hac vice*)
Samantha Sondag (admitted *pro hac vice*)
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 294-9170
Facsimile:  (503) 220-2480
Email:    john.casey@stoel.com
          brad.daniels@stoel.com
          samantha.sondag@stoel.com

*Counsel for Defendants*

---

[1]  Defendants note that, although they have attached the entirety of the specified SEC filings to the Casey Declaration, the declaration itself identifies the pages of which Defendants seek judicial notice so the Court can identify the "fact or facts it is noticing." *Khoja*, 899 F.3d at 999.