# EXHIBIT 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 55

**BC662838**                                                             January 21, 2020
**DON LEE FARMS VS SAVAGE RIVER INC**                                              8:30 AM

Judge: Honorable Malcolm Mackey              CSR: Marco Neily, CSR # 13564
Judicial Assistant: A. Danelian              ERM: None
Courtroom Assistant: M. Kinney               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Daniel A. Platt and Lisa E. Rubin

For Defendant(s): Mitchell A. Kamin; Daniel C. Lapidus; Neema T. Sahni

**NATURE OF PROCEEDINGS:** Hearing on Motion for Leave to Amend Motion for Leave to Amend Complaint

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Marco Neily, CSR # 13564, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The above matter is called for hearing.

The Court has read and considered all documents filed hereto regarding the above-captioned Motion and provides counsel with its written Tentative Ruling. Counsel are given the opportunity to argue. After argument, the Court adopts its tentative ruling set forth below as the Final Ruling:

The motion is granted.

Plaintiff may serve and file the proposed Third Amended Complaint, as a separate document, within 10 days.

The motion was made fewer than 3 months after the deposition basis for the motion, and, thereafter, some delay is further justified with analyzing the deposition transcript.

In considering whether there was unjustified delay as to a motion for leave to file an amended pleading, the court should consider whether the party, "was not diligent in offering the amendment after knowledge of the facts…." Solit v. Tokai Bank (1999) 68 Cal. App. 4th 1435, 1448 (citing Roemer v. Retail Credit Co. (1975) 44 Cal. App. 3d 926, 940).

Opposing party should not be advocating for the proposed, additional parties.

Minute Order                                                              Page 1 of 2

EXHIBIT 9
Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 55

**BC662838**                                                        January 21, 2020
**DON LEE FARMS VS SAVAGE RIVER INC**                                8:30 AM

Judge: Honorable Malcolm Mackey          CSR: Marco Neily, CSR # 13564
Judicial Assistant: A. Danelian          ERM: None
Courtroom Assistant: M. Kinney           Deputy Sheriff: None

---

As to law and motion proceedings, litigants generally must assert their own rights, rather those of other parties. Matrixx Initiatives, Inc. v. Doe (2006) 138 Cal. App. 4th 872, 877, 881

The sufficiency of the proposed amendments is not properly before the Court.

Courts generally do not consider the validity of proposed amendments to a pleading. Kittredge Sports Co. v. Sup. Ct. (1989) 213 Cal. App. 3d 1045, 1047; Atkinson v. Elk Corp. (2006) 109 Cal. App. 4th 739, 760 ("the better course of action would have been to allow … [plaintiff] to amend the complaint and then let the parties test its legal sufficiency in other appropriate proceedings.").

"[I]f an amendment is appropriate the trial Court should continue the trial if necessary, even if the matter is on fast track." Honig v. Financial Corp. of America (1992) 6 Cal. App. 4th 960, 967.

Where parties opposing summary judgment seek to assert facts or theories not pled, they must move for leave to amend the pleadings before the hearing on the motion. Dang v. Smith (2010) 190 Cal. App. 4th 646, 664 ("If a party seeks to avoid summary judgment by going outside the pleadings, it is incumbent upon him to move to amend in a timely fashion."); Laabs v. City of Victorville (2008) 163 Cal.App.4th 1242, 1257 ("it is incumbent on the plaintiff to seek leave to amend the complaint either prior to the hearing on the motion for summary judgment, or at the hearing itself."); Burkle v. Burkle (2006) 141 Cal. App. 4th 1029, 1042 n. 9; Leibert v. Transworld Sys. (1995) 32 Cal. App. 4th 1693, 1699.

Notice is waived.

---

EXHIBIT 9
Page 2 of 2