# EXHIBIT 10

Electronically FILED by Superior Court of California, County of Los Angeles on 12/31/2019 03:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Hung,Deputy Clerk

LOEB & LOEB LLP
DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ROBERT J. CATALANO (SBN 240654)
rcatalano@loeb.com
SAFIA GRAY HUSSAIN (SBN 251123)
sghussain@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff and Cross-Defendant
DON LEE FARMS, a division of
GOODMAN FOOD PRODUCTS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC.;<br><br>Plaintiff,<br><br>v.<br><br>BEYOND MEAT, INC.; PROPORTION FOODS, LLC; and DOES 1 through 10, inclusive;<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: BC662838<br>Assigned to Hon. Malcolm H. Mackey<br>Dept.: 55<br><br>**DON LEE FARMS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ITS THIRD AMENDED COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DECLARATION OF DANIEL A. PLATT**<br><br>[*Concurrently filed:[Proposed] Order*]<br><br>Date: January 28, 2020<br>Time: 8:30 a.m.<br>Dept.: 55<br><br>Complaint Filed: May 25, 2017<br><br>**Reservation ID#: 539368854180** |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 1 of 14

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 28, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 55 of the above-entitled Court, located at 111 North Hill Street, Los Angeles, California, Plaintiff and Cross-Defendant Don Lee Farms, a division of Goodman Food Products, Inc. ("DLF" or "Don Lee Farms") will, and hereby does, move this Court, pursuant to Code of Civil Procedure ("C.C.P.") sections 473(a)(1) and 576, for leave to file its proposed Third Amended Complaint (the "TAC"), on the grounds that leave to amend is granted liberally and must be granted where, as here, the defendants will suffer no prejudice as a result of the proposed amendment.

DLF's complaint alleged, *inter alia*, that Defendant, Cross-Complainant, and Cross-Defendant Beyond Meat, Inc. f/k/a/ Savage River, Inc. ("Beyond Meat") misappropriated DLF's trade secrets and disclosed those trade secrets to DLF's competitors. DLF's First Amended Complaint (the "FAC") named and added claims against one such competitor, Defendant and Cross-Complainant ProPortion Foods, LLC ("ProPortion") that replaced DLF as Beyond Meat's co-manufacturer of meat-substitute food products, and is using DLF's trade secrets in that capacity, having received them from Beyond Meat. DLF's Second Amended Complaint (the "SAC") added claims for fraud and negligent misrepresentation related to Beyond Meat's wrongful misrepresentations and/or omissions of material facts regarding its manufacturing processes—specifically, Beyond Meat's alteration of a food safety consultant's report—which misrepresentations DLF reasonably relied upon in, *inter alia*, deciding to continue and expand its relationship with Beyond Meat.

The TAC seeks to name certain Beyond Meat executives and employees as individual defendants to the fraud claim after DLF recently learned the extent of their involvement in making misrepresentations and/or omissions of material fact regarding Beyond Meat's manufacturing processes—specifically, their alteration of a food safety consultant's report—which misrepresentations DLF reasonably relied upon in, *inter alia*, deciding to continue and expand its relationship with Beyond Meat.

2

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 2 of 14

The TAC also seeks to amend DLF's breach of contract claim by separating it into distinct counts for each of the breaches alleged therein. This amendment does not add any new factual allegations or defendants to the pleading for the breach of contract cause of action, but is intended to provide both clarification for the Court and ease of ruling on any motion for summary judgment or summary adjudication to be filed by Don Lee Farms.

