# EXHIBIT 11

LOEB & LOEB LLP
DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ROBERT J. CATALANO (SBN 240654)
rcatalano@loeb.com
SAFIA G. HUSSAIN (SBN 251123)
sghussain@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff and Cross-Defendant
DON LEE FARMS, a division of
GOODMAN FOODS PRODUCTS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### CENTRAL DISTRICT

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC.; PROPORTION FOODS, LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | Case No.: BC662838 <br><br> Assigned to Hon. Malcolm H. Mackey Dept. 55 <br><br> **NOTICE OF RULING ON DON LEE FARMS' APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** <br><br> Hearing Date: <br><br> Date:   January 21, 2020 <br> Time:   9:30 a.m. <br> Dept.:   82 <br> Judge:  Hon. Mary H. Strobel <br><br> Complaint Filed:   May 25, 2017 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18655317
221655-10004

NOTICE OF RULING

EXHIBIT 11
Page 1 of 19

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT a hearing on plaintiff Don Lee Farms, a division of Goodman Food Products, Inc.'s ("Don Lee Farms") Application for Right to Attach Order and Order for Issuance of Writ of Attachment was conducted on January 21, 2020 at 9:30 a.m., Department 82, the Honorable Mary H. Strobel presiding. Daniel A. Platt and Lisa E. Rubin of Loeb and Loeb LLP appeared on behalf of plaintiff and cross-defendant Don Lee Farms a division of Goodman Food Products, Inc., and Mitchell A. Kamin and Neema T. Sahni of Covington & Burling LLP appeared on behalf of defendant and cross-complainant Beyond Meat, Inc. fka Savage River, Inc. dba Beyond Meat. Attached hereto as **Exhibit A** and incorporated by reference is a copy of the Court's tentative ruling, which was adopted in full as the final order.

Dated: January 22, 2020

LOEB & LOEB LLP
DANIEL A. PLATT
ROBERT J. CATALANO
SAFIA G. HUSSAIN

By: */s/ Safia G. Hussain*
    Safia G. Hussain
    Attorneys for Plaintiff and Cross-Defendant
    DON LEE FARMS

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18655317
221655-10004

NOTICE OF RULING

EXHIBIT 11
Page 2 of 19

# EXHIBIT A

EXHIBIT 11
Page 3 of 19

*Don Lee Farms, a division of Goodman Food Products, Inc.*
*v.*
*Beyond Meat, Inc., et al.*

Judge Mary Strobel
Hearing: January 21, 2020

BC662838

Tentative Decision on Application for Writ of Attachment

Plaintiff Don Lee Farms, a division of Goodman Food Products, Inc. ("Plaintiff") moves for a writ of attachment against Defendant Beyond Meat, Inc. ("Defendant") in the amount of $628,689.00.

## Judicial Notice

Plaintiff's Reply RJN Exhibit A – Denied. The court judicially notices Defendant's stock price data as shown in Exhibit B. The news article submitted as Exhibit A includes information that is not subject to judicial notice under Evidence Code section 452(h).

Plaintiff's Reply RJN Exhibits B-D – Granted.

## Defendant's Evidentiary Objections

### Schultz Declaration

Objection to Entire Declaration – Overruled. Schultz filed a corrected declaration under penalty of perjury. Overbroad general objections based on personal knowledge, foundation, authenticity. (See Objections p. 3, section II.)

Specific Objections:

(1) Sustained. Lacks foundation and personal knowledge. (See Schultz Decl. ¶ 1.) Hearsay to the extent Defendant relies on the documents for their truth; no business records foundation. The court may consider bills of lading submitted with the motion. That does not give Schultz foundation or personal knowledge. Also Defendant does not show, with Bates stamp citation, which same bills of lading were submitted with the motion

(2) – (5) Sustained.

### Wilson Declaration

Objection to Entire Declaration – Sustained. (CCP § 2015.5)

1

EXHIBIT 11
Page 4 of 19

Should Wilson file a corrected declaration under penalty of perjury, the court rules as follows on Defendant's specific objections:

(1)   Sustained.  Hearsay.  No business records foundation to make admissible as business records.  (See Evid. Code § 1271.)  Assuming Wilson is a custodian or other qualified witness, Wilson does not testify "to the identity of the writing and the mode of its preparation." (*County v. Sonoma v. Grant W.* (1986) 187 Cal.App.3d 1439, 1450-52.)  Also, no evidence that the "sources of the information and the method and time of the writing's preparation 'were such as to indicate its trustworthiness.'" (Ibid.)  Defendant does not show, with Bates stamp citation, that the same Certificate of Analysis was submitted with the motion.

