# EXHIBIT 13

MITCHELL A. KAMIN (Bar No. 202788)
NEEMA T. SAHNI (Bar No. 274240)
KEANDRA Z. BARLOW (Bar No. 308837)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: mkamin@cov.com

*Attorneys for Defendant/Cross-Complainant Savage River, Inc.*
*d/b/a Beyond Meat*

FILED
Superior Court of California
County of Los Angeles

OCT 3 0 2017

Sherri R. Carter, Executive Officer/Clerk
By_____
Marion Gomez          Deputy

ORIGINAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BY FAX

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAVAGE RIVER, INC. d/b/a BEYOND MEAT, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>SAVAGE RIVER, INC.,<br><br>    Cross-Complainant,<br><br>    v.<br><br>DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC.,<br><br>    Cross-Defendant. | Civil Case No.:  BC662838<br><br>**DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT**<br><br>Jury Trial Demanded<br><br>Complaint Filed: May 25, 2017<br>Trial Date: None |

SF: 266380-4

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 1 of 38

Defendant/Cross-Complainant Savage River, Inc. d/b/a Beyond Meat ("Savage River"), by and through its undersigned counsel, hereby answers the unverified Complaint dated May 25, 2017 (the "Complaint"), filed by Plaintiff/Cross-Defendant Don Lee Farms ("DLF").

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Savage River generally denies each and every allegation of the Complaint and each purported cause of action alleged therein. Without limiting the generality of the foregoing, Savage River further denies that DLF has sustained any damages whatsoever as a result of the actions complained of, and denies that DLF is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with DLF, and expressly denying any and all alleged wrongdoing, Savage River alleges the following separate and distinct affirmative and additional defenses as to the causes of action set forth in the Complaint. Savage River does not waive any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative or additional defenses as may become available or apparent during discovery in this proceeding. Savage River reserves the right to amend its answer and/or its affirmative and additional defenses accordingly and/or to delete any defenses that it determines are not applicable during the course of subsequent discovery in this proceeding.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Complaint, and each purported cause of action therein, fails to allege facts sufficient to constitute a cause of action, and/or fails to state a claim upon which the relief sought by DLF, or any relief at all, can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

2. DLF's claims are barred, in whole or in part, by the doctrine of estoppel.

2

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 2 of 38

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.    DLF's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.    DLF's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5.    DLF's claims are barred, in whole or in part, because DLF would be unjustly enriched if allowed to recover any portion of the damages alleged.

## SIXTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

6.    DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Savage River specifically and expressly denies, such damages were not proximately caused by any purported act or omission on the part of Savage River.

## SEVENTH AFFIRMATIVE DEFENSE

### (Self-Inflicted Damages)

7.    DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Savage River specifically and expressly denies, such damages are due to DLF's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.    DLF's claims are barred, in whole or in part, because Savage River's conduct was, at all times material to this dispute, undertaken in good faith, for valid business purposes, and in the absence of any intent to injure DLF.

## NINTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

3

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 3 of 38

9. To the extent DLF has suffered any damages, which Savage River specifically and expressly denies, any recovery by DLF must be reduced, because of DLF's own neglect and fault in connection with the matters alleged in this dispute.

### TENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

10. To the extent DLF has suffered any damages, which Savage River specifically and expressly denies, any recovery by DLF must be set off, reduced, abated, and/or apportioned to the extent that DLF's own actions caused or contributed to the damages alleged, if any such damages are found to exist.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

11. To the extent DLF has suffered any damages, which Savage River specifically and expressly denies, DLF is barred from receiving all or part of the purported relief sought by the Complaint by reason of its failure to exercise reasonable care and diligence to avoid loss and minimize its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

(Knowledge, Acquiescence, and Ratification)

12. DLF's claims are barred, in whole or in part, by DLF's knowledge, acquiescence, and ratification of each and every act alleged in the Complaint, including, for instance, DLF's implied acquiescence in Savage River's termination of the parties' Exclusive Supply Agreement dated December 2, 2014 (as amended, the "Supply Agreement") upon receipt of Savage River's notice of termination, as demonstrated by DLF's initial willingness to grant Savage River access to its facility to retrieve some, but not all, of Savage River's equipment.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Not Trade Secrets)

13. DLF's claims are barred, in whole or in part, because any purported trade secrets asserted by DLF are either generally known or readily ascertainable by proper means, are "matters of general

4

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 4 of 38

knowledge in the trade or of special knowledge of those persons who are skilled in the trade," *Diodes, Inc. v. Franzen*, 260 Cal.App.2d 244, 253 (1968), and/or because DLF failed to take reasonable efforts to maintain the secrecy of its purported trade secrets, and/or because DLF's purported trade secrets and confidential or proprietary information derive no independent economic value from not being generally known to or ascertainable by other persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Not Adequately Pled)

14.    DLF's claims are barred, in whole or in part, because even if DLF's purported trade secrets do exist, which Savage River specifically and expressly denies, DLF has failed to plead them with adequate particularity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Independently Developed and Owned by Savage River)

15.    DLF's claims are barred, in whole or in part, because to the extent that DLF's purported trade secrets do exist, which Savage River specifically and expressly denies, they are owned by Savage River, as Savage River independently developed the processes at issue and shared them with DLF, pursuant to the parties' Mutual Confidentiality Agreement, for purposes of permitting DLF to carry out its obligations under the Supply Agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Processes At Issue Not "Confidential Information" Under Mutual Confidentiality Agreement)

16.    DLF's claims are barred, in whole or in part, because the processes at issue do not qualify as "Confidential Information," under Section 2.2 to Exhibit A of the parties' Mutual Confidentiality Agreement.  That definition excludes "information which (i) is or becomes publicly known and such public knowledge or disclosure is not the result of any act or failure to act on the part of the Recipient or its Agents, (ii) is, at the time of disclosure, already known to the Recipient, provided that the Recipient can demonstrate by written and dated material in the Recipient's possession that such information was known to and lawfully obtained by or learned by the Recipient prior to the time of disclosure, (iii) is information independently developed by the Recipient without the use of the Confidential information.

