# EXHIBIT 4

MITCHELL A. KAMIN (Bar No. 202788)
NEEMA T. SAHNI (Bar No. 274240)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: mkamin@cov.com
Email: nsahni@cov.com

CHRISTOPHER Y.L. YEUNG (*pro hac vice*)
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email: cyeung@cov.com

*Attorneys for Defendant/Cross-Complainant Beyond Meat, Inc.*
*(f/k/a Savage River, Inc. d/b/a Beyond Meat)*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC. (f/k/a SAVAGE RIVER, INC. d/b/a BEYOND MEAT), and PROPORTION FOODS, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. <br> ———————————————————— <br><br> AND RELATED CROSS ACTIONS | Civil Case No.:  BC662838 <br><br> **DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF DON LEE FARMS' OPPOSITION TO PROPORTION FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION** <br><br> *[Filed concurrently with Declaration of Neema T. Sahni]* <br><br> Date: May 17, 2019 <br> Time: 8:30 AM <br> Dept.: 55 <br> Assigned to Hon. Malcom H. Mackey <br> Complaint Filed: May 25, 2017 <br> Trial Date: May 18, 2020 |

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S STATEMENT IN RESPONSE TO
PLAINTIFF DON LEE FARMS' OPPOSITION TO PROPORTION FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR SUMMARY ADJUDICATION

EXHIBIT 4
Page 1 of 4

**STATEMENT IN RESPONSE**

Defendant/Cross-Complainant Beyond Meat, Inc. (f/k/a Savage River, Inc. d/b/a Beyond Meat) ("Beyond Meat") respectfully submits this Statement in Response to Plaintiff Don Lee Farms' ("DLF") Opposition to ProPortion Foods, LLC's Motion for Summary Judgment or, in the Alternative, for Summary Adjudication.

## I.    INTRODUCTION

On May 23, 2017, following a string of discoveries of foreign objects and other contaminants — including *Salmonella* — in DLF's facilities and DLF-manufactured products, Beyond Meat terminated its Supply Agreement with DLF.  Rather than part ways amicably, DLF launched a retaliatory litigation campaign aimed at disrupting Beyond Meat's business — first by filing this meritless lawsuit, then by dragging ProPortion into this action based on nothing more than "information and belief," and more recently, by flouting the Court's Protective Order and apparently disclosing at least one document designated as "Confidential" to the press for a news article published the day after Beyond Meat's IPO.

DLF's opposition to ProPortion's motion for summary judgment makes clear that DLF's lawsuit is based entirely on mischaracterization.  For example, as detailed below, by omitting the document's cover email, DLF conceals the fact that DLF's self-described "most damning" evidence of trade secret misappropriation **is, in reality, evidence that *Beyond Meat sent to DLF* the purported trade secrets at issue**, and not the other way around.  DLF's tactics cannot be condoned.

## II.    DLF RECEIVED THE "BEYOND BURGER BATCH MAKING PROTOCOL" FROM BEYOND MEAT.

At the core of DLF's summary judgment opposition is the so-called "Beyond Burger Batch Making Protocol," which DLF claims contains its trade secrets. Opp'n at 8.  According to DLF, the presence of a similar document in ProPortion's files is the "most damning" evidence of misappropriation. *Id.* at 10–13.  But DLF's own documents show that rather than developing the protocol by itself over "several months" as DLF claims (*id*. at 4, 8, 9, 18), DLF actually received the protocol attached to an email sent by Beyond Meat.

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S STATEMENT IN RESPONSE TO
PLAINTIFF DON LEE FARMS' OPPOSITION TO PROPORTION FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR SUMMARY ADJUDICATION

EXHIBIT 4
Page 2 of 4

Specifically, the Beyond Burger Batch Making Protocol that DLF claims documents its trade secrets is actually an attachment to a cover email that a then-Beyond Meat employee sent to a DLF employee, copying two other Beyond Meat employees. *See* Sahni Decl. Exs. 1 and 2 (DLF0007531 and DLF0007532).[1] There is nothing in the cover email that suggests that DLF authored the attached protocol. Instead, Beyond Meat's cover email leaves no doubt that DLF is now trying to pass off as its own a protocol that DLF received from Beyond Meat. *See id*. Ex. 1.

Viewed in light of the omitted cover email, DLF's trade secret claims are wholly meritless. There is nothing "damning" about the presence of a version of the batch protocol in ProPortion's files. Rather, the cover email shows that after sending DLF a version of the protocol in November 2016, Beyond Meat sent ProPortion a version in May 2017. That is not evidence of trade secret misappropriation by Beyond Meat or ProPortion.

DLF's suggestion that Beyond Meat conveyed DLF trade secrets by purportedly undertaking efforts to "transfer equipment from DLF to ProPortion," *see* Opp'n at 18, likewise relies on a material omission. Among other things, pursuant to Section 5 of the Supply Agreement, (1) Beyond Meat was obligated to purchase equipment for use in DLF's facility, and (2) "[a]ny and all of the Equipment reserved to Buyer" — Beyond Meat — had to "be picked up by Buyer, at its sole cost and expense, within thirty (30) days of the termination." COE0034. Beyond Meat's performance of its contractually mandated obligation to pick up the equipment that it owned from DLF's facility is not evidence of trade secret misappropriation.[2]

---

[1] The content of the document bearing Bates stamp DLF0007532 is identical to that of the document that DLF's opposition papers call the "Beyond Burger Batch Making Protocol" — a document bearing Bates stamp DLF0242511. *Compare* Sahni Decl. ¶ 3 & Ex. 2 *with* Opp'n 10–12.

[2] The documents DLF cites also do not show that Beyond Meat transferred equipment to ProPortion.

2

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S STATEMENT IN RESPONSE TO
PLAINTIFF DON LEE FARMS' OPPOSITION TO PROPORTION FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR SUMMARY ADJUDICATION

EXHIBIT 4
Page 3 of 4

DATED:  May 10, 2019

Respectfully Submitted,

**COVINGTON & BURLING LLP**

By: _____

Mitchell A. Kamin

*Attorneys for Defendant/Cross-Complainant Beyond Meat, Inc. (f/k/a Savage River, Inc. d/b/a Beyond Meat*

3

DEFENDANT/CROSS-COMPLAINANT BEYOND MEAT, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF DON LEE FARMS' OPPOSITION TO PROPORTION FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION

EXHIBIT 4
Page 4 of 4