# EXHIBIT 6

Electronically FILED by Superior Court of California, County of Los Angeles on 01/23/2020 03:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

Case 2:20-cv-00963-MWF-AFM    Document 62-7    Filed 09/15/20    Page 2 of 10    Page ID #:2695

LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *Marvin.Putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *Laura.Washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California  90067
Telephone:  +1.424.653.5500
Facsimile:  +1.424.653.5501

Attorneys for Defendant-Cross-Complainant
Beyond Meat, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DON LEE FARMS, a division of GOODMAN FOOD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., PROPORTION FOODS, LLC, and DOES 1 through 10, inclusive; <br><br> Defendants. <br><br> AND RELATED CROSS ACTIONS. | Case No.        BC662838 <br> Assigned To:   Hon. Mary H. Strobel <br> Dept.:             82 <br><br> **DEFENDANT-CROSS COMPLAINANT BEYOND MEAT, INC.'S OBJECTION TO PLAINTIFF DON LEE FARMS' PROPOSED RIGHT TO ATTACH ORDER; DECLARATION OF NIMA H. MOHEBBI IN SUPPORT** <br><br><br> Complaint Filed:   May 25, 2017 <br> Trial Date:          May 18, 2020 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER
EXHIBIT 6
Page 1 of 9

## I.    **INTRODUCTION.**

Plaintiff Don Lee Farms ("DLF") and Defendant Beyond Meat, Inc. ("Beyond Meat") appeared before this Court on January 21, 2020 in Department 82, on DLF's Motion for a *Writ* of Attachment (the "Motion").  The Court adopted its tentative ruling granting the Motion for a *writ* in the amount of $628,689 against Beyond Meat.  It then asked the parties for a draft judgment *after* they had met and conferred on the proper way to effectuate the Court's order.

Yesterday, DLF filed for this Court's entry an extraordinarily broad proposed Right to Attach Order and Order for Issuance of *Writ* of Attachment (the "RTAO").  The proposed RTAO is indefinite, vague, and ambiguous.  It fails any meaningful attempt to describe the "property to be attached" to the *writ*, as required under the California attachment statutes.  Cal. Code Civ. P. § 488.010 (RTAO must provide a "description of the property to be levied upon to satisfy the attachment").  Instead, the RTAO contains vague categories of undefined "property" purportedly in Beyond Meat's possession, including "[a]ny and all distributions, proceeds, accounts receivable, notes or loans receivable, general intangible interests, right to payment or payments, or consideration of any kind presently due or to become due to Beyond Meat from any source," "chattel paper in the name of or in favor of Beyond Meat, Inc.," the "contents of safe deposit boxes," and "negotiable documents of title," among other things.  *See* proposed RTAO, Ex. A.

This deficiency is entirely of DLF's own making.  Undersigned counsel at Latham & Watkins LLP substituted in the case on January 21 for Beyond Meat, and promptly called DLF's lawyers the very next day to attempt to confer in good faith about the formulation of the RTAO, heeding the Court's specific instructions.  Counsel for Beyond Meat offered to transfer $628,689—***the precise amount of the writ***—into an escrow account in DLF's favor to which the *writ* could attach.  DLF's lawyers noted that they would "get back" to Beyond Meat.  They did not.  Instead, hours later, they simply replied that DLF was "not interested" and then admitted that they in fact had ***already initiated*** the filing of the RTAO without notice to Beyond Meat.  When Beyond Meat's new lawyers expressed incredulity at DLF's tactics, DLF's lawyers said that Beyond Meat should just "object" and let the Court resolve it.  This unnoticed, unilateral

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER

EXHIBIT 6
Page 2 of 9

action should not be countenanced as it was contrary to the Court's specific direction, the efficient resolution of this matter, and best practices.

Indeed, the outright refusal to confer with Beyond Meat—which literally offered to place the funds at issue into an account for DLF's benefit—keenly illustrates DLF's ongoing pattern of harassment and needlessly driving up costs, *i.e.*, the very reason Beyond Meat had argued as to why the Motion was not brought for a proper purpose.

The Court should reject the proposed RTAO and require the parties to properly confer about the appropriate mechanism through which to effectuate the *writ* of attachment.[1]

## II. ARGUMENT.

### A. The Proposed RTAO Fails To Describe The "Property To Be Attached" As Required.

Through Section 3(d) of the proposed RTAO, DLF proposes that the Court enter a "transfer" to a "levying officer" property "in defendant's possession." "Exhibit A" purportedly lists the specific property at issue. In actuality, it does no such thing. Rather, Exhibit A contains a laundry list of unidentifiable potential intangibles, funds, and instruments that makes no attempt to reflect Beyond Meat's actual possessions.

