**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
E-mail: *jfarar@kaplanfox.com*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Stephanie M. Beige (*pro hac vice*)
Peter J. Harrington (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  *bernstein@bernlieb.com*
         *beige@bernlieb.com*
         *pharrington@bernlieb.com*

[Additional Counsel Appear on Signature Page]

*Counsel for Lead Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., ETHAN BROWN, and MARK J. NELSON,<br><br>Defendants. | Case No. 2:20-cv-00963-MWF<br><br>CLASS ACTION<br><br>(1) NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND IN OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE;<br><br>and<br><br>(2) [PROPOSED] ORDER (lodged under separated cover).<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Date:     October 5, 2020<br>Time:     10:00 a.m. |

Case No. 2:20-cv-00963-MWF

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

## NOTICE OF MOTION AND MOTION TO STRIKE

**PLEASE TAKE NOTICE** that on October 5, 2020 at 10:00 a.m., or at the nearest available date at which counsel may be heard, in Courtroom 5A of the above-referenced Court located at 350 West First Street, Los Angeles, CA 90012, Lead Plaintiff Block Investments Corporation and named plaintiffs Jie Ling Guo and Neeraj Tulsian (collectively, "Plaintiffs") will, and hereby do, present for hearing by the Court this Motion to Strike Portions of Defendants' Reply in Support of Motion to Dismiss Amended Complaint for Violation of the Federal Securities Laws and in Opposition to Defendants' Requests for Judicial Notice.

This Motion seeks the Court's order to strike portions of pages 23 through 25 of Defendants' Reply pursuant to pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule") and opposes the Court taking judicial notice of Exhibits 2 through 5 to Defendants' Request for Judicial Notice offered in support thereof. Plaintiffs' Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, and any other evidence or argument that may be presented at the hearing on this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 22, 2020.

Respectfully submitted,

DATED: September 24, 2020        **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Justin B. Farar*
          Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
Email: *jfarar@kaplanfox.com*

- 1 -                              Case No. 2:20-cv-00963-MWF
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Lead Plaintiff Block Investments Corporation and named plaintiffs Jie Ling Guo and Neeraj Tulsian submit this memorandum of points and authorities in opposition to Defendants' Request for Judicial Notice in Support of Defendants' Reply in Support of Motion to Dismiss Amended Complaint (ECF No. 63) (the "RJN") and in support of their motion to strike the factual assertions in  Defendants' Reply in Support of Motion to Dismiss Amended Class Action Complaint (the "Reply") (ECF No. 62) that are drawn from the extraneous exhibits proffered for the truth of their contents.

### **INTRODUCTION**

Defendants improperly request judicial notice to introduce their version of the facts through documents filed in the DLF Litigation that are neither cited in the First Amended Complaint (ECF No. 54) (the "FAC") nor "necessarily relied" on by Plaintiffs for the claims asserted in the FAC.[1]  Accordingly, Plaintiffs oppose Defendants' request for judicial notice with respect to Exhibits 2 through 5 of the RJN and, under Rule 12(f), move to strike the "factual" assertions drawn from these documents proffered in Defendants' Reply.  Defendants' use of Exhibits 2 through 5 to improperly proffer their own rendition of the facts to contradict allegations in the FAC is inappropriate at this stage of the litigation where all of Plaintiffs' allegations must be accepted as true.  While the Court may consider contrary inferences arising from the FAC's allegations in determining whether the FAC's allegations are plausible, it need not look outside the four corners of the FAC to do so.  Accordingly, Defendants' request for judicial notice should be denied with respect to Exhibits 2 through 5 and the Court should strike all impermissible statements and inferences derived from the exhibits.

---

[1] The "DFL Litigation" refers to the state court action entitled *Don Lee Farms v. Beyond Meat, Inc., et al.*, Case No. BC662838 (Los Angeles Super. Ct.).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

In the alternative, if the Court considers the extrinsic information offered by Defendants, Plaintiffs should be entitled to discovery.  Indeed, the majority of the evidence underlying the DLF Litigation is not publicly accessible because Defendants have designated it as confidential or highly confidential.  Defendants should not be permitted to inject their version of the facts by requesting judicial notice of their own self-serving documents in the DLF Litigation while denying Plaintiffs an opportunity to conduct discovery regarding other relevant, non-public facts.  In fact, Rule 12(b) is unequivocal on this point.  *See* Fed. R. Civ. P. 12(b) (the court "shall" convert the motion to dismiss to a motion for summary judgment and give the parties a reasonable opportunity to conduct discovery).

## ARGUMENT

## I.    Legal Standard Applicable to Request for Judicial Notice

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2011) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).  There are two limited exceptions to this rule.  A court may consider facts that are (1) judicially noticeable (*i.e.*, "matters of public record" that are not subject to reasonable dispute); or (2) incorporated into the complaint by reference (*i.e.*, facts submitted with or referenced by the complaint when their authenticity is not questioned and the complaint "necessarily relies" on them).  *Id.* at 688; Fed. R. Evid. 201; *see also In re Immune Response Secs. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 1995) (noting that judicial notice of a document that is not attached to a complaint but is necessarily relied on by the plaintiff is "a narrow exception…. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.") (*citing Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).  Further, if a court takes judicial notice of documents not attached to the complaint, it should do so only for the limited purpose of

recognizing the existence of those documents, not for the truth of the matters asserted therein. *See Lee*, 250 F.3d at 689; *see also Natural Res. Def. Council v. Kempthorne*, No. 1:05-CV-01207-OWW-GSA, 2009 WL 1119017, at *2 (E.D. Cal. Apr. 27, 2009) (parties "may not use judicial notice to admit documents into evidence for the truth of the matters asserted….").

## II. Defendants' Request for Judicial Notice Should Be Denied Because Defendants Improperly Use Exhibits 2–5 to Draw Adverse Inferences and Raise Factual Disputes

Courts may judicially notice "undisputed matters of public record," but not "disputed facts stated in public records." *Lee*, 250 F.3d at 690; *see also In re Immune Response*, 375 F. Supp. 2d at 995 ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'") (quoting *Lee*, 250 F.3d at 689-90). In deciding a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Thus, if a court takes judicial notice of a document, "it may do so 'not for the truth of the facts recited therein, but for the existence of the [document], which is not subject to reasonable dispute over its authenticity." *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 150 (C.D. Cal. 2007).

Despite these clear limitations, Exhibits 2 through 5 are simply extraneous evidence proffered to support Defendants' self-serving version of events and are improperly cited for the truth of the matters asserted therein. Judicial notice of disputed facts or the truth of the contents of documents is not permitted at this stage of the pleadings. *See Lee*, 250 F.3d at 688 (reversing lower court that "assumed the existence of facts [] favor[ing] defendants based on evidence outside [the] pleadings, took judicial notice of the truth of disputed factual matters, and did not construe [] allegations" in plaintiffs' favor); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (taking judicial notice of the truth of the

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

documents' contents "would be inappropriate in the context of a motion to dismiss"); *In re Immune Response*, 375 F. Supp. 2d at 995 (denying request for judicial notice, holding that "consideration of the exhibits encourages a weighing of factual disputes; a process that is improper on a motion to dismiss").  Indeed, "[c]ourts should not use judicial notice to generate an evidentiary record and then weigh evidence . . . to dismiss [a] complaint." *In re Network Equip. Techs., Inc. Sec. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

That is exactly what Defendants seek to do here.  Plaintiffs allege that Defendants failed to disclose material facts to investors (facts obtained from Defendants' own emails and testimony of a former Beyond Meat employee) when they chose to speak about the DLF Litigation—misleading investors by creating an impression that the litigation was essentially baseless when Defendants knew of facts that showed DLF's claims had merit.  *See* Plaintiffs' Opposition (ECF No. 59) at 1-2; 7-11.  In response, Defendants proffer their own self-serving filings in the DLF Litigation to prove the truth of their argument that, contrary to Plaintiffs' allegations, the facts alleged in the FAC do not establish falsity.  *See* Reply at 23-25.  Specifically:

**Exhibit 2:**  Exhibit 2 to the RJN is Beyond Meat's Amended Cross Complaint in the DLF Litigation (mistakenly referred to in the Reply as DLF's Amended Complaint (*see* Reply at 23)), which was filed *after* the FAC.[2]  *See* Casey Reply Decl., at 2.  Defendants attempt to rebut Plaintiffs' allegation that Defendants believed the minimums required under the ESA were excessive (*see* FAC ¶ 83) by referring to Exhibit 2 (Beyond Meat's own allegations) to raise a factual dispute as to the true reason for Beyond Meat's dissatisfaction with DLF, stating: "*Beyond*

_____

[2] *See* FAC, filed July 1, 2020 (ECF No. 54); Declaration of B. John Casey in Support of Defendants' Reply (ECF No. 62-1) at 2 (stating Exhibit 2 was filed on August 11, 2020).  Beyond Meat's initial Cross-Complaint was cited in the FAC.  *See* FAC ¶¶ 85, 92.

*Meat was frustrated not by the existence of minimum purchase requirements, but by the growing clarity that DLF was simply not 'the right food service solution' and DLF's misrepresentations regarding its ability to handle the Company's production requirements.*"  *See* Reply at 23.

**Exhibit 3:**  Exhibit 3 to the RJN is Beyond Meat's Notice of Motion for Sanctions in the DLF Litigation, which was also filed after the FAC,[3] was not cited to or "necessarily relied" on by Plaintiff's in the FAC, and is only being offered to contradict facts alleged in the FAC.  *See* Casey Reply Decl., at 2.  In an attempt to discredit Plaintiffs' allegation that pursuant to the ESA, Beyond Meat could not disclose confidential information to CLW without prior consent from DLF (*see* FAC ¶ 53), Defendants use Exhibit 3 to insert factual disputes concerning which party breached the NDA and which party created the batch making protocol for the Beyond Burger:  "*The NDA was mutual, and Beyond Meat contends that DLF was the only party to violate its terms:  by misappropriating Beyond Meat's trade secrets and disclosing a confidential Beyond Meat document to Bloomberg News three days before Beyond Meat's IPO in an effort to undermine the Company's IPO . . . [T]he evidence, moreover, plainly shows that the 'Beyond Burger Batchmaking Protocol' is Beyond Meat confidential information that Beyond Meat provided to DLF that DLF is now attempting to pass off as its own.*"  Reply at 24.

**Exhibits 4 and 5:**  Exhibits 4 and 5 are Beyond Meat's Statement in Response to Plaintiff Don Lee Farm's Opposition to ProPortion Foods LLP's Motion for Summary Judgment and the accompanying Declaration in Support of the Statement.  *See* Casey Reply Decl., at 2.  Defendants use Exhibits 4 and 5 solely to contradict Plaintiffs' allegation that the DLF's Batch Making Protocol for the Beyond Burger was found through discovery in the files of ProPortion (CLW's alter ego).  *See* FAC

---

[3] *See* FAC, filed July 1, 2020 (ECF No. 54); Declaration of B. John Casey in Support of Defendants' Reply (ECF No. 62-1) at 2 (stating Exhibit 3 was filed on August 20, 2020).

¶ 89.  Specifically, Defendants point to their briefing in the DLF Litigation to insert a factual dispute over whether DLF or Beyond Meat created the Batch Making Protocol for the Beyond Burger:  "*Instead the facts show that Beyond actually sent DLF the so-called 'Beyond Batch Making Protocol' that was located in ProPortion's files and DLF is now attempting to fraudulently pass of as its own.*"  Reply at 25.

Defendants improperly seek to use Exhibits 2 through 5 to contradict the FAC's allegations by offering them for the truth of the matters asserted therein.  It is impermissible to submit facts outside the pleadings in an effort to create a "more plausible" factual scenario Defendants would like the Court to credit over the FAC's allegations. As the Ninth Circuit recognized in *Lee*, 250 F.3d at 688, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."  Consideration of Exhibits 2 through 5 as evidence that Defendants' statements were not misleading would involve the resolution of factual issues not properly addressed on a motion to dismiss.  *See In re Immune Response*, 375 F. Supp. 2d at 995 (denying request for judicial notice where the defendants attempted to offer documents as evidence that they were not liable for securities fraud: "considering these documents as part of the pleadings at this stage would expand the 'narrow exception' and eliminate the distinction between a motion for summary judgement and a motion to dismiss.") (citation omitted).

Accordingly, Defendants' request for judicial notice should be denied with respect to Exhibits 2 through 5 and the Court should strike all impermissible statements and inferences derived from these exhibits.[4]

---

[4] For the Court's convenience, attached as Exhibit A is a redline setting forth the portions of the Reply that Plaintiffs propose be stricken.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Request for Judicial Notice with respect to Exhibits 2 through 5. Plaintiffs also respectfully request that the Court strike all instances in the Reply where Defendants offer Exhibits 2 through 5 for the truth of the matters asserted. In the alternative, should the Court take judicial notice of these documents, Plaintiffs request that the Court treat Defendants' motion to dismiss as one for summary judgment and allow Plaintiffs to conduct discovery.

Respectfully submitted,

DATED: September 24, 2020            **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Justin B. Farar*
         Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310.614.7260
Facsimile: 310.575.8697
Email: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: *lking@kaplanfox.com*
          *mchoi@kaplanfox.com*

*Liaison Counsel for Plaintiffs and the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Stephanie M. Beige (*pro hac vice*)
Peter J. Harrington (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  *bernstein@bernlieb.com*
             *beige@bernlieb.com*

- 7 -                                           Case No. 2:20-cv-00963-MWF
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

*pharrington@bernlieb.com*

*Lead Counsel for Plaintiffs and the Proposed Class*

Case No. 2:20-cv-00963-MWF

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on September 24, 2020, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 24, 2020.

/s/ *Justin B. Farar*
Justin B. Farar

- 9 -    Case No. 2:20-cv-00963-MWF
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE