SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
jspertus@spertuslaw.com
Christa L. Culver Wasserman (SBN 289128)
cwasserman@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, CA  90017
Telephone:  (213) 205-6520
Facsimile:  (213) 205-6521

STOEL RIVES LLP
B. John Casey (admitted *pro hac vice*)
john.casey@stoel.com
Brad Daniels (admitted *pro hac vice*)
brad.daniels@stoel.com
Samantha Sondag (admitted *pro hac vice*)
samantha.sondag@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 294-9170
Facsimile:  (503) 220-2480

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARRY TRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-00963-MWF <br><br> **DEFENDANTS' RESPONSE TO MOTION TO STRIKE** <br><br> Judge: Hon. Michael W. Fitzgerald <br> Courtroom: 5A <br> Date:  TBD <br> Time: TBD |

Defendants Beyond Meat, Inc. ("Beyond Meat"), Ethan Brown, and Mark J. Nelson (together, "Defendants") submit this combined response to Plaintiffs' brief, ECF No. 64 (the "RJN Response"), which Plaintiffs style as (i) a "Motion to Strike Portions of Defendants' Reply" and (ii) an "Opposition to Defendants' Requests for Judicial Notice."

## I.     INTRODUCTION

Plaintiffs allege that Beyond Meat's opinion statements about its litigation with Don Lee Farms ("DLF") were false based exclusively on DLF's still-unproven allegations in that case.  DLF's allegations are not "facts," and they do not render false any statement by Beyond Meat.

While Plaintiffs cherry pick DLF's allegations from the DLF/Beyond Meat litigation docket, they ignore other materials from that same docket that indisputably show that: (a) the DLF litigation is still pending, (b) the Los Angeles Superior Court has not made a dispositive ruling on *any* issue in the case, (c) DLF's allegations—including the ones on which Plaintiffs rely—remain hotly disputed, and (d) Beyond Meat is asserting very different allegations than DLF—specifically, that *it was DLF* that breached the parties' contract and that *it was DLF* that misappropriated Beyond Meat's trade secrets.

Plaintiffs' RJN Response takes issue with four exhibits Defendants attached to their request for judicial notice filed with their reply brief (the "Reply RJN")—all of which are publicly available filings from the DLF/Beyond Meat litigation docket—and they seek to "strike" these exhibits and certain portions of Defendants' reply that refer to them.  Plaintiffs argue that Defendants have included these documents "for the truth of the matters asserted therein," which they argue is improper in connection with a motion to dismiss.

Plaintiffs' RJN Response should be denied.

*First*, the Court should deny Plaintiffs' "motion to strike" because Federal Rule of Civil Procedure ("FRCP") 12(f) may not be used to "strike" a reply brief

or any portions thereof.  *Second*, Defendants have not included these documents "for the truth of the matters asserted therein."  To the contrary, Defendants submit these documents for the point—uncontradicted by Plaintiffs—that *no* facts have yet been established as "true" in the DLF Litigation, much less the facts that Plaintiffs here allege were "omitted" by Defendants.  Accordingly, the challenged exhibits are properly considered under the judicial notice doctrine set forth in Federal Rule of Evidence ("FRE") 201.  *Third*, because the First Amended Complaint ("FAC") is based almost entirely on filings in the DLF/Beyond Meat litigation docket, materials in that docket—even if not expressly cited by Plaintiffs—may be considered under the incorporation by reference doctrine.

## II.    ARGUMENT

### A.    Defendants' Reply Is Not Subject To A Motion To Strike.

Plaintiffs seek to "strike" under FRCP 12(f) "factual assertions drawn from [Exhibits 2-5] proffered in Defendants' Reply."  (Mot. at 1.)  FRCP 12(f) is clear: a court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) "Motions to strike are generally regarded with disfavor because of the limited importance of *pleading* in federal practice, and because they are often used as a delaying tactic."  *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (emphasis added).[1]

---

[1] Even when properly asserted, FRCP 12(f) imposes a heavy burden.  "[S]uch motions should be denied unless the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit." *Rivers v. Cty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006) (emphasis in original) (citing Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (1990)).  Plaintiffs have not met this burden.

An FRCP 12(b)(6) motion and a reply in further support thereof are not "pleadings," and FRCP 12(f) provides no grounds to strike any portion of Defendants' motion or reply.  *See* FRCP 12(b)(6); FRCP 12(f). Plaintiffs' RJN Response therefore should be construed strictly as a brief in opposition to Defendants' Reply RJN—and specifically Exhibits 2-5 thereof—submitted with their reply.

### B.  The Challenged Exhibits May Be Considered In Deciding the Motion to Dismiss.

"A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court "must consider the complaint in its entirety, as well as other sources . . .  in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Plaintiffs filed a securities class action that turns exclusively on selective materials from the public docket in the DLF/Beyond Meat litigation.  Plaintiffs have mischaracterized DLF's allegations in that case as established facts.  They cannot now hide from other documents in the same public docket that demonstrate that those allegations are, in fact, disputed and unresolved, and therefore provide no basis from which to allege falsity.

### 1.  The Exhibits Are Properly Considered Under FRE 201(b).

"Materials from a proceeding in another tribunal are appropriate for judicial notice."  *Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th Cir. 2003) (overruled on other grounds).  Indeed, "[c]ourts routinely take judicial notice of publicly available records . . . from other court proceedings."  *Foster Poultry*

DEFENDANTS' RESPONSE TO MOTION TO STRIKE                    -4-                    Case No. 2:20-cv-00963

*Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of "documents on file in federal or state courts"); *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking notice of "the court dockets in the state court proceedings"); *In re Facebook, Inc. Secs. Litig.*, No. 5:18-cv-01725-EJD, 2020 WL 4569443, at *17 (N.D. Cal. Aug. 7, 2020) ("Exhibits 14-16 are court filings. Judicial notice is appropriate because these exhibits are matters of public record not subject to reasonable dispute."); *Dacumos v. Toyota Motor Credit Corp.*, 287 F. Supp. 3d 1152, 1154–55 (W.D. Wash. 2017) (taking judicial notice of 21 filings from state court case).

Plaintiffs' argument that the Superior Court filings are improperly noticed turns on their misconception that Defendants submit them for *the truth* of their contents. Not so. Defendants submitted Exhibits 2-5, like they submitted the other Superior Court filings, to demonstrate that *no* facts have yet been established as "true" in the DLF Litigation, much less the facts that Plaintiffs here allege were "omitted" by Defendants. Notwithstanding Plaintiffs' repeated conclusions in their Complaint, the factual allegations in the DLF litigation are still very much in dispute. Beyond Meat, in fact, has asserted detailed cross claims *against DLF* for breach of contract and misappropriation of Beyond Meat's trade secrets. The Superior Court has yet to issue a dispositive ruling on any issue in the case. The disputed allegations of the parties are themselves "undisputed matters of public record" subject to judicial notice. (RJN Response at 3 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 150 (C.D. Cal. 2007)).)

The Western District of Washington recently addressed this issue. In *Dacumos*, the plaintiffs alleged that defendants had violated the Fair Credit Reporting Act by failing to update plaintiffs' credit reports to reflect their "successful[] defen[se]" of an action for default filed in King County Superior

DEFENDANTS' RESPONSE TO MOTION TO STRIKE        -5-        Case No. 2:20-cv-00963

Court.  Plaintiffs argued that the 21 records from the King County case that defendants submitted in a motion for judgment on the pleadings were improperly "curated"—much as Plaintiffs here assert that Exhibits 2-5 are "self-serving" (RJN Response at 2)—and that the motion should be converted to one for summary judgment.  The court disagreed, taking judicial notice of the documents because they were "matters of public record, having been filed in the King County Superior Court, and because several of those exhibits ha[d] been incorporated by reference in the Complaint."  287 F. Supp. 3d at 1154–55.  The court further explained:

> Plaintiff could have, but chose not to, submit additional records from the same proceedings to fill in whatever gaps she believed were necessary to present to the Court. The Court could have taken judicial notice of those documents for the same reasons [that it took judicial notice of the records presented by defendants]. Finally, the Court is aware of the standards applicable to the consideration of the records, and does not rely on the documents for the truth of the matters set forth therein.

*Id.* at 1155.  Here, as in *Dacumos,* the state court documents are not presented for their truth, but rather for the fact that they exist and present a picture directly at odds with DLF's narrative in the underlying litigation.  *See id.*

Exhibits 2-5 "can be accurately and readily determined from [a] source[] whose accuracy cannot reasonably be questioned."  FRE 201(b)(2).  They should be judicially noticed not for the truth of the factual assertions contained therein, but for the simple fact that counter-assertions and counter-arguments have been made by Beyond Meat.[2]

---

[2] All of Plaintiffs' citations are inapposite as Defendants have not submitted pleadings from the DLF/Beyond Meat litigation for the truth of the matters asserted therein.  (*See* RJN Response at 2, 4-6.)

DEFENDANTS' RESPONSE TO MOTION TO STRIKE                                     -6-                                     Case No. 2:20-cv-00963

## 2. The Exhibits Are Properly Considered Under the Incorporation By Reference Doctrine.

The incorporation by reference doctrine permits the Court to consider documents "the contents [of which] . . . are alleged in a complaint," *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), as well as those necessary to a plaintiff's allegations, even if not explicitly referenced in the complaint, *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). The incorporation by reference doctrine prevents plaintiffs from surviving a Rule 12(b)(6) motion by mischaracterizing or omitting documents upon which their claims are based. *See id.* at 706.

Exhibits 2-5 are also properly considered under the incorporation by reference doctrine. Plaintiffs' Complaint here depends *entirely* on materials from the DLF/Beyond Meat litigation docket. Indeed, by referring to the claims, allegations, rulings, and posture in the DLF Litigation more than 60 times in the FAC, and in more than 40 of the FAC's 56 footnotes, Plaintiffs have incorporated *the entire proceeding* by reference. *Compare In re Immune Response Secs. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (declining to find exhibits incorporated by reference because they were not "central to" and did not "form the basis of, Plaintiffs' claims" and because "the Complaint [did] not 'extensively' refer to any of them; nor [did] Plaintiffs' claims necessarily rely on them").

Exhibits 2-5 are relevant to the FAC's central allegation that public filings in the DLF Litigation reveal Defendants knew liability was a "near certainty" because Beyond Meat purportedly breached its contract with DLF and misappropriated DLF's trade secrets.

- Exhibit 2 (Beyond Meat's Amended Cross-Complaint): The FAC expressly discusses Beyond Meat's "cross-complaint against DLF" and its

allegations.  (FAC ¶ 92.)  The operative cross-complaint has therefore been incorporated by reference into the FAC.[3]  That Beyond Meat has asserted and continues to assert against DLF many of the same claims that DLF asserts against Beyond Meat is relevant to whether Beyond Meat's liability is a "near certainty."

- Exhibit 3 (Beyond Meat's Motion for Sanctions): The FAC discusses the mutual NDA and DLF's allegations that Beyond Meat violated it and disclosed "DLF's" trade secrets at least 13 times.[4]  (FAC ¶¶ 20, 39, 53, 57, 88, 90, 111, 117, 121, 126, 130, 135, 158.)  That Beyond Meat in fact alleges that *DLF* violated the NDA and misappropriated *Beyond Meat*'s trade secrets, as set forth in Beyond Meat's Amended Cross-Complaint and Motion for Sanctions, is important to contextualize Plaintiffs' conclusory allegation that Beyond Meat "shared DLF's trade secrets with its replacement co-manufacturers in violation of the NDA[.]"  (FAC ¶ 111; *see also id.* at ¶¶ 117, 121, 126, 130.)

- Exhibits 4 and 5 (Beyond Meat's response statement to DLF's Opposition to ProPortion Foods LLP's Motion for Summary Judgment): Plaintiffs' FAC quotes from or cites to the summary judgment briefing in the DLF Litigation—specifically, DLF's Opposition and supporting 206-page Compendium of Evidence—at least *32 times.*  (FAC ¶¶ 47, 53-57, 59-63, 65-69, 71, 73, 75-79, 81-84, 87-89, 95, 142.)  Plaintiffs selectively use this record to allege that one reason Defendants must have "kn[own] liability was a near certainty" was because "DLF discovered *its* Batch Making Protocol for the

---

[3] Plaintiffs' proposed deletion of the statement that DLF was not "the right food service solution" for Beyond Meat (*see* Dkt. 64-1) is particularly mystifying given that that is a direct quote from one of the most frequent citations in the FAC and Opposition: COE00068.  (*See* FAC ¶¶ 75, 77; Opp. at 4, 9, 11, 18, 20.)

[4] The FAC discusses the Exclusive Supply Agreement, which includes the NDA, 53 times.

Beyond Burger in the ProPortion files[.]" (*See* FAC ¶¶ 7, 61, 89 (emphasis added).) Exhibits 4 and 5 correct Plaintiffs' mischaracterization of the record by showing that this allegation is very much disputed; Beyond Meat maintains that the Protocol is *its* intellectual property, *which Beyond Meat provided to DLF* as part of their relationship.

### C.    The Motion To Dismiss Should Not Be Converted To A Motion For Summary Judgment.

For the foregoing reasons, the state court filings contained in Exhibits 2-5 are subject to judicial notice and their consideration does not convert the motion to dismiss into one for summary judgment. *See, e.g., Critchlow v. Critchlow*, 617 F. App'x 664, 665–66 (9th Cir. 2015), *as amended* (July 16, 2015) (taking judicial notice of "exhibits filed in the Sonoma County Superior Court [which] . . . did not convert . . . motions to dismiss into motions for summary judgment" where court did not consider statements therein for their truth); *see also Tellabs*, 551 U.S. at 322; *Ritchie*, 342 F.3d at 908; *In re Facebook*, 2020 WL 4569443, at *16.

If the Court concludes that any of the four exhibits challenged by Plaintiffs are not subject to judicial notice, the correct resolution is to disregard them—Defendants' motion to dismiss should be granted without them—not convert the motion to one for summary judgment. *See, e.g., In re Pivotal Secs. Litig.*, No. 3:19-cv-03589-CRB, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (taking judicial notice of 20 of 21 exhibits submitted on motion to dismiss but declining to take judicial notice of document that was not incorporated by reference and not relevant to determination); *In re Immune Response*, 375 F. Supp. 2d at 996 (after concluding that documents were not subject to judicial

notice, limiting review of the motion to dismiss "to the contents of the complaint" (brackets omitted)).[5]

## III.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their Request for Judicial Notice in Support of the Reply and deny the RJN Response.

DATED:  September 28, 2020

SPERTUS, LANDES & UMHOFER, LLP


/s/        *James W.  Spertus*
James W. Spertus
Christa L. Culver Wasserman
617 West 7th Street, Suite 200
Los Angeles, CA  90017
Telephone:  (213) 205-6520
Facsimile:  (213) 205-6521
Email:     jspertus@spertuslaw.com
                cwasserman@spertuslaw.com

STOEL RIVES LLP
B. John Casey (admitted *pro hac vice*)
Brad Daniels (admitted *pro hac vice*)
Samantha Sondag (admitted *pro hac vice*)
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 294-9170
Facsimile:  (503) 220-2480
Email:     john.casey@stoel.com
                brad.daniels@stoel.com
                samantha.sondag@stoel.com

*Counsel for Defendants*

---

[5] Discovery into "non-public facts," as Plaintiffs request (RJN Response at 2), is irrelevant and inappropriate at this stage.  *See* 15 U.S.C. § 78u-4(b)(3).

DEFENDANTS' RESPONSE TO MOTION TO STRIKE

-10-

Case No. 2:20-cv-00963