Pursuant to California Rule of Court 3.1324(a), the following changes were made to the complaint (as reflected in the TAC):[1]

| page: line | para. | proposed change |
|---|---|---|
| 1 | caption | add "MARK NELSON; JESSICA QUETSCH; ANTHONY MILLER;" as Defendants, change "SECOND" to "THIRD" |
| all | footer | change "SECOND" to "THIRD" in footer throughout |
| 2:2 | preamble | change "second" to "third" and change "SAC" to "TAC" |
| 2:3-4 | preamble | add "Mark Nelson, Jessica Quetsch, Anthony Miller," |
| 2:11-13 | 3 | add entire paragraph |
| 2:14-16 | 4 | add entire paragraph |
| 2:17-19 | 5 | add entire paragraph |
| 4:15-18 | 16 | add entire paragraph |
| 7:6 | 30 | change "SAC" to "TAC" |
| 7:12 | 33 | change "Breaches" to "Breach" |
| 7:13 | 33 | delete "among other things," and delete ", failing to pay for certain equipment and parts, failing to pay invoices, providing inferior raw product" |
| 7:17-9:3 | subtitles & 35-49 | add entire paragraphs 35-49 separating breach of contract claim into distinct counts for each of the breaches alleged |
| 9:4 | subtitle | change "Two" to "Five" |
| 9:7 | 50 | change "SAC" to "TAC" |

[1] *See also* Declaration of Daniel A. Platt ¶ 4 & Ex. 3 (redline of the pleadings).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 3 of 14

| page: line | para. | proposed change |
|---|---|---|
| 9:26 | 55 | change "SAC" to "TAC" |
| 10:13 | 58 | change "SAC" to "TAC" |
| 12:5 | 68 | change "SAC" to "TAC" |
| 12:14 | 72 | change "SAC" to "TAC" |
| 13:6 | 76 | change "SAC" to "TAC" |
| 14:4 | 84 | change "SAC" to "TAC" |
| 14:27 | 92 | change "SAC" to "TAC" |
| 15:22 | 98 | change "SAC" to "TAC" |
| 16:17 | subtitle | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 16:19 | 104 | change "SAC" to "TAC" |
| 16:21 | 105 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 16:27-28 | 106 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:4-5 | 107 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:6-7 | 107 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:12 | 108 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:16-17 | 109 | change "Meat's" to "Meat" and add ", Mark Nelson, Jessica Quetsch, and Anthony Miller's" |
| 17:24 | 110 | change "SAC" to "TAC" |
| 18:21 | title | made "PRAYER FOR RELIEF" bold |
| 18:22-23 | prayer | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and Declaration of Daniel A. Platt included herein, the proposed order, all pleadings and files herein, and such other matters as may be presented to the Court at the time of hearing.

//

//

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

4
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 4 of 14

Dated: December 31, 2019          LOEB & LOEB LLP
                                  DANIEL A. PLATT
                                  ROBERT J. CATALANO
                                  SAFIA GRAY HUSSAIN


                                  By: */s/ Daniel A. Platt*
                                      Daniel A. Platt
                                      Attorneys for Plaintiff and Cross-Defendant
                                      DON LEE FARMS, a division of
                                      GOODMAN FOOD PRODUCTS, INC.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 5 of 14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a routine motion for leave to file a third amended complaint naming individual defendants based on newly discovered evidence, to which Defendant, Cross-Complainant, and Cross-Defendant Beyond Meat, Inc. ("Beyond Meat") and Defendant and Cross-Complainant ProPortion Foods, LLC ("ProPortion") should have stipulated—especially because the proposed Third Amended Complaint (the "TAC") does not raise any new causes of action or allegations against either.  However, Beyond Meat has refused to stipulate to adding individual defendants to the cause of action for fraud and thus, Don Lee Farms[2] has been forced to file this motion.[3]

More particularly, in 2014, Don Lee Farms and Beyond Meat entered into an exclusive supply contract.  Through this contract, Don Lee Farms, an industry-leader in mass-producing meat-substitute food products, would develop the methods and processes to use Beyond Meat's pea-protein extrudate in various products, and then supply those products to Beyond Meat for sale to the public.

By early 2016, Don Lee Farms had repeatedly expressed to Beyond Meat that it had significant concerns regarding Beyond Meat's food safety protocols, arising from Beyond Meat's provision of ingredients to Don Lee Farms.  After Beyond Meat's CEO, Ethan Brown, represented that he would work towards resolving those issues, Beyond Meat retained a third-party food safety consultant to perform an audit of Beyond Meat's manufacturing facility.  However, unbeknownst to Don Lee Farms, Beyond Meat altered the third party's report before delivering it to Don Lee Farms.

Through recent discovery, Don Lee Farms now has reason to believe that, after the third-party food safety consultant provided the report to Beyond Meat, several of Beyond Meat's executives and employees—specifically Jessica Quetsch, Mark Nelson, and Tony

---

[2] Plaintiff and Cross-Defendant Don Lee Farms, a division of Goodman Food Products, Inc. (also referred to herein as "DLF").

[3] Beyond Meat refused to stipulate to the Third Amended Complaint before DLF could ask ProPortion for a stipulation, mooting ProPortion's response.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 6 of 14

Miller—coordinated to modify the report by, among other things, deleting significant provisions of it to conceal certain findings about Beyond Meat's manufacturing facility from Don Lee Farms. Based on the altered report, Don Lee Farms agreed to continue its relationship with Beyond Meat and enter into the First Amendment to the Exclusive Supply Agreement, which significantly increased the scope of operations under the agreement and Don Lee Farms' commitment to Beyond Meat.

After taking the deposition of Ms. Quetsch on October 10, 2019, Don Lee Farms now brings this motion for leave to file a third amended complaint to name Ms. Quetsch, Mr. Nelson, and Mr. Miller as defendants to the cause of action for fraud.

The TAC also seeks to separate DLF's breach of contract claim into distinct counts for each of the breaches alleged therein. This amendment does not add any new factual allegations or defendants to the pleadings or the cause of action, but is intended to provide both clarification to the Court and ease of ruling on any motion for summary judgment or summary adjudication to be filed by Don Lee Farms.

Don Lee Farms should be granted leave to file its TAC in light of the liberal policy in favor of amendments at any point in the proceedings. Because Beyond Meat will not stipulate to an amendment adding Ms. Quetsch, Mr. Nelson, and Mr. Miller as defendants to the cause of action for fraud, Don Lee Farms requests leave to file the TAC.

## II.    FACTUAL BACKGROUND

### A.    The Complaint, First Amended Complaint, and Second Amended Complaint.

Don Lee Farms and Beyond Meat were parties to an exclusive contract by which Don Lee Farms, an industry-leading food manufacturer with decades of experience mass-producing meat-substitute products, agreed to draw upon its acknowledged expertise and produce various meatless food products using a proprietary pea-protein "extrudate" licensed by Beyond Meat, a California-based "food startup" flush with investor cash but short on operational know-how. Because Don Lee Farms was retained to develop the operational processes necessary to successfully mass produce Beyond Meat's products, the contract

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 7 of 14

imposed strict prohibitions against disclosure of any confidential information provided (or developed) by the parties under the contract.

While the parties' contract was still in effect, unbeknownst to Don Lee Farms and in violation of the parties' exclusive contract, Beyond Meat provided Don Lee Farms' trade secrets to competing food manufacturers, including ProPortion, as part of Beyond Meat's plans to replace Don Lee Farms as Beyond Meat's exclusive supplier. Beyond Meat then improperly terminated its contract with Don Lee Farms, leading to this action.

Also during the course of the parties' contractual relationship, Don Lee Farms became concerned with Beyond Meat's food safety protocols. To redress Don Lee Farms' concerns, Beyond Meat retained a third-party food safety consultant to perform an audit of Beyond Meat's manufacturing facility. When Beyond Meat received the results of the third-party audit, Beyond Meat altered the report by deleting significant portions of it to conceal certain findings about Beyond Meat's manufacturing facility from Don Lee Farms before sending it to Don Lee Farms. Based on the altered report, Don Lee Farms agreed to continue its relationship with Beyond Meat and enter into an amended agreement with Beyond Meat which significantly increased the scope of operations and Don Lee Farms' commitment to Beyond Meat.

Don Lee Farms' original complaint sought relief against Beyond Meat for, among other claims, breaching both its exclusive supply agreement with Don Lee Farms and its confidentiality agreements with Don Lee Farms by using and disclosing Don Lee Farms' trade secrets, misappropriating its trade secrets, and sharing them with Don Lee Farms' competitors. *See, e.g.*, Declaration of Daniel A. Platt ("Platt Decl.") ¶ 2 & Ex. 1 (Second Amended Complaint, the "SAC"), at ¶¶ 34, 43.

After taking discovery from ProPortion, Don Lee Farms amended its complaint to include allegations and causes of action related to ProPortion replacing Don Lee Farms as Beyond Meat's co-manufacturer (despite Don Lee Farms' exclusive supply agreement with Beyond Meat), and being given Don Lee Farms' trade secret documents by Beyond Meat

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 8 of 14

(including at least Don Lee Farms' "recipes") to further their relationship. *See, e.g.*, *id.,* at ¶¶ 22-24, 44-46.

After Beyond Meat supplemented its production of documents in response to Don Lee Farms' requests for production, Don Lee Farms further amended its complaint to include allegations and causes of action against Beyond Meat related to the material misrepresentations contained in and/or material omissions from an altered third-party food safety protocol audit report Beyond Meat had provided to Don Lee Farms to assuage concerns raised by Don Lee Farms, and upon which Don Lee Farms relied in agreeing to enter into a written amendment to the parties' contract. *See, e.g.*, *id.,* at ¶¶ 9-12, 85-96.

**B.** **Don Lee Farms Learns Further Information at Jessica Quetsch's Deposition.**

On October 10, 2019, Jessica Quetsch, a Senior Quality Assurance Manager at Beyond Meat, sat for a deposition in this matter. Platt Decl. ¶ 3. After reviewing the deposition transcript of Ms. Quetsch's testimony, Don Lee Farms now has reason to believe that Ms. Quetsch, Mark Nelson, and Tony Miller actively participated in making material misrepresentations to and/or concealing material information from Don Lee Farms regarding Beyond Meat's food safety protocols. *Id.*[4] Specifically, Don Lee Farms believes that, after raising its concerns to Beyond Meat, Beyond Meat retained a third-party food safety consultant to perform an audit of Beyond Meat's manufacturing facility. Don Lee Farms now believes that Ms. Quetsch, Mr. Nelson, and Mr. Miller coordinated to modify the report by, among other things, deleting significant provisions of it to conceal certain findings about Beyond Meat's manufacturing facility from Don Lee Farms. Based on the doctored report, Don Lee Farms agreed to enter into the First Amendment to the Exclusive Supply Agreement, which significantly increased Don Lee Farms' commitment to Beyond Meat.

---

[4]As Beyond Meat has designated the transcript of Jessica Quetsch's deposition as "Highly Confidential" it has not been filed with this motion to avoid burdening the Court and the parties with the procedures of having it filed provisionally (and perhaps permanently) under seal. Platt Decl. ¶ 3. Don Lee Farms reserves the right to attach such excerpts (and incur the burdens of an under-seal filing) in the unlikely event that either of Defendants attempt to refute the content or import of Ms. Quetsch's testimony.

9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 9 of 14

Don Lee Farms now seeks to amend its complaint to add Ms. Quetsch, Mr. Nelson, and Mr. Miller as defendants to the cause of action for fraud. Platt Decl. ¶¶ 3-4. The amendment is necessary and proper because the claims against Ms. Quetsch, Mr. Nelson, and Mr. Miller arise from the same facts and circumstances as Don Lee Farms' existing claims against Beyond Meat. Platt Decl. ¶ 4. The proposed Third Amended Complaint would therefore permit Don Lee Farms to litigate all of its related claims in a single litigation. *Id.*

Pursuant to California Rule of Court ("C.R.C.") 3.1324(a), the following changes were made to the SAC (as reflected in the TAC):[5]

| page: line | para. | proposed change |
|---|---|---|
| 1 | caption | add "MARK NELSON; JESSICA QUETSCH; ANTHONY MILLER;" as Defendants, change "SECOND" to "THIRD" |
| all | footer | change "SECOND" to "THIRD" in footer throughout |
| 2:2 | preamble | change "second" to "third" and change "SAC" to "TAC" |
| 2:3-4 | preamble | add "Mark Nelson, Jessica Quetsch, Anthony Miller," |
| 2:11-13 | 3 | add entire paragraph |
| 2:14-16 | 4 | add entire paragraph |
| 2:17-19 | 5 | add entire paragraph |
| 4:15-18 | 16 | add entire paragraph |
| 7:6 | 30 | change "SAC" to "TAC" |
| 7:12 | 33 | change "Breaches" to "Breach" |
| 7:13 | 33 | delete "among other things," and delete ", failing to pay for certain equipment and parts, failing to pay invoices, providing inferior raw product" |
| 7:17-9:3 | subtitles & 35-49 | add entire paragraphs 35-49 separating breach of contract claim into distinct counts for each of the breaches alleged |

[5] *See also* Platt Decl. ¶ 4 & Ex. 3 (redline of the pleadings).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

| page: line | para. | proposed change |
|---|---|---|
| 9:4 | subtitle | change "Two" to "Five" |
| 9:7 | 50 | change "SAC" to "TAC" |
| 9:26 | 55 | change "SAC" to "TAC" |
| 10:13 | 58 | change "SAC" to "TAC" |
| 12:5 | 68 | change "SAC" to "TAC" |
| 12:14 | 72 | change "SAC" to "TAC" |
| 13:6 | 76 | change "SAC" to "TAC" |
| 14:4 | 84 | change "SAC" to "TAC" |
| 14:27 | 92 | change "SAC" to "TAC" |
| 15:22 | 98 | change "SAC" to "TAC" |
| 16:17 | subtitle | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 16:19 | 104 | change "SAC" to "TAC" |
| 16:21 | 105 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 16:27-28 | 106 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:4-5 | 107 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:6-7 | 107 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:12 | 108 | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |
| 17:16-17 | 109 | change "Meat's" to "Meat" and add ", Mark Nelson, Jessica Quetsch, and Anthony Miller's" |
| 17:24 | 110 | change "SAC" to "TAC" |
| 18:21 | title | made "PRAYER FOR RELIEF" bold |
| 18:22-23 | prayer | add ", Mark Nelson, Jessica Quetsch, and Anthony Miller" |

## III.    ARGUMENT

### A.    DLF Should Be Granted Leave to File the Third Amended Complaint Pursuant to the Liberal Policy in Favor of Allowing Amendments.

It is well established California law that the Court's discretion should be exercised

11

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 11 of 14

liberally in favor of allowing the amendment of pleadings. *Nestle v. Santa Monica* (1972) 6 Cal. 3d 920, 939 ("the general rule of liberal construction of pleadings and of liberal allowance of amendments should prevail"); *Atkinson v. Elk Corp.* (2003) 109 Cal. App. 4th 739, 761 ("courts are bound to apply a policy of great liberality in permitting amendments to the complaint"); *Kittredge Sports Co. v. Superior Ct.* (1989) 213 Cal. App. 3d 1045, 1047 ("This discretion should be exercised liberally in favor of amendments, for judicial policy favors resolution of all disputed matters in the same lawsuit."); *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 564-65 ("'The rule is well established that great liberality will be used in allowing amendments and where an amendment provides 'merely the addition of matters essential to make the original cause of action complete' the amendment should certainly be allowed by the court.'") (quoting *Estate of Hunter* (1961) 194 Cal. App. 2d 859, 865); *Hirsa v. Superior Court* (1981) 118 Cal. App. 3d 486, 488-89 ("That trial courts are to liberally permit such amendments … has been established policy in this state since 1901."); *see generally* Code Civ. Proc. ("C.C.P.") § 473(a)(1) ("The court may, in furtherance of justice … in its discretion … allow upon any terms as may be just, an amendment to any pleading."); C.C.P. § 576 ("Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading.").

Moreover, amendments should be permitted at any time during proceedings (even if requested during trial). *Nestle*, 6 Cal. 3d at 492 ("the trial court improperly denied plaintiffs an opportunity to amend" even though request was made at trial); *Atkinson*, 109 Cal. App. 4th at 761 (reversing judgment and directing allowance of amendment requested one month before trial); *Higgins*, 123 Cal. App. 3d at 566 (reversing judgment because "motion to amend [made on the day of trial] should have been granted"); *Hirsa*, 118 Cal. App. 3d at 488-89 ("trial courts are to liberally permit such amendments, at any stage of the proceeding").

Indeed, the denial of a motion to amend is an abuse of discretion unless the opposing party is prejudiced by the amendment. *Kittredge*, 213 Cal. App.3d at 1048 ("it is an abuse

12

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 12 of 14

of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment"); *Atkinson*, 109 Cal. App. 4th at 761 (same) (quoting *Kittredge*); *Morgan v. Superior Ct.* (1959) 172 Cal. App. 2d 527, 530 (1959) ("[I]t is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.' If … the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and, where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion.") (citations omitted).

Prejudice exists where the amendment would require new discovery that would also result in a delay of trial to obtain that new evidence. *See, e.g.*, *P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal. App. 4th 1332, 1345 (denying leave to amend sought "after the trial readiness conference" that would "require additional discovery" made with no explanation for the delay); *Magpali v. Farmers Grp.* (1996) 48 Cal. App. 4th 471, 487 (1996) ("Where the trial date is set, the jury is about to be impaneled, counsel, the parties, the trial court, and the witnesses have blocked the time, and the only way to avoid prejudice to the opposing party is to continue the trial date to allow further discovery, refusal of leave to amend cannot be an abuse of discretion.").

Here, there is no reason to deny Don Lee Farms' request for leave to file the TAC, as there is no prejudice to Beyond Meat arising from the testimony of its own witnesses. Ms. Quetsch has already been deposed. DLF has been in communication with counsel for Beyond Meat regarding scheduling depositions for Mr. Nelson and Mr. Miller. Furthermore, DLF does not anticipate that the addition of these three individuals as defendants will necessitate significant additional discovery. And there is certainly no prejudice to ProPortion, who is not even mentioned in the proposed amendments.

This motion is timely because the TAC is based on information Don Lee Farms obtained from Ms. Quetsch during her recent deposition. Platt Decl. ¶ 3; C.R.C. 3.1324(b). As the new claims against Ms. Quetsch, Mr. Nelson, and Mr. Miller arise from the same facts and circumstances as Don Lee Farms' existing claims against Beyond Meat, the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 13 of 14

amendment is necessary and proper because it permits Don Lee Farms to litigate all of its related claims in a single litigation.  Platt Decl. ¶ 4; C.R.C. 3.1324(b).

### B.    Beyond Meat's Refusal to Stipulate to the TAC Was Improper.

Beyond Meat refused to stipulate to the filing of the TAC.  Platt Decl. ¶ 6 & Ex. 4. Beyond Meat has not provided any basis for this refusal.  As Beyond Meat has not and could not possibly assert any prejudice arising from claims that are not brought against it, the motion should be granted.  *See Kittredge*, 213 Cal. App. 3d at 859-60 ("it is an abuse of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment").

## IV.    CONCLUSION

For all of the foregoing reasons, the motion should be granted in its entirety, Don Lee Farms should be permitted to file its Third Amended Complaint.

Respectfully submitted,

Dated: December 31, 2019

**LOEB & LOEB LLP**
DANIEL A. PLATT
ROBERT J. CATALANO
SAFIA GRAY HUSSAIN

By: */s/ Daniel A. Platt*
Daniel A. Platt
Attorneys for Plaintiff and Cross-Defendant
DON LEE FARMS, a division of
GOODMAN FOOD PRODUCTS, INC.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18557585
221655-10004

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

EXHIBIT 10
Page 14 of 14