(2)   – (16) Sustained.

Yeung Declaration

Objection to Entire Declaration – Overruled.  Yeung filed a corrected declaration under penalty of perjury.

**Motion to Seal**

California Rules of Court, Rule 2.550(d) provides that a Court may order a record to be filed under seal only if it expressly finds facts that establish: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest.  (CRC 2.550(d).)  "The Court must not permit a record to be filed under seal based solely on the agreement or stipulation of the parties." (CRC 2.551(a).)

Plaintiff and Defendant have each filed notices pursuant to CRC Rule 2.551(b)(3)(A)(iii) that certain documents were lodged provisionally under seal, and the clerk must promptly transfer all such documents to the public file unless the applicable party filed a timely motion or application to seal.

Plaintiff and Defendant have each lodged parts of their legal briefs, declarations, and exhibits conditionally under seal.  Neither Plaintiff nor Defendant has made a motion to seal documents.  Thus, if Plaintiff intends to proceed with the motion for writ of attachment, all documents are placed in the public file.

**Procedural History**

On or about May 25, 2017, Plaintiff filed a complaint against Defendant for breach of contract.

2

EXHIBIT 11
Page 5 of 19

On or about July 27, 2017, Defendant filed a cross-complaint against Plaintiff for breach of contract, unfair competition, and conversion.

On March 11, 2019, Plaintiff filed its second amended complaint against Defendant for breach of contract and other claims.

On June 16, 2019, Defendant filed its answer to the SAC.

On November 8, 2019, Plaintiff filed its application for writ of attachment against Defendant.

On December 4, 2019, the court approved the parties' stipulation to continue the writ of attachment hearing to January 21, 2020.

On December 11, 2019, Defendant filed its opposition to the application for writ of attachment.

On December 16, 2019, Plaintiff filed its reply.

On or about January 17, 2020, the court received Defendant's responses to evidentiary objections, notice of errata for declarations of Christopher Yeung and Gary Schultz, and proof of service of the same.

## Summary of Applicable Law

"Upon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this article for a right to attach order and a writ of attachment by filing an application for the order and writ with the court in which the action is brought." (CCP § 484.010.)

The application shall be executed under oath and must include: (1) a statement showing that the attachment is sought to secure the recovery on a claim upon which an attachment may be issued; (2) a statement of the amount to be secured by the attachment; (3) a statement that the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; (4) a statement that the applicant has no information or belief that the claim is discharged or that the prosecution of the action is stayed in a proceeding under the Bankruptcy Act (11 U.S.C. section 101 et seq.); and (5) a description of the property to be attached under the writ of attachment and a statement that the plaintiff is informed and believes that such property is subject to attachment. (CCP § 484.020.)

"The application [for a writ of attachment] shall be supported by an affidavit showing that the plaintiff on the facts presented would be entitled to a judgment on the claim upon which the attachment is based." (CCP § 484.030.)

The Court shall issue a right to attach order if the Court finds all of the following:

3

EXHIBIT 11
Page 6 of 19

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

CCP § 484.090.

"A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (CCP § 481.190.) "In determining the probable validity of a claim where the defendant makes an appearance, the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." (See *Loeb & Loeb v. Beverly Glen Music, Inc.* (1985) 166 Cal.App.3d 1110, 1120.)

Before the hearing on the writ, the defendant must be served with (1) a copy of the summons and complaint; (2) a Notice of Application and Hearing; and (3) a copy of the application and any affidavit in support thereof. (CCP § 484.040.)

"The Attachment Law statutes are subject to strict construction." (*Epstein v. Abrams* (1997) 57 Cal.App.4th 1159, 1168.)

## Analysis

### 1. Probable Validity of Plaintiff's Claim[1]

The application is based on a claim for breach of contract. To establish a claim for breach of contract, a plaintiff must prove: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach of the contract; and (4) damages incurred by plaintiff as a result of the breach. (*Durell v. Sharp Healthcare*, (2010) 183 Cal.App.4th 1350, 1367.)

#### Plaintiff's Evidence

Plaintiff contends that Defendant breached the parties' written Exclusive Supply Agreement ("ESA") by failing to pay for product shipped by Plaintiff. In support, Plaintiff submits evidence of the following.

In late 2014, Plaintiff and Defendant entered into the ESA pursuant to which Plaintiff agree to supply extrudate-based products for Defendant. (Mockenhaupt Decl. ¶ 2, Exh. A.) In April 2016, the parties amended the ESA. (Ibid.) The ESA requires that

---

[1] The court's determinations for an attachment motion "shall have no effect on the determination of any issues" in the main action. (CCP § 484.100.)

4

EXHIBIT 11
Page 7 of 19

Defendant purchase annual minimum quantities of product from Plaintiff at agreed-upon negotiated prices, that the ESA would continue for three years, and that it would automatically renew for successive one-year terms absent a timely notice of termination. (Id. Exh. A at Amendment, §§ 1.2, 3.1.) As set forth in the ESA, to purchase product, Defendant was required to issue a purchase order ("PO") to Plaintiff setting forth the specific product, the quantity of product, and the requested delivery date. (Id. §§ 1.4, 1.8, 1.9; Goodman Decl. ¶ 3.)

Defendant submitted 25 POs between April 7, 2017 and May 16, 2017 that were accepted by Plaintiff and in response to which Plaintiff shipped product. Plaintiff's supply chain and procurement manager, Brandon Goodman, declares that these products "were tested for pathogens and passed inspection before shipment." (Goodman Decl. ¶¶ 5-6.) Plaintiff submits email POs from Defendant for this product, as well as corresponding invoices issued by Plaintiff. Plaintiff also submits Certificates of Analysis that, according to Plaintiff, show the products tested negatively for pathogens. (Mockenhaupt Decl. ¶¶ 3-10, Exh. B-D.)

Plaintiff submits evidence that Defendant has not paid for the product and owes a principal balance of $430,715.13. (Goodman Decl. ¶¶ 6-7; Mockenhaupt Decl. ¶ 6.) The ESA states that the failure of Defendant to make payments due is a "material breach." (ESA Amendment § 3.3.)

Pursuant to the ESA, Defendant is required to pay a late fee of 1.5% of the order amount for every 30 days it fails to timely pay the applicable invoices. The invoice is due on the earlier of 14 days after shipment or 30 days after Plaintiff notifies Defendant that product is ready for shipment. (Mockenhaupt Decl. ¶ 7 and Exh. A, Amendment § 1.8.) Plaintiff submits evidence that the total late charges for the unpaid invoices at issue is $197,973.87. (Id. ¶ 7.)

<u>Defendant's Evidence</u>

In opposition, Defendant contends that "much of the product for which it claims money is due was rendered unsaleable because of *Salmonella* contamination at [Plaintiff's] own facility." (Oppo. 2) Defendant indicates that it terminated the ESA on May 23, 2017. (Ibid.)

In opposition, Defendant relies in part on allegations in the unverified cross-complaint. (See Oppo. 4, 6, 10.) Such unverified allegations are not evidence. (See *Karnazes v. Ares* (2016) 244 Cal.App.4th 344, 354 ["pleadings do not constitute evidence"].)

To rebut Plaintiff's contract claim, Defendant also relies on the Schultz declaration to argue that *some* of the invoices at issue in Plaintiff's motion "include products that [Plaintiff] manufactured on or after April 24, 2017 – the date that [Plaintiff] manufactured *Salmonella*-contaminated Beyond Meat products." (Oppo. 8.) Although Schultz has now properly verified his declaration, he does not show personal knowledge

EXHIBIT 11
Page 8 of 19

or foundation as to the manufacture date listed on the invoices. (Schultz Decl. ¶ 2, Exh. 15.) Schultz also does not show personal knowledge or foundation for his assertion that certain products manufactured by Plaintiff were "defective." (Id. ¶ 3.) Accordingly, the court has sustained Plaintiff's evidentiary objections.

To support its claim that certain of Plaintiff's products have tested positive for *Salmonella*, Defendant relies primarily on the Wilson declaration. (See Oppo. 5-6.) At present, Wilson's declaration is not verified under penalty of perjury, and therefore is not competent evidence. (CCP § 2015.5.) Moreover, even if Wilson corrects that defect, Wilson does not provide a business records foundation for the Certificates of Analysis upon which Defendant relies. (See Wilson Decl. ¶¶ 2-8; Evid. Code § 1271.) The certificates are hearsay, and Defendant relies on these certificates for the truth of matters stated therein. Assuming Wilson is a custodian or other qualified witness, Wilson does not testify "to the identity of the writing and the mode of its preparation." (*County v. Sonoma v. Grant W.* (1986) 187 Cal.App.3d 1439, 1450-52.) Also, Wilson presents no evidence that the "sources of the information and the method and time of the writing's preparation 'were such as to indicate its trustworthiness.'" (Ibid.) Defendant does not cite to specific pages in the record which establish that the same Certificates of Analysis were submitted with the motion and therefore admitted as true by Plaintiff. For these reasons, the court sustains Plaintiff's evidentiary objections.

Defendant also cites to certain emails with Plaintiff's counsel and deposition transcripts. (Oppo. 5; see Yeung Decl. Exh. 9, 11, 12-13.) Although the October 12, 2018 email refers to certain lot numbers (see Exh. 9), Defendant does not show that those lot numbers correspond to any of the products at issue in this motion. Similarly, it appears that the cited deposition testimony does not pertain to specific products at issue in this motion.

## Analysis – Plaintiff has a Probably Valid Claim

Based on the evidence summarized above, Plaintiff has shown a probable validity of all elements of its contract claim. Plaintiff submits evidence that it performed under the ESA by providing the product requested by Defendant between April 7, 2017 and May 16, 2017; that Defendant breached the ESA by failing to make payments due; and that Plaintiff has been damaged in the total amount of $628,689.00, which includes late fees.

In opposition, Defendant contends that certain products manufactured by Plaintiff on or about April 24, 2017 were defective. (Oppo. 8.) Thus, for this motion, Defendant does not dispute the invoices for products manufactured prior to April 24, 2017.

As discussed above, Defendant relies heavily on the Schultz and Wilson declarations. The court has sustained Plaintiff's objections to those declarations. Moreover, Plaintiff has presented evidence that the products at issue "were tested for pathogens and passed inspection before shipment." (Goodman Decl. ¶¶ 5-6; Mockenhaupt Decl. ¶¶ 3-10, Exh. B-D.) Even if the Schultz and Wilson declarations

6

EXHIBIT 11
Page 9 of 19

were not defective, the court finds, for purposes of this motion, that Plaintiff's moving evidence is stronger on the issue of whether the subject product contained pathogens.

In reply, Plaintiff argues that Defendant's sole remedy for adulterated product required it to timely return the product and seek a refund. (Reply 8, fn. 5; see ESA §§ 2.1, 2.2.) Defendant provides no evidence that it timely notified Plaintiff of the alleged defect and sought a refund for the products at issue.

Defendant contends that Plaintiff significantly overstates the amount it is owed in late charges because Defendant terminated the ESA on May 23, 2017 due to Plaintiff's material breach. (Oppo. 10-11, citing *Citizens for Amending Proposition L. v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1174 ["A contract that is terminated ceases to bind the parties"].) The cited case does not address a party's right to payments or late fees on goods accepted prior to contract termination. Moreover, this argument assumes the truth of Defendant's contention that Plaintiff materially breached the contract. That issue is disputed. Weighing the parties' respective positions, the court finds that Plaintiff's claim for late charges has probable validity in the amount stated.

Plaintiff has shown the probable validity of its claim in the amount of $628,689.00.

## 2. Basis of Attachment

"[A]n attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." (CCP § 483.010(a).) "An attachment may not be issued on a claim which is secured by any interest in real property arising from agreement ...." (CCP § 483.010(b).)

"It is a well-recognized rule of law in this state that an attachment will lie upon a cause of action for damages for a breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite. [Citations.] The fact that the damages are unliquidated is not determinative. [Citations.] But the contract sued on must furnish a standard by which the amount due may be clearly ascertained and there must exist a basis upon which the damages can be determined by proof.' " (See *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App. 4th 537, 541.)

Here, Plaintiff's application for writ of attachment is based on a contract where the total amount allegedly due is in excess of $500. It does not appear this contract claim is secured by real property. Plaintiff's damages are fixed and ascertainable from the Plaintiff's declarations and exhibits.

## 3. Purpose and Amount of Attachment

7

EXHIBIT 11
Page 10 of 19

Code of Civil Procedure section 484.090 states that the Court shall issue a right to attach order if "the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based . . . [and] the amount to be secured by the attachment is greater than zero."

Plaintiff declares that attachment is not sought for a purpose other than the recovery on Plaintiff's claim.  (Appl. ¶ 4.)  The amount to be secured is greater than zero. Based on the foregoing, the court determines that Plaintiff has complied with Code of Civil Procedure section 484.020(c).

Defendant argues that Plaintiff has brought this motion for an improper purpose, specifically to harass Defendant or drive up litigation costs.  Defendant points out that this litigation has been pending since May 2017 and Plaintiff has not previously requested attachment.  Also, Defendant contends that it has recently raised nearly $300 million in public stock offerings.  (Oppo. 13-14.)

Because Plaintiff seeks attachment by noticed motion, Plaintiff was not required to prove a great or irreparable injury, such as a lack of solvency of the defendant.  (See CCP §§ 485.010, 484.090.)  Although Plaintiff's delay in requesting attachment is relevant, the court is not persuaded that fact alone supports an inference in this case that the writ is sought for an improper purpose.  The attachment law did not require Plaintiff to seek attachment any earlier than it did.  (CCP § 484.090.)

## 4.  Subject Property

Plaintiff requests attachment against a corporation.  Code of Civil Procedure section 487.010(a) provides that "[w]here the defendant is a corporation, all corporate property for which a method of levy is provided" is subject to attachment.   Thus, a request for attachment of all of Defendant's property is appropriate.

## 5.  Exemptions

Defendant does not claim any exemptions.  Also, generally, a corporate defendant may not claim exemptions.  (See CCP § 484.070; Rutter, Civ. Pro. Before Trial ¶ 9:887.)

## 6.  Reduction of Amount to be Secured

Code of Civil Procedure section 483.015(b) provides that the amount to be secured by the attachment shall be reduced by, *inter alia*:

(2) The amount of any indebtedness of the plaintiff that the defendant has claimed **in a cross-complaint filed in the action** if the defendant's claim is one upon which an attachment could be issued.

8

EXHIBIT 11
Page 11 of 19

(3) The amount of any claim of the defendant asserted as a defense *in the answer* pursuant to Section 431.70 if the defendant's claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations. (emphasis added.)

"[T]o sustain reduction in a writ amount, most courts require that the defendant provide enough evidence about its counterclaims and/or defenses to prove a prima facie case [for attachment against Plaintiff]." (Ahart, *California Practice Guide: Enforcing Judgments and Debts*, ¶ 4:64 (1998 rev.).)

Defendant claims offsets against Plaintiff in the amount of $403,444.79 for products that were "adulterated" under applicable law, specifically the federal Food, Drug and Cosmetic Act ("FDCA"), and were therefore defective and non-salable. (Oppo. 11-13.) Defendant's offset claim is based primarily on the Wilson declaration, which is not verified pursuant to CCP section 2015.5 and suffers other evidentiary deficiencies, as discussed above. Defendant also relies in part on the Schultz declaration, which also has evidentiary deficiencies.

Moreover, even if the Wilson and Schultz declarations were admitted into evidence, they are conclusory and do not establish the probable validity of Defendant's claim. Schultz fails to explain what "product cost" means or how he calculated the $400,000 value of the allegedly defective products. (Schultz Decl. ¶ 3.) Similarly, Defendant does not sufficiently support its claim that "refrigerated product reached up to 68°F" or products "out of specification for residual oxygen" are "adulterated" under the FDCA or otherwise defective under the ESA. (Oppo. 12-13.) Wilson, in her declaration, provides insufficient evidence that other products were defective as a result of bad seals, "bag with a hole in it"; or "carrots found in the Beast Burgers." (Wilson Decl. ¶ 9.) Defendant also does not show that all of the products at issue in the offset claim were actually shipped and delivered. (See EDA § 2.1.) Finally, for all of the alleged defective products, Defendant provides no evidence that it timely notified Plaintiff of the alleged defect and sought a refund for the products at issue. (See ESA §§ 2.1, 2.2.)

Given the weaknesses in Defendant's evidence, the court also is not persuaded on this record that the offset claim is fixed or readily ascertainable. (CCP § 483.010(b).)

Based on the foregoing, Defendant does not show a probable validity of its offset claim, or that such claim is fixed and readily ascertainable.[2]

7. Undertaking

Code of Civil Procedure section 489.210 requires the plaintiff to file an undertaking before issuance of a writ of attachment. Code of Civil Procedure section

_____

[2] Given these conclusions, the court need not consider Plaintiff's reply argument and evidence that Defendant misrepresents the facts for its offset claim. (Reply 13-14, citing Platt Decl.)

EXHIBIT 11
Page 12 of 19

489.220 provides, with exceptions, for an undertaking in the amount of $10,000. Neither party contends that another amount of undertaking should be required.

## Conclusion

The motion is GRANTED in the amount of $628,689.00. Plaintiff to post an undertaking of $10,000.

EXHIBIT 11
Page 13 of 19

POS-050/EFS-050

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 132665 <br> NAME Daniel A. Platt <br> FIRM NAME: LOEB & LOEB LLP <br> STREET ADDRESS: 10100 Santa Monica Blvd., Suite 2200 <br> CITY: Los Angeles   STATE: CA   ZIP CODE: 90067-4120 <br> TELEPHONE NO.: 310-282-2000   FAX NO.: 310-282-2200 <br> E-MAIL ADDRESS: dplatt@loeb.com <br> ATTORNEY FOR (name): Don Lee Farms, a division of Goodman Food Prods. Inc. | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Don Lee Farms, a division of Goodman Food Prods. Inc.

DEFENDANT/RESPONDENT: Beyond Meat, Inc.

| | |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | **CASE NUMBER:** <br> BC662838 <br><br> **JUDICIAL OFFICER:** <br> Hon. Mary H. Strobel <br> **DEPARTMENT:** <br> 82 |

1. I am at least 18 years old.

   a. My residence or business address is (specify):
   10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067-4120

   b. My electronic service address is (specify):
   lpettigrew@loeb.com

2. I electronically served the following documents (exact titles): NOTICE OF RULING ON DON LEE FARMS' APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

   ☐  The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served:
   Mitchell A. Kamin; Neema T. Sahni; Michael D. Fields; Ravi R. Doshi; Christopher Y. L. Yeung; Daniel C. Lapidus; Jim D. Bauch; Marc Worden

   On behalf of (name or names of parties represented, if person served is an attorney):
   Defendants Beyond Meat, Inc. and ProPortion Foods, LLC
   b. Electronic service address of person served :
   Mkamin@cov.com; nsahni@cov.com; mfields@cov.com; rdoshi@cov.com; cyeung@cov.com; dan@lapiduslaw.com; jim@lapiduslaw.com; marc@lapiduslaw.com

   c. On (date):

   ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: January 22, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Linda Pettigrew                                ▶ _(signature)_

Page 1 of 1

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT 11
Page 14 of 19

POS-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Daniel A. Platt<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA 90067-4120<br>TELEPHONE NO.: 310-282-2000<br>E-MAIL ADDRESS *(Optional)*: dplatt@loeb.com   FAX NO. *(Optional)*: 310-282-2000<br>ATTORNEY FOR *(Name)*: Don Lee Farms, a division of Goodman Food Prods. Inc. | FOR COURT USE ONLY |

132665

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PETITIONER/PLAINTIFF: Don Lee Farms, a division of Goodman Food Prods. Inc.

RESPONDENT/DEFENDANT: Savage River, Inc. d/b/a Beyond Meat

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL— CIVIL** | CASE NUMBER:<br>BC662838 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067-4120

3. On *(date)*: January 22, 2020   I mailed from *(city and state)*: Los Angeles, CA
   the following **documents** *(specify)*:
   NOTICE OF RULING ON DON LEE FARMS' APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Marvin S. Putnam
   b. **Address** of person served:

   Latham & Watkins LLP
   10250 Constellation Blvd., Suite 1100
   Los Angeles, CA 90067

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 22, 2020

| Linda Pettigrew | |
|---|---|
| (TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM) | (SIGNATURE OF PERSON COMPLETING THIS FORM) |

| | | |
|---|---|---|
| Form Approved for Optional Use Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT 11
Page 15 of 19

AT-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Platt (SBN 132665) Robert Catalano (SBN 240654) | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Daniel Platt (SBN 132665) Robert Catalano (SBN 240654)

LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
TELEPHONE NO.: (310) 282-2000    FAX NO. *(Optional):* (310) 282-2200
E-MAIL ADDRESS *(Optional):* dplatt@loeb.com; rcatalano@loeb.com
ATTORNEY FOR *(Name):* Plaintiff and Cross-Defendant Don Lee Farms

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

JAN 24 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
N. DiGiambattista

PLAINTIFF: Don Lee Farms, a division of Goodman Food Products, Inc.

DEFENDANT: Beyond Meat, Inc., et al.

☒ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**
☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING**

CASE NUMBER:
BC662838

1. a. The application of plaintiff *(name):* Don Lee Farms, a division of Goodman Food Products, Inc.
   for ☒ a right to attach order and order for issuance of writ of attachment
       ☐ an order for issuance of additional writ of attachment
   against the property of defendant *(name):* Beyond Meat, Inc.
   came on for hearing as follows:
   (1) Judge *(name):* Hon. Mary H. Strobel
   (2) Hearing date: January 21, 2020    Time: 9:30 a.m.    ☒ Dept.: 82    ☐ Div.:    ☐ Rm.:
   b. The following persons were present at the hearing:
   (1) ☐ Plaintiff *(name):*                    (3) ☒ Plaintiff's attorney *(name):* Daniel Platt and Lisa Rubin
   (2) ☐ Defendant *(name):*                    (4) ☒ Defendant's attorney *(name):* Mitchell Kamin and Neema

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name):* Beyond Meat, Inc.                    is a ☐ natural person    ☐ partnership
      ☐ unincorporated association    ☒ corporation    ☐ other *(specify):*
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. ☒ Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. ☐ The following property of defendant, described in plaintiffs application
      (1) ☐ is exempt from attachment *(specify):*

      (2) ☐ is not exempt from attachment *(specify):*

   h. ☐ The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1) ☐ is exempt from attachment *(specify):*

      (2) ☐ is not exempt from attachment *(specify):*

   i. ☒ An undertaking in the amount of: $10,000    is required before a writ shall issue, and plaintiff
      ☐ has    ☒ has not    filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date):*                    pursuant to
      ☒ Code of Civil Procedure section 484.090 (on hearing)    ☐ Code of Civil Procedure section 485.220 (ex parte)
   k. ☐ other *(specify):*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
AT-120 [Rev. July 1, 2010]
**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**
Code of Civil Proc., §§ 482.030, 484.090;
Welfare & Institutions Code, § 15657.01
www.courtinfo.ca.gov

17945632.1

EXHIBIT 11
Page 16 of 19

**AT-120**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Don Lee Farms v. Beyond Meat, Inc., et al. | BC662838 |

## ORDER

3. THE COURT ORDERS

    a. Plaintiff has a right to attach property of defendant *(name):* Beyond Meat, Inc.
       in the amount of: $ 628,689.00

    b. ☐   The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

    c. The clerk shall issue   ☒  a writ of attachment   ☐  an additional writ of attachment   in the amount stated in item 3a
       ☐  forthwith ☒   upon the filing of an undertaking in the amount of: $ 10,000.00

        (1) ☒  for any property of a defendant who is **not** a natural person for which a method of levy is provided.

        (2) ☐  for the property of a defendant who is a natural person that is subject to attachment under Code of Civil
             Procedure section 487.010 described as follows *(specify):*

        (3) ☐  for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale
             of such property, described as follows *(specify):*

        (4) ☐  for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license
             number is *(specify):*

    d. ☒   ~~Defendant shall transfer to the levying officer possession of~~
        (1) ☒  ~~any documentary evidence in defendant's possession of title to any property described in item 3c;~~
        (2) ☒  ~~any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;~~
        (3) ☒  ~~the following property in defendant's possession~~ *(specify):*
        ~~See attached Exhibit A.~~

*MHS*
*1/24/20*

> **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

    e. ☐   Other *(specify):*

    f. Total number of boxes checked in item 3: _~~7~~ 3_

Date: 1/24/20

                           *(signature)*
                           JUDICIAL OFFICER
                           **MARY STROBEL**

American LegalNet, Inc.
www.FormsWorkFlow.com

AT-120 [Rev. July 1, 2010]

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR
ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Page 2 of 2

EXHIBIT 11
Page 17 of 19

## Exhibit A

A.  Accounts Receivable and General Intangibles: (CCP §§ 488.470 and 487.010(a)): Any and all distributions, proceeds, accounts receivable, notes or loans receivable, general intangible interests, rights to payment or payments, or consideration of any kind presently due or to become due to Beyond Meat, Inc. from any source arising out of the conduct by Beyond Meat, Inc.'s trade, business, or profession as well as all corporate property for which a method of levy is provided by Article 1 (commencing with Section 488.300) of Chapter 8.

B.  Chattel Paper: (CCP § 700.100, per §§ 488.470 and 487.010(a)): Chattel paper in the name of or in favor of Beyond Meat, Inc. from any source arising out of the conduct by Beyond Meat, Inc.'s trade, business, or profession as well as all corporate property for which a method of levy is provided by Article 1 (commencing with Section 488.300) of Chapter 8.

C.  Final Money Judgments: (CCP §§ 488.480 and 487.010(a)): Final money judgments arising out of the conduct by Beyond Meat, Inc.'s her trade, business, or profession.

D.  Money & Deposit Accounts: (CCP §§ 488.335, 488.455 and 487.010(a)): Money on the premises where Beyond Meat, Inc. conducts its trade, business, or profession, and money located in the financial institutions and elsewhere with which a deposit account is maintained in the name of Beyond Meat, Inc. alone or together with third persons.

E.  Contents of Safe Deposit Boxes: (CCP § 488.460): Contents of safe deposit boxes whether in the name of Beyond Meat, Inc. alone or together with third persons, except that Plaintiff may not attach the contents of any safe deposit boxes that are exempt from the Attachment Law, C.C.P. § 481.010, et seq., and the Enforcement of Judgments Law, C.C.P. § 680.010, et seq., or any contents of safe deposit boxes below the current dollar amounts of exemptions from enforcement' of judgments as set by the Judicial Council.

F.  Negotiable Documents of Title: (CCP § 700.120, per §§ 488.445 and 487.010(a)): Negotiable documents of title in the name of or in favor of Beyond Meat, Inc.

G.  Instruments: (CCP § 700.110, per §§488.440 and 487.010(a)): Any and all instruments held or owned by Beyond Meat, Inc.

H.  Securities: (CCP §§ 488.450 and 487.010(a)); Commercial Code §8102): Any and all securities held or owned by Beyond Meat, Inc.

18651737.1
221655-10004

EXHIBIT 11
Page 18 of 19

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 132665 | FOR COURT USE ONLY |
|---|---|

NAME: Daniel A. Platt
FIRM NAME: LOEB & LOEB LLP
STREET ADDRESS: 10100 Santa Monica Blvd., Suite 2200
CITY: Los Angeles    STATE: CA    ZIP CODE: 90067-4120
TELEPHONE NO.: 310-282-2000    FAX NO: 310-282-2200
E-MAIL ADDRESS: dplatt@loeb.com
ATTORNEY FOR (name): Don Lee Farms, a division of Goodman Food Prods. Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Don Lee Farms, a division of Goodman Food Prods. Inc.

DEFENDANT/RESPONDENT: Beyond Meat, Inc.

| PROOF OF ELECTRONIC SERVICE | CASE NUMBER:<br>BC662838 |
|---|---|
| | JUDICIAL OFFICER:<br>Hon. Mary H. Strobel |
| | DEPARTMENT:<br>82 |

1. I am at least 18 years old.

  a. My residence or business address is (specify):
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067-4120

  b. My electronic service address is (specify):
lpettigrew@loeb.com

2. I electronically served the following documents (exact titles): RIGHT TO ATTACH ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING [FORM AT-120]

  ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:

  a. Name of person served:
Mitchell A. Kamin; Neema T. Sahni; Michael D. Fields; Ravi R. Doshi; Christopher Y. L. Yeung; Daniel C. Lapidus; Jim D. Bauch; Marc Worden

   On behalf of (name or names of parties represented, if person served is an attorney):
Defendants Beyond Meat, Inc. and ProPortion Foods, LLC
  b. Electronic service address of person served :
Mkamin@cov.com; nsahni@cov.com; mfields@cov.com; rdoshi@cov.com; cyeung@cov.com; dan@lapiduslaw.com; jim@lapiduslaw.com; marc@lapiduslaw.com

  c. On (date): January 22, 2020

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: January 22, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Linda Pettigrew
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

15319187.1
221655-10004Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT 11
Page 19 of 19