5

EXHIBIT 13
Page 5 of 38

or (iv) is information disclosed by a third party to the Recipient provided that such third party is not under a duty to keep such disclosed information confidential."

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

17.     DLF's claims are barred, in whole or in part, because DLF has not suffered any damages as a result of the conduct alleged by Savage River.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Causes of Action)

18.     DLF's claims are barred, in whole or in part, because DLF's declaratory relief claim and money and owed due count are not distinct grounds for relief, as they are duplicative of count one of DLF's breach of contract claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

19.     DLF's claims are barred, in whole or in part, because DLF materially breached its obligations under the parties' Supply Agreement, relieving Savage River of any obligation to perform under the Supply Agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Compensate For Unsaleable Product)

20.     DLF's claims are barred, in whole or in part, because DLF has failed to compensate Savage River for the unsaleable product that DLF produced for Savage River, as required by Section 1.12 of the Supply Agreement, which states: "Supplier shall be responsible for the full cost of any finished goods inventory that is not salable because such finished goods inventory fails to meet the written Product specifications set forth in Exhibit B, or is (a) rejected by Buyer or its customers due to any failure to meet written product specifications set forth in Exhibit B, (b) is in breach of the Product Warranty set forth in Section 2.1, below or (c) is withheld or recalled due to food safety or mis-marking considerations which were caused solely as the result or any actions or failure to take any actions by the Supplier."

6

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 6 of 38

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Basis for Punitive Damages)

21.    DLF is barred from receiving at least part of the purported relief sought by the Complaint because it has failed to adequately allege any basis for the award of punitive damages against Savage River, including by failing to allege any evil motive on the part of any individual corporate officer of Beyond Meat, and because any assessment of punitive damages would be inappropriate in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unfair Competition Claim Preempted)

22.    DLF's claims are barred, in whole or in part, because DLF's unfair competition claim is preempted by its misappropriation claim, as the unfair competition claim rests on the same nucleus of fact as the misappropriation claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Defenses)

23.    Savage River reserves the right to assert any and all additional defenses that may potentially become available and to supplement those defenses asserted herein as a result of information developed through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Savage River prays for judgment as follows:

1.    That DLF takes nothing by reason of the Complaint;

2.    That the Complaint, and the causes of action alleged therein, be dismissed with prejudice;

3.    That Savage River be awarded fees and costs incurred in defense of this action; and

4.    That the Court provide such other relief as it deems just and proper.

//

//

//

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 7 of 38

Dated:  October 30, 2017

·Respectfully Submitted,

**COVINGTON & BURLING LLP**

By: _____

Mitchell A. Kamin

*Attorneys for Savage River Savage River, Inc. d/b/a Beyond Meat*

8

DEFENDANT/CROSS-COMPLAINANT SAVAGE RIVER, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' COMPLAINT

EXHIBIT 13
Page 8 of 38

ORIGINAL

MITCHELL A. KAMIN (Bar No. 202788)
NEEMA T. SAHNI (Bar No. 274240)
KEANDRA Z. BARLOW (Bar No. 308837)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: mkamin@cov.com

CHRISTOPHER Y. L. YEUNG (*pro hac vice*)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email: cyeung@cov.com

*Attorneys for Defendant/Cross-Complainant Beyond Meat, Inc.*

**FILED**
Superior Court Of California
County Of Los Angeles

**DEC 0 3 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Cristina Grijalva

BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., | Civil Case No.: BC662838 |
| Plaintiff, | Assigned to Hon. Malcolm H. Mackey |
| v. | Dept.: 55 |
| BEYOND MEAT, INC.; PROPORTION FOODS, LLC; and DOES 1 through 10, inclusive, | **DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT** |
| Defendants. | |
| BEYOND MEAT, INC., | Complaint Filed: May 25, 2017 |
| Cross-Complainant, | Trial Date: July 29, 2019 |
| v. | |
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., | |
| Cross-Defendant. | |

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 9 of 38

Defendant/Cross-Complainant Beyond Meat, Inc.[1] ("Beyond Meat"), by and through its undersigned counsel, hereby answers the First Amended Complaint dated October 26, 2018 (the "FAC"), filed by Plaintiff/Cross-Defendant Don Lee Farms ("DLF").

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Beyond Meat generally denies each and every allegation of the FAC and each purported cause of action alleged therein. Without limiting the generality of the foregoing, Beyond Meat further denies that DLF has sustained any damages whatsoever as a result of the actions complained of, and denies that DLF is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with DLF, and expressly denying any and all alleged wrongdoing, Beyond Meat alleges the following separate and distinct affirmative and additional defenses as to the causes of action set forth in the FAC. Beyond Meat does not waive any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative or additional defenses as may become available or apparent during discovery in this proceeding. Beyond Meat reserves the right to amend its answer and/or its affirmative and additional defenses accordingly and/or to delete any defenses that it determines are not applicable during the course of subsequent discovery in this proceeding.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The FAC, and each purported cause of action therein, fails to allege facts sufficient to constitute a cause of action, and/or fails to state a claim upon which the relief sought by DLF, or any relief at all, can be granted.

---

[1] Formerly known as "Savage River, Inc. d/b/a Beyond Meat."

2

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 10 of 38

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.    DLF's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.    DLF's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.    DLF's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5.    DLF's claims are barred, in whole or in part, because DLF would be unjustly enriched if allowed to recover any portion of the damages alleged.

## SIXTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

6.    DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, such damages were not proximately caused by any purported act or omission on the part of Beyond Meat.

## SEVENTH AFFIRMATIVE DEFENSE

### (Self-Inflicted Damages)

7.    DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, such damages are due to DLF's own conduct.

3

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 11 of 38

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

8. DLF's claims are barred, in whole or in part, because Beyond Meat's conduct was, at all times material to this dispute, undertaken in good faith, for valid business purposes, and in the absence of any intent to injure DLF.

### NINTH AFFIRMATIVE DEFENSE

(Contributory/Comparative Fault)

9. To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, any recovery by DLF must be reduced, because of DLF's own neglect and fault in connection with the matters alleged in this dispute.

### TENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

10. To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, any recovery by DLF must be set off, reduced, abated, and/or apportioned to the extent that DLF's own actions caused or contributed to the damages alleged, if any such damages are found to exist.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

11. To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, DLF is barred from receiving all or part of the purported relief sought by the FAC by reason of its failure to exercise reasonable care and diligence to avoid loss and minimize its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

(Knowledge, Acquiescence, and Ratification)

12. DLF's claims are barred, in whole or in part, by DLF's knowledge, acquiescence, and ratification of each and every act alleged in the FAC, including, for instance, DLF's implied acquiescence in Beyond Meat's termination of the parties' Exclusive Supply Agreement dated

4

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 12 of 38

December 2, 2014 (as amended, the "Supply Agreement") upon receipt of Beyond Meat's notice of termination, as demonstrated by DLF's initial willingness to grant Beyond Meat access to its facility to retrieve some, but not all, of Beyond Meat's equipment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Trade Secrets)

13.   DLF's claims are barred, in whole or in part, because any purported trade secrets asserted by DLF are either generally known or readily ascertainable by proper means, are "matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade," *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968), and/or because DLF failed to take reasonable efforts to maintain the secrecy of its purported trade secrets, and/or because DLF's purported trade secrets and confidential or proprietary information derive no independent economic value from not being generally known to or ascertainable by other persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Not Adequately Pled)

14.   DLF's claims are barred, in whole or in part, because even if DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, DLF has failed to plead them with adequate particularity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Independently Developed and Owned by Beyond Meat)

15.   DLF's claims are barred, in whole or in part, because to the extent that DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, they are owned by Beyond Meat, as Beyond Meat independently developed the purported trade secrets at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Processes At Issue Not "Confidential Information" Under Mutual Confidentiality Agreement)

16.   DLF's claims are barred, in whole or in part, because the processes at issue do not qualify as "Confidential Information," under Section 2.2 to Exhibit A of the parties' Mutual Confidentiality Agreement. That definition excludes "information which (i) is or becomes publicly known and such

EXHIBIT 13
Page 13 of 38

public knowledge or disclosure is not the result of any act or failure to act on the part of the Recipient or its Agents, (ii) is, at the time of disclosure, already known to the Recipient, provided that the Recipient can demonstrate by written and dated material in the Recipient's possession that such information was known to and lawfully obtained by or learned by the Recipient prior to the time of disclosure, (iii) is information independently developed by the Recipient without the use of the Confidential information. or (iv) is information disclosed by a third party to the Recipient provided that such third party is not under a duty to keep such disclosed information confidential."

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

17.    DLF's claims are barred, in whole or in part, because DLF has not suffered any damages as a result of the conduct alleged by Beyond Meat.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Causes of Action)

18.    DLF's claims are barred, in whole or in part, because DLF's declaratory relief claim and money and owed due count are not distinct grounds for relief, as they are duplicative of count one of DLF's breach of contract claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

19.    DLF's claims are barred, in whole or in part, because DLF materially breached its obligations under the parties' Supply Agreement, relieving Beyond Meat of any obligation to perform under the Supply Agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Compensate For Unsaleable Product)

20.    DLF's claims are barred, in whole or in part, because DLF has failed to compensate Beyond Meat for the unsaleable product that DLF produced for Beyond Meat, as required by Section 1.12 of the Supply Agreement, which states: "Supplier shall be responsible for the full cost of any finished goods inventory that is not salable because such finished goods inventory fails to meet the

6

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 14 of 38

written Product specifications set forth in Exhibit B, or is (a) rejected by Buyer or its customers due to any failure to meet written product specifications set forth in Exhibit B, (b) is in breach of the Product Warranty set forth in Section 2.1, below or (c) is withheld or recalled due to food safety or mis-marking considerations which were caused solely as the result or any actions or failure to take any actions by the Supplier."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Basis for Punitive Damages)

21. DLF is barred from receiving at least part of the purported relief sought by the FAC because it has failed to adequately allege any basis for the award of punitive damages against Beyond Meat, including by failing to allege any evil motive on the part of any individual corporate officer of Beyond Meat, and because any assessment of punitive damages would be inappropriate in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unfair Competition Claim Preempted)

22. DLF's claims are barred, in whole or in part, because DLF's unfair competition claim is preempted by its misappropriation claim, as the unfair competition claim rests on the same nucleus of fact as the misappropriation claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Trade Secrets Not Owned by DLF)

23. DLF's claims are barred, in whole or in part, because to the extent that DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, they are not owned by DLF.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Other Defenses)

24. Beyond Meat reserves the right to assert any and all additional defenses that may potentially become available and to supplement those defenses asserted herein as a result of information developed through discovery or otherwise.

7

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 15 of 38

**PRAYER FOR RELIEF**

WHEREFORE, Beyond Meat prays for judgment as follows:

1.    That DLF takes nothing by reason of the First Amended Complaint;

2.    That the First Amended Complaint, and the causes of action alleged therein, be dismissed with prejudice;

3.    That Beyond Meat be awarded fees and costs incurred in defense of this action; and

4.    That the Court provide such other relief as it deems just and proper.

Dated:  December 3, 2018                              Respectfully Submitted,

                                                     **COVINGTON & BURLING LLP**

                                                     By: _____
                                                          Mitchell A. Kamin

                                                     *Attorneys for Beyond Meat, Inc.*

8

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' FIRST AMENDED COMPLAINT

EXHIBIT 13
Page 16 of 38

Electronically FILED by Superior Court of California, County of Los Angeles on 06/19/2019 09:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

MITCHELL A. KAMIN (Bar No. 202788)
NEEMA T. SAHNI (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: mkamin@cov.com
Email: nsahni@cov.com

CHRISTOPHER Y.L. YEUNG (*pro hac vice*)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email: cyeung@cov.com

*Attorneys for Defendant/Cross-Complainant Beyond Meat, Inc.*
*(f/k/a Savage River, Inc. d/b/a Beyond Meat)*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC. (f/k/a SAVAGE RIVER, INC. d/b/a BEYOND MEAT), and PROPORTION FOODS, INC., and DOES 1 through 10, inclusive, <br><br> Defendant | Civil Case No.:  BC662838 <br><br> **DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' SECOND AMENDED COMPLAINT** <br><br> Dept.: 55 <br> Assigned to Hon. Malcom H. Mackey <br> Complaint Filed: May 25, 2017 <br> Trial Date: May 18, 2020 |

EXHIBIT 13
Page 17 of 38

Defendant/Cross-Complainant Savage River, Inc. d/b/a Beyond Meat n/k/a Beyond Meat, Inc. ("Beyond Meat"), by and through its undersigned counsel, hereby answers the Second Amended Complaint of Plaintiff/Cross-Defendant Don Lee Farms, a division of Goodman Food Products, Inc. ("DLF"), dated March 11, 2019, and verified March 8, 2019, and alleges additional or affirmative defenses as follows:

## SPECIFIC DENIALS

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Beyond Meat makes the following denials. Beyond Meat denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs, and denies that DLF is entitled to any relief in this matter. To the extent that the Complaint's allegations concern persons and/or entities other than Beyond Meat, Beyond Meat denies that such allegations support any claim for relief against Beyond Meat.

## THE PARTIES

1. Beyond Meat admits that DLF purports to be a corporation organized and existing under the laws of California that is headquartered in Inglewood, California, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 1.

2. Beyond Meat admits that it is a Delaware corporation headquartered in El Segundo, California. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 2.

3. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies each and every allegation of Paragraph 3.

4. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, denies each and every allegation of Paragraph 4.

5. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis, denies each and every allegation of Paragraph 5.

2

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 18 of 38

**JURISDICTION AND VENUE**

6.     Beyond Meat avers that the allegations of Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Beyond Meat admits that jurisdiction and venue in the Superior Court for Los Angeles County are proper.

**FACTS**

7.     Beyond Meat admits that DLF produces and processes meat and organic vegetable-based substitute-meat products. Beyond Meat further admits that it is a producer of pea protein-based raw ingredients, referred to as "extrudate," but avers that it has produced finished products for distribution and sale as well. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 7.

8.     Beyond Meat admits that in 2014, it discussed with DLF the possibility of entering into a co-manufacturing agreement. Beyond Meat further admits that the "Exclusive Supply Agreement" is a written agreement that Beyond Meat and DLF entered into on December 2, 2014, and that the agreement defines "Supplier" as "Don Lee Farms, a division Goodman Food Products, Inc." and "Buyer" as "Savage River, Inc." Beyond Meat further admits that Exhibit A to the Complaint purports to be a true and correct copy of the Exclusive Supply Agreement, with amendments, but avers that Exhibit A contains illegible text, and highlighting and interlineations that are not part of the Exclusive Supply Agreement.  Beyond Meat refers to the Exclusive Supply Agreement for the contents thereof.  Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 and on that basis, denies each and every allegation contained in footnote 1.  Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 8.

9.     Beyond Meat admits that by early 2016, DLF and Beyond Meat had discussions about quality-related concerns expressed by DLF, as well as quality-related concerns expressed by Beyond Meat related to DLF. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 9.

10.     Beyond Meat admits that its CEO Ethan Brown had discussions with DLF personnel about quality-related concerns expressed by DLF, as well as quality-related concerns expressed by Beyond Meat related to DLF, and discussions about their resolution, at various points in time during Beyond Meat's

3

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 19 of 38

business relationship with DLF. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 10.

11.    Beyond Meat avers that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 — including without limitation because they are vague and ambiguous as to time, and the identity of the "third-party food safety consultant" and the "report" — and on that basis, Beyond Meat denies each and every allegation of Paragraph 11.

12.    Beyond Meat admits that the First Amendment to the Exclusive Supply Agreement changed Beyond Meat's business relationship with DLF, and refers to the First Amendment to the Exclusive Supply Agreement for the contents thereof.  Beyond Meat avers that it lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 — including without limitation because they are vague and ambiguous as to time, the identity of the "report," and what deletions or alterations were purportedly made to the "report" — and on that basis, Beyond Meat denies each and every allegation of Paragraph 12.

13.    Beyond Meat admits that the language quoted in Paragraph 13 appears in Section 6.13 of the Exclusive Supply Agreement, avers that Section 6.13 contains additional text that is not quoted in Paragraph 13, and refers to the Exclusive Supply Agreement for the contents thereof. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 13.

14.    Beyond Meat admits that on May 23, 2017, it delivered to DLF a notice of termination of the Exclusive Supply Agreement with DLF, pursuant to Section 3.3 of the Exclusive Supply Agreement, based on DLF's failure to cure repeated material breaches of the agreement (the "Termination Notice"), and refers to the Termination Notice for the contents thereof. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 14.

15.    Beyond Meat avers that the allegations of Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 15.

16.    Beyond Meat denies each and every allegation of Paragraph 16.

17.    Beyond Meat admits that DLF and Beyond Meat executed a Non-Disclosure Agreement ("NDA"), admits that Exhibit D to the Exclusive Supply Agreement amended the NDA, and refers to

4

EXHIBIT 13
Page 20 of 38

Exhibit D to the Exclusive Supply Agreement for the contents thereof. Beyond Meat avers that the allegations in Paragraph 17 that certain "information constitutes trade secrets protectable under applicable laws" are legal conclusions to which no response is required, but to the extent a response is required, Beyond Meat denies the allegation. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what was "not known to DLF's competitors (which include ProPortion), the general public, or other DLF customers" and what "steps" DLF "has taken," and on that basis, denies each and every allegation contained in the second and fourth sentences of Paragraph 17. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 17.

18.   Beyond Meat admits that the language quoted in Paragraph 18 appears in Section 3.3 of the NDA, as amended by Exhibit D to the Exclusive Supply Agreement, avers that Section 3.3 as amended by Exhibit D contains additional text that is not quoted in Paragraph 18, and refers to Section 3.3 as amended by Exhibit D for the contents thereof. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 18.

19.   Beyond Meat admits that the language quoted in Paragraph 19 appears in Section 14 of the NDA, as amended by Exhibit D to the Exclusive Supply Agreement, avers that Section 14 as amended by Exhibit D contains additional text that is not quoted in Paragraph 19, and refers to Section 14 as amended by Exhibit D for the contents thereof. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 19.

20.   Beyond Meat denies each and every allegation of Paragraph 20.

21.   Beyond Meat denies each and every allegation of Paragraph 21.

22.   Beyond Meat denies each and every allegation of Paragraph 22.

23.   Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what information ProPortion knows or has access to, and on that basis, denies each and every allegation contained in Paragraph 23 as it relates to ProPortion.  Beyond Meat denies each and every remaining allegation of Paragraph 23.

24.   Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation contained

5

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 21 of 38

in Paragraph 24 as they relate to ProPortion.  Beyond Meat denies each and every remaining allegation of Paragraph 24.

25.     Beyond Meat denies each and every allegation of Paragraph 25.

## FIRST CAUSE OF ACTION

### Breach of Contract

### Count One: Invalid Termination

### (Against Beyond Meat)

26.     Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 25 of the Complaint, inclusive, as though fully set forth herein.

27.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat admits that the Exclusive Supply Agreement and its amendments constituted a fully enforceable contract, supported by mutual consideration. Except as otherwise specifically admitted herein, Beyond Meat denies each and every allegation of Paragraph 27.

28.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 28.

29.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 29.

30.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 30.

### Count Two: Breach of the NDA

### (Against Beyond Meat)

31.     Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 30 of the Complaint, inclusive, as though fully set forth herein.

32.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat admits that the Exclusive Supply Agreement and its amendments constituted a fully enforceable contract, supported by mutual consideration, and that the NDA and its amendments constitute a fully enforceable contract, supported by mutual consideration. Except as otherwise specifically admitted herein, Beyond Meat denies each and every allegation of Paragraph 32.

6

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 22 of 38

33. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 33.

34. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 34.

35. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 35.

## SECOND CAUSE OF ACTION

### Declaratory Relief – Termination Rights

### (Against Beyond Meat)

36. Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 35 of the Complaint, inclusive, as though fully set forth herein.

37. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat admits that by challenging Beyond Meat's right to terminate the Exclusive Supply Agreement in this lawsuit, DLF has claimed a different interpretation of the Exclusive Supply Agreement than Beyond Meat, but avers that prior to DLF's filing of this lawsuit, DLF seemed to accept Beyond Meat's right to terminate the Exclusive Supply Agreement including without limitation by to providing Beyond Meat with access to DLF's facility to remove some of Beyond Meat's property following Beyond Meat's delivery of the Termination Notice. Except as otherwise specifically admitted herein, Beyond Meat denies each and every allegation of Paragraph 37.

38. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 38.

## THIRD CAUSE OF ACTION

### Misappropriation of Trade Secrets – C.C.P. § 3426, *et seq.*

### (Against Beyond Meat and ProPortion)

39. Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 38 of the Complaint, inclusive, as though fully set forth herein.

40. Beyond Meat denies each and every allegation of Paragraph 40.

41. Beyond Meat denies each and every allegation of Paragraph 41.

7

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 23 of 38

42. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to DLF's "long standing polic[ies]," and on that basis, denies the allegations in the second and third sentences of Paragraph 42. Beyond Meat denies each and every remaining allegation of Paragraph 42.

43. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 43.

44. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation contained in Paragraph 44, as they relate to ProPortion. Beyond Meat denies each and every remaining allegation of Paragraph 44.

45. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation contained in Paragraph 45, as they relate to ProPortion. Beyond Meat denies each and every remaining allegation of Paragraph 45.

46. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation contained in Paragraph 46, as they relate to ProPortion. Beyond Meat denies each and every remaining allegation of Paragraph 46.

47. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation contained in Paragraph 47, as they relate to ProPortion. Beyond Meat denies each and every remaining allegation of Paragraph 47.

48. This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every allegation

8

EXHIBIT 13
Page 24 of 38

contained in Paragraph 48, as they relate to ProPortion. Beyond Meat denies each and every remaining allegation of Paragraph 48.

## FOURTH CAUSE OF ACTION

### Money Owed and Due – Common Count

### (Against Beyond Meat)

49. Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 48 of the Complaint, inclusive, as though fully set forth herein.

50. Beyond Meat denies each and every allegation of Paragraph 50.

51. Beyond Meat denies each and every allegation of Paragraph 51.

52. Beyond Meat denies each and every allegation of Paragraph 52.

## FIFTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq.*

### (Against Beyond Meat and ProPortion)

53. Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 52 of the Complaint, inclusive, as though fully set forth herein.

54. This paragraph calls for legal conclusions, to which no response is required. To the extent that a response is required, Beyond Meat denies each and every allegation of Paragraph 54.

55. This paragraph calls for legal conclusions or makes requests for legal relief, to which no response is required. To the extent that a response is required, Beyond Meat denies each and every allegation of Paragraph 55.

56. This paragraph calls for legal conclusions or makes requests for legal relief, to which no response is required. To the extent that a response is required, Beyond Meat denies each and every allegation of Paragraph 56.

## SIXTH CAUSE OF ACTION

### Tortious Interference with Contract

### Count One: The Exclusive Supply Agreement

### (Against ProPortion)

9

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 25 of 38

57. This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 56 of the Complaint, inclusive, as though fully set forth herein..

58. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat admits that the Exclusive Supply Agreement was a valid existing contract between DLF and Beyond Meat. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 58.

59. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 59.

60. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 60.

61. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies that it breached the Exclusive Supply Agreement. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every remaining allegation contained in Paragraph 61.

62. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies that DLF has suffered or continues to suffer any damages. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every remaining allegation contained in Paragraph 62.

63. This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks

10

EXHIBIT 13
Page 26 of 38

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 63.

64.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 64.

### Count Two: The NDA

### (Against ProPortion)

65.    This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 64 of the Complaint, inclusive, as though fully set forth herein.

66.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat admits that the NDA is a valid existing contract between DLF and Beyond Meat. Except as otherwise specifically admitted herein, Beyond Meat denies each and every remaining allegation of Paragraph 66.

67.    This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 67.

68.    This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 68.

69.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions. To the extent a response is required, Beyond Meat denies that it breached the NDA with DLF. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every remaining allegation contained in Paragraph 69.

70.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies that DLF has suffered or continues to suffer any damages. Beyond Meat lacks knowledge or information

11

EXHIBIT 13
Page 27 of 38

sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every remaining allegation contained in Paragraph 70.

71.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 71.

72.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 72.

## SEVENTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

### (Against ProPortion)

73.     This cause of action is not asserted against Beyond Meat.  To the extent a response is required, Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 72 of the Complaint, inclusive, as though fully set forth herein.

74.     This cause of action is not asserted against Beyond Meat.  To the extent a response is required, Beyond Meat admits that DLF and Beyond Meat had a business relationship that was defined by the Exclusive Supply Agreement and the NDA.  Beyond Meat lacks knowledge or information sufficient to form a belief as to their truth of the allegation that DLF "would have derived significant future economic benefit" from the aforementioned business relationship, and on that basis, denies the allegation. Except as otherwise specifically admitted herein, Beyond Meat denies each and every allegation of Paragraph 74.

75.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required.  To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 75.

76.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies

12

EXHIBIT 13
Page 28 of 38

that DLF has suffered or continues to suffer any damages. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every remaining allegation of Paragraph 76.

77.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 77.

78.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 78.

## EIGHTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Advantage

### (Against ProPortion)

79.    This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 78 of the Complaint, inclusive, as though fully set forth herein.

80.    This cause of action is not asserted against Beyond Meat. To the extent a response is required, Beyond Meat admits that DLF and Beyond Meat had a business relationship that was defined by the Exclusive Supply Agreement and the NDA.  Beyond Meat lacks knowledge or information sufficient to form a belief as to their truth of the allegation that DLF "would have derived significant future economic benefit" from the aforementioned business relationship, and on that basis, denies the allegation. Except as otherwise specifically admitted herein, Beyond Meat denies each and every allegation of Paragraph 80.

81.    This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 81.

13

EXHIBIT 13
Page 29 of 38

82.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained in Paragraph 82.

83.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies that DLF has suffered or continues to suffer any damages. Beyond Meat lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to ProPortion, and on that basis, denies each and every remaining allegation of Paragraph 83.

84.     This cause of action is not asserted against Beyond Meat and this paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 84.

## NINTH CAUSE OF ACTION

### Fraud

### (Against Beyond Meat)

85.     Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 84 of the Complaint, inclusive, as though fully set forth herein.

86.     Beyond Meat denies each and every allegation of Paragraph 86.

87.     Beyond Meat denies each and every allegation of Paragraph 87.

88.     Beyond Meat denies each and every allegation of Paragraph 88.

89.     Beyond Meat avers that it lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 89, and on that basis, denies each and every allegation of Paragraph 89.

90.     This paragraph calls for legal conclusions, to which no response is required. To the extent a response is required, Beyond Meat denies each and every allegation of Paragraph 90.

## TENTH CAUSE OF ACTION

### Negligent Misrepresentation

### (Against Beyond Meat)

14

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 30 of 38

91.    Beyond Meat incorporates by reference each and every response to each and every allegation contained in Paragraphs 1 to 90 of the Complaint, inclusive, as though fully set forth herein.

92.    Beyond Meat denies each and every allegation of Paragraph 92.

93.    Beyond Meat denies each and every allegation of Paragraph 93.

94.    Beyond Meat denies each and every allegation of Paragraph 94.

95.    Beyond Meat avers that it lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 95, and on that basis, denies each and every allegation of Paragraph 95.

96.    Beyond Meat denies each and every allegation of Paragraph 96.

## PRAYER FOR RELIEF

Beyond Meat denies that DLF is entitled to a judgment or any other relief requested in its Prayer for Relief and "WHEREFORE" paragraph following paragraph 96 of the Second Amended Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with DLF, and expressly denying any and all alleged wrongdoing, Beyond Meat alleges the following separate and distinct affirmative and additional defenses as to the causes of action set forth in the Second Amended Complaint.  Beyond Meat does not waive any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative and additional defenses as may become available or apparent during discovery in this proceeding.  Beyond Meat reserves the right to amend its Answer and/or its affirmative and additional defenses accordingly and/or to delete any defenses that it determines are not applicable during the course of subsequent discovery in this proceeding.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Second Amended Complaint, and each purported cause of action therein, fails to allege facts sufficient to constitute a cause of action, and/or fails to state a claim upon which the relief sought by DLF, or any relief at all, can be granted.

15

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 31 of 38

**SECOND  AFFIRMATIVE DEFENSE**

**(Estoppel)**

DLF's claims are barred, in whole or in part, by the doctrine of estoppel.

**THIRD  AFFIRMATIVE DEFENSE**

**(Waiver)**

DLF's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTH  AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

DLF's claims are barred, in whole or in part, by the doctrine of unclean  hands.

**FIFTH  AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

DLF's claims are barred, in whole or in part, because DLF would be unjustly enriched if allowed to recover any portion of the damages alleged.

**SIXTH AFFIRMATIVE  DEFENSE**

**(No Proximate Cause)**

DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, such damages were not proximately caused by any purported act or omission on the part of Beyond Meat.

**SEVENTH  AFFIRMATIVE DEFENSE**

**(Self-Inflicted Damages)**

DLF's claims are barred, in whole or in part, because to the extent DLF has suffered any damages, which Beyond  Meat specifically  and expressly denies, such damages are due to DLF's own conduct.

**EIGHTH  AFFIRMATIVE DEFENSE**

**(Good Faith)**

DLF's claims are barred, in whole or in part, because Beyond Meat's conduct was, at all times material to this dispute, undertaken in good faith, for valid business purposes, and in the absence of any intent to injure DLF.

16

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 32 of 38

## NINTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, any recovery by DLF must be reduced, because of DLF's own neglect and fault in connection with the matters alleged in this dispute.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, any recovery by DLF must be set off, reduced, abated, and/or apportioned to the extent that DLF's own actions caused or contributed to the damages alleged, if any such damages are found to exist.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

To the extent DLF has suffered any damages, which Beyond Meat specifically and expressly denies, DLF is barred from receiving all or part of the purported relief sought by the SAC by reason of its failure to exercise reasonable care and diligence to avoid loss and minimize its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Knowledge, Acquiescence, and Ratification)

DLF's claims are barred, in whole or in part, by DLF's knowledge, acquiescence, and ratification of each and every act alleged in the SAC, including, for instance, DLF's implied acquiescence in Beyond Meat's termination of the parties' Exclusive Supply Agreement dated December 2, 2014 (as amended, the "Supply Agreement") upon receipt of Beyond Meat's notice of termination, as demonstrated by DLF's initial willingness to grant Beyond Meat access to its facility to retrieve some, but not all, of Beyond Meat's equipment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Trade Secrets)

DLF's claims are barred, in whole or in part, because any purported trade secrets asserted by DLF are either generally known or readily ascertainable by proper means, are "matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade," *Diodes, Inc. v. Franzen,*

17

EXHIBIT 13
Page 33 of 38

260 Cal. App. 2d 244, 253 (1968), and/or because DLF failed to take reasonable efforts to maintain the secrecy of its purported trade secrets, and/or because DLF's purported trade secrets and confidential or proprietary information derive no independent economic value from not being generally known to or ascertainable by other persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Not Adequately Pled)

DLF's claims are barred, in whole or in part, because even if DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, DLF has failed to plead them with adequate particularity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Trade Secrets Independently Developed and Owned by Beyond Meat)

DLF's claims are barred, in whole or in part, because to the extent that DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, they are owned by Beyond Meat, as Beyond Meat independently developed the purported trade secrets at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Processes At Issue Not "Confidential Information" Under Mutual Confidentiality Agreement)

DLF's claims are barred, in whole or in part, because the processes at issue do not qualify as "Confidential Information," under Section 2.2 to Exhibit A of the parties' Mutual Confidentiality Agreement. That definition excludes "information which (i) is or becomes publicly known and such public knowledge or disclosure is not the result of any act or failure to act on the part of the Recipient or its Agents, (ii) is, at the time of disclosure, already known to the Recipient, provided that the Recipient can demonstrate by written and dated material in the Recipient's possession that such information was known to and lawfully obtained by or learned by the Recipient prior to the time of disclosure, (iii) is information independently developed by the Recipient without the use of the Confidential information. or (iv) is information disclosed by a third party to the Recipient provided that such third party is not under a duty to keep such disclosed information confidential."

18

EXHIBIT 13
Page 34 of 38

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No  Damages)

DLF's claims are barred, in whole or in part, because DLF has not suffered any damages as a result of Beyond Meat's alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Causes of Action)

DLF's claims are barred, in whole or in part, because DLF's declaratory relief claim and money and owed due count are not distinct grounds for relief, as they are duplicative of count one of DLF's breach of contract claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of  Contract)

DLF's claims are barred, in whole or in part, because DLF materially breached its obligations under the parties' Supply Agreement, relieving Beyond Meat of any obligation to perform under the Supply Agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Compensate For Unsaleable Product)

DLF's claims are barred, in whole or in part, because DLF has failed to compensate Beyond Meat for the unsaleable product that DLF produced for Beyond Meat, as required by Section 1.12 of the Supply Agreement, which states: "Supplier shall be responsible for the full cost of any finished goods inventory that is not salable because such finished goods inventory fails to meet the written Product specifications set forth in Exhibit B, or is (a) rejected by Buyer or its customers due to any failure to meet written product specifications set forth in Exhibit B, (b) is in breach of the Product Warranty set forth in Section 2.1, below or (c) is withheld or recalled due to food safety or mis-marking considerations which were caused solely as the result or any actions or failure to take any actions by the Supplier."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Basis for Punitive Damages)

DLF is barred from receiving at least part of the purported relief sought by the SAC because it has failed to adequately allege any basis for the award of punitive damages against Beyond Meat, including by

19

EXHIBIT 13
Page 35 of 38

failing to allege any evil motive on the part of any individual corporate officer of Beyond Meat, and because any assessment of punitive damages would be inappropriate in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unfair Competition Claim Preempted)

DLF's claims are barred, in whole or in part, because DLF's unfair competition claim is preempted by its misappropriation claim, as the unfair competition claim rests on the same nucleus of fact as the misappropriation claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Trade Secrets Not Owned by DLF)

DLF's claims are barred, in whole or in part, because to the extent that DLF's purported trade secrets do exist, which Beyond Meat specifically and expressly denies, they are not owned by DLF.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fraud Not Specifically Pleaded)

DLF's claims should be dismissed to the extent that they are barred, in whole or in part, because DLF has failed to allege fraud with sufficient particularity.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Negligent Misrepresentation Not Specifically Pleaded)

DLF's claims should be dismissed to the extent that they are barred, in whole or in part, because DLF has failed to allege negligent misrepresentation with sufficient particularity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

DLF's sought after remedies, each of which is based on the same set of underlying facts, are inconsistent, and an affirmative election thereto is required.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Beyond Meat reserves the right to assert any and all additional defenses that may potentially become available and to supplement those defenses asserted herein as a result of information developed through discovery or otherwise.

20

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 36 of 38

## **PRAYER FOR RELIEF**

WHEREFORE, Beyond Meat prays for judgment as follows:

1.     That DLF takes nothing by reason of the Second Amended Complaint;

2.     That the Second Amended Complaint, and the causes of action alleged therein, be dismissed with prejudice;

3.     That Beyond Meat be awarded fees and costs incurred in defense of this action; and

4.     That the Court provide such other relief as it deems just and proper.


DATED:  June 19, 2019                                      Respectfully Submitted,

                                                          **COVINGTON & BURLING LLP**


                                                          By: */s/ Christopher Y.L. Yeung*
                                                                Christopher Y.L. Yeung

                                                          *Attorneys for Defendant/Cross-Complainant Beyond Meat, Inc. (f/k/a Savage River, Inc. d/b/a Beyond Meat)*

21

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS'
SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 37 of 38

## VERIFICATION

I, Ethan Brown, declare as follows:

I am CEO of Defendant/Cross-Complainant Beyond Meat, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read Defendant/Cross-Complainant Beyond Meat's Answer to Plaintiff/Cross-Defendant Don Lee Farms' Second Amended Complaint, and know its contents. I am informed and believe that the matters stated herein are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on ___June 19, 2019___, at Los Angeles, California.

Ethan Brown

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S ANSWER TO PLAINTIFF/CROSS-DEFENDANT DON LEE FARMS' SECOND AMENDED COMPLAINT

EXHIBIT 13
Page 38 of 38