Yet, by statute, a party who prevails on a *writ* of attachment must provide a "***description of the property*** to be levied upon to satisfy the attachment." Cal. Code Civ. P. § 487.010(a) (emphasis added). Exhibit A does not do this. Instead, it is nothing more than an amorphous demand for hypothetical property, effectively inviting the Court to enter a hopelessly vague and constitutionally unenforceable order. Such an inchoate demand is wholly improper under the attachment statutes, which, as this Court specifically found, are "subject to strict construction." *Epstein v. Abrams*, 57 Cal. App. 4th 1159, 1168 (1997). The Court should thus reject the

---

[1] To be clear, Beyond Meat disputes the substance of the Court's order. The Court denied Beyond Meat's request to submit admissible evidence in support of its objection to the *writ*. That evidence—in addition to the materials provided—undermines the merits of any pretrial *writ* motion. That said, Beyond Meat is not hereby re-litigating the issue. Rather, it merely seeks to avoid further unnecessary motion practice. Were the Court to accept the proposed RTAO, Beyond Meat would need promptly to move to set the RTAO aside, quash the *writ*, and release any levied property under section 485.240 of the Code of Civil Procedure. Obviously, with Beyond Meat offering to put aside the funds at issue, such additional motion practice would be wholly unnecessary and a further waste of time and resources.

3

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER
EXHIBIT 6
Page 3 of 9

proposed RTAO due to DLF's complete failure to describe whatever property it actually seeks to attach.

**B.     DLF Failed To Meet And Confer In Good Faith About The RTAO.**

DLF's deficient RTAO filing was completely unnecessary.  After the hearing on January 21, undersigned counsel at Latham substituted in as counsel of record for Beyond Meat and promptly reached out, in good faith, to meet and confer with DLF's counsel about the proper way to effectuate the Court's order on the *writ*.  (Mohebbi Decl. ¶ 2.)

Specifically, counsel for Beyond Meat called DLF's counsel (associate Lisa Rubin), expressed concern with the overbreadth of Exhibit A to the RTAO, and said that Beyond Meat would, as a starting point, consider placing $628,689—*i.e.*, the amount of the *writ* attachment the Court identified—in an escrow account for DLF's benefit and convenience.  (*Id.* ¶¶ 2-3.)  In response, Ms. Rubin stated that she would confer with Daniel Platt, the lead partner on the matter at Loeb & Loeb LLP, and "get back" regarding Beyond Meat's proposal.  (*Id.* ¶ 3.)  A few hours later, Ms. Rubin conveyed that Mr. Platt "wasn't interested in an escrow" and DLF had thus gone ahead and initiated the filing process for the RTAO.  (*Id.* ¶ 4.)  She suggested that Beyond Meat should simply object to the RTAO as framed, shifting the burden of resolving the dispute to the Court.  (*Id.*)

DLF's obstinate denial of Beyond Meat's offer of ***the very property DLF seeks to attach*** betrays the real motive behind the RTAO:  to harass and make things needlessly difficult and costly for Beyond Meat at every step.  By instructing Beyond Meat to object to the Proposed Order—rather than simply accepting the very property which the Order seeks to attach *or* attempting to further discuss the issue with Beyond Meat—DLF demonstrated that it clearly seeks the attachment "for a purpose other than the recovery on the claim upon which the attachment is based."  Cal. Code. Civ. P. § 484.090.  Beyond Meat offered the money; DLF refused to take it.

As such, to enter the impermissibly broad RTAO will only invite further litigation and motion practice.  To avoid this needless delay, the Court should reject the RTAO.  Beyond Meat

4

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER

EXHIBIT 6
Page 4 of 9

remains willing and able to meet and confer with DLF to discuss a method of effecting the Court's order on the Motion.

## III.    CONCLUSION.

For the reasons above, DLF's proposed RTAO should be rejected.  Instead, the Court should require the parties to meet and confer to come up with a sensible, substantive, non-harassing mechanism to satisfy the Court's order, as Beyond Meat attempted yesterday.

Dated:  January 23, 2020                     Respectfully submitted,

                                             LATHAM & WATKINS LLP
                                                Marvin S. Putnam
                                                Laura R. Washington


                                             By /s/ Marvin S. Putnam
                                                Marvin S. Putnam
                                             Attorneys for Defendant-Cross-Complainant
                                             Beyond Meat, Inc.

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER
EXHIBIT 6
Page 5 of 9

## **DECLARATION OF NIMA H. MOHEBBI**

I, Nima H. Mohebbi, declare as follows:

1.     I am an attorney duly licensed to practice before this Court.  I am an associate at the law firm of Latham & Watkins LLP, and counsel for Defendant-Cross-Complainant Beyond Meat, Inc. ("Beyond Meat").  I have personal knowledge of the facts stated in this declaration, and if called to testify as a witness, would and could competently do so.

2.     On January 22, 2020, at approximately 11:30 a.m., I called Lisa Rubin of Loeb & Loeb LLP, counsel for Plaintiff Don Lee Farms ("DLF"), to introduce myself as part of Beyond Meat's new counsel team.  Ms. Rubin and I also discussed DLF's proposed Right to Attach Order and Order for Issuance of *Writ* of Attachment ("RTAO") which DLF prepared after the January 21, 2020 hearing on its Motion for a *Writ* of Attachment (the "Motion").  We also specifically discussed the items of "property" listed by DLF on "Exhibit A" to the proposed RTAO.

3.     I conveyed my concern with the descriptions of the categories in Exhibit A because those categories did not refer to any identifiable or specific "property" and were vague. I communicated to Ms. Rubin a suggestion that Beyond Meat would possibly be willing to place the funds ordered by the Court to be attached by *writ* (an amount of $628,689) in an escrow account for DLF's benefit.  Ms. Rubin replied that she would evaluate this suggestion with Daniel Platt, the lead partner for DLF at Loeb, and "get back" to me.

4.     I had a further follow-up call with Ms. Rubin a few hours later on January 22, 2020.  On that call, Ms. Rubin said in substance that Mr. Platt "wasn't interested in an escrow" and Beyond Meat should just "object" to the proposed RTAO.  She also conveyed that DLF had already moved to file the proposed RTAO before the Court.  Ms. Rubin then served Latham with an as-filed version of the proposed RTAO.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER
EXHIBIT 6
Page 6 of 9

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 23, 2020, at Los Angeles, California.

_____
Nima H. Mohebbi

7

DEFENDANT BEYOND MEAT, INC.'S OBJECTION
TO DLF'S PROPOSED RIGHT TO ATTACH ORDER
EXHIBIT 6
Page 7 of 9

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 10250 Constellation Blvd., Suite 1100, Los Angeles, CA  90067. My email address is Aimee.Mandel@lw.com.

On **January 23, 2020**, I served the following document described as:

**DEFENDANT-CROSS COMPLAINANT BEYOND MEAT, INC.'S OBJECTION TO PLAINTIFF DON LEE FARMS' PROPOSED RIGHT TO ATTACH ORDER; DECLARATION OF NIMA H. MOHEBBI IN SUPPORT**

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.  I deposited in Latham & Watkins LLP's interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

| | |
|---|---|
| LOEB & LOEB LLP | LAPIDUS & LAPIDUS |
| Daniel A. Platt | Daniel C. Lapidus |
| Robert J. Catalano | Jim D. Bauch |
| Safia Gray Hussain | 177 South Beverly Drive |
| 10100 Santa Monica Blvd., Suite 2200 | Beverly Hills, CA 90212 |
| Los Angeles, CA 90067 | |
| | *Attorneys for Defendant and Cross-Complainant* |
| *Attorneys for Plaintiff and Cross-Defendant* | ProPortion Foods, LLC |
| DON LEE FARMS, a division of | |
| GOODMAN FOOD PRODUCTS, INC. | |

### BY ELECTRONIC MAIL

The above-described document was transmitted via electronic mail to the following party on January 23, 2020:

LOEB & LOEB LLP
Daniel A. Platt
dplatt@loeb.com
Robert J. Catalano
rcatalano@loeb.com
Safia Gray Hussain
sghussain@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067

*Attorneys for Plaintiff and Cross-Defendant*
DON LEE FARMS, a division of
GOODMAN FOOD PRODUCTS, INC.

8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

The party on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 23, 2020**, at Los Angeles, California.

_____
Aimee Mandel

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

9

PROOF OF SERVICE

EXHIBIT 6
Page 9